**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CITY TRUST INVESTMENTS LLC, Case No.: 24-14100-LMI
Chapter 7

Debtor.
_______________________________/

**TRUSTEE'S MOTION TO (1) ENFORCE THE AUTOMATIC STAY, (2) AWARD SANCTIONS, AND (3) COMPEL TURNOVER OF ESTATE PROPERTY**

**MARCIA T. DUNN**, solely in her capacity as the duly appointed Chapter 7 Trustee ("Trustee") of the above-referenced bankruptcy estate (the "Estate"), by and through undersigned counsel, and under 11 U.S.C. §§ 105, 362, 541, and 542, files this *Motion to (1) Enforce the Automatic Stay, (2) Award Sanctions, and (3) Compel Turnover of Estate Property* (the "Motion"), and in support thereof, states as follows:

**Background**

1. On April 26, 2024 (the "Petition Date"), City Trust Investments LLC (the "Debtor" or "City Trust") commenced the bankruptcy case with the filing of a voluntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code in this Court.

2. As of the Petition Date, City Trust was the title owner of eight real properties, including the real property known as and located at 14266 SW 283rd St., Homestead, FL 33033 (the "Property").

3. The Property was the subject of a foreclosure proceeding commenced by Jefferey Mills ("Mills"), as mortgagee, under a mortgage recorded on July 22, 2022, in the Eleventh Circuit Court, Miami-Dade County, Florida, Case No. 2023-024643 CA (the "Mills Action").

4. Hector S. Serrano and Mirian Serrano (collectively, the "Serranos") filed a motion

to intervene in the Mills Action, which was granted on January 22, 2024.

5. On February 23, 2024 the Serranos filed a cross-complaint and third party complaint alleging a fraudulent scheme and to quiet title to the Property in the Mills Action.

6. Mills moved to dismiss the quiet title claim and his motion was granted with leave for the Serranos to replead. The Serranos filed an amended counterclaim and Mills answered in the Mills Action.

7. Upon the filing of a suggestion of bankruptcy on May 6, 2024, the Mills Action was stayed.

8. The initial meeting of creditors was held on May 30, 2024.

9. Lorgeleys Llaguno a/k/a Lazara Gonzalez, the daughter of Santos Gonzalez, testified at the initial meeting of creditors on behalf of the Debtor.

10. Under examination by counsel to the Serranos, Mr. Mari, Mrs. Llaguno testified, among other things, that the Debtor owns the Property and listed it on its schedules and that the Serranos had been collecting rents.

11. On June 4, 2024, the Serranos moved for relief from the automatic stay solely as relating to the Mills Action [D.E. 42].

12. On June 5, 2024, Mills moved for relief from stay to continue prosecuting the Mills Action [D.E. 44].

13. On June 13, 2024, the Debtor filed an objection to the Serranos' motion for relief from the automatic stay [D.E. 57].

14. On June 13, 2024, the Serranos commenced an adversary proceeding against the Debtor, Santos Gonzalez, and Mills, under adversary proceeding no. 24-01322-LMI, seeking a declaratory judgment and to quiet title (the "Serrano DJ Action") [D.E. 59].

15. The Debtor filed opposition to Mills' motion for relief from stay [D.E. 67].

16. On July 22, 2024, the Court entered an order denying Mills' motion for relief from the automatic stay [D.E. 115].

17. No order was entered on the docket granting the Serranos' motion for relief from stay such that it was presumably denied.

18. Mills renewed his motion for relief from stay on July 15, 2024 [D.E. 94].

19. On August 21, 2024, Mills moved for abstention in the Serranos DJ Action [A.P. D.E. 35].

20. On September 30, 2024, the Court entered an order converting this case to one under Chapter 7 [D.E. 144].

21. Ms. Dunn was subsequently appointed the Chapter 7 Trustee.

22. As early as September 19, 2024, Michael Dunn spoke with bankruptcy counsel to the Serranos, Zachary Hyman. Mr. Dunn identified the rents as property of the Estate. Mr. Hyman confirmed that rents were being collected by the Serranos and held in escrow. Mr. Dunn asked Mr. Hyman to find out why the Serranos were collecting the rents, how much had been collected, and if any of the rents had been spent.

23. In a September 25, 2024 email, Trustee's counsel again sought details from Mr. Hyman concerning why the Serranos were collecting rent and where the funds were being held, ahead of a status conference scheduled for October 2, 2024.

24. Following the conference held on October 2, 2024, Trustee's counsel inquired again about the information request from Mr. Hyman relating to the rents.

25. Following briefing and argument, the Court granted Mills' motion for abstention on October 3, 2024 [A.P. D.E. 62].

26. By order entered on October 9, 2024, the Court granted Mills' renewed motion for relief from stay to allow him to litigate the title issues [D.E. 170].

27. On November 13, November 17, 2024, and December 2, 2024, Trustee's counsel sent follow-up emails to Mr. Hyman, in addition to several calls, to obtain the rent information in the hope of avoiding the instant motion practice.

28. In a December 3, 2024 email response, Mr. Hyman reported that the Serranos were collecting $1,300 in rent each month, from which $100 in HOA fees were being paid. Mr. Hyman also proposed a structure that would allow the Serranos to continue to collect rents, the payment of a management fee for that service, and escrow the remaining funds pending the determination of the title issues. That arrangement is not acceptable to the Trustee.

29. On January 6, 2025, Trustee's counsel emailed Mr. Hyman to request an accounting of the funds collected and disbursed and included Mr. Mari on the email.

30. On January 7, 2025, Mr. Mari responded that net rent of $1,200 was being deposited into his escrow account each month, without providing any further detail or disclosing the total amount being held. Mr. Mari has asserted that the title issue should take priority over the collection and disposition of rents. In doing so, he ignores that as matters stand the rents are not the Serranos to collect and that doing so violates the automatic stay.

**Summary of Argument**

31. As the Debtor held title to the Property as of the Petition Date, the rents generated from the Property constitute property of the Estate subject to turnover to the Trustee.

32. The Serranos have not sought nor been granted authority to collect the rents by this Court and have not been retained by the Trustee to do so.

33. The Serranos' post-petition collection of rent constitutes a violation of the

automatic stay warranting entry of an order enforcing the stay and the imposition of sanctions.

**Request for Turnover**

34. Section 542(a) provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

35. The Trustee has asserted that the rents are property of the Estate and sought information about the rents collected for the Property since September.

36. Notwithstanding demand for an accounting, she has been provided with limited information relating to those collections.

37. The Serranos and their counsel have the Rents and have been collecting the rents without the approval of the Bankruptcy Court, obtaining relief from stay, nor being retained by the Trustee to act as property managers.

38. Unless or until a court of competent jurisdiction determines that the Debtor is not the title owner of the Property, the rents generated from the Property are property of the Estate under 11 U.S.C. § 541 should be delivered to and held by the Trustee in her Estate account.

39. The Trustee is entitled to turnover of the [asset] under 11 U.S.C. §542. *See generally, United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S. Ct. 2309 (1983) and *United States v. Challenge Air International, Inc.*, 952 F.2d 384 (11th Cir. 1992).

**Enforcement of the Automatic Stay and Sanctions**

40. The filing of a bankruptcy case operates as an automatic stay against "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a).

41. "If the Court finds a willful violation of the stay, the violator may be subject to appropriate sanctions, including damages, an award of attorney's fees and costs, and injunctive relief." *In re Daya Medicals, Inc.*, 560 B.R. 855, 859 (Bankr. S.D. Fla. 2016) (citing *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1554 (11th Cir. 1996)).

42. "To establish a willful violation of the automatic stay, the movant bears the burden of showing by a preponderance of the evidence that: (1) a bankruptcy petition was filed; (2) the violator received notice of the petition; and (3) the violator's actions were in willful violation of the automatic stay." *Daya*, 560 B.R. at 859 (citing cases).

43. "A violation is willful if the violator knew of the bankruptcy case and intentionally committed the violative act; it does not matter whether the violator specifically intended to violate the stay." *Daya*, 560 B.R. at 859 (citing *Jove Eng'g*, 92 F.3d at 1555) (additional citations omitted). "The requirement that the violator knew of the automatic stay does not mean that the violator need be aware of the provisions of section 362. It is sufficient that the violator had actual knowledge of the bankruptcy case, or 'notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed.'" *In re WVF Acquisition, LLC*, 420 B.R. 902, 910 (Bankr. S.D. Fla. 2009) (internal citations omitted).

44. The collection of rent due to the Debtor as title owner after the Petition Date constituted the exercise of control over property of the Estate in violation of Section 362(a)(3).

45. Mr. Mari had knowledge of this bankruptcy case as early as May 6, 2024, when a suggestion of bankruptcy was filed in the Mills Action. He subsequently filed a notice of appearance in the Debtor's bankruptcy case on May 16, 2024, participated in the meeting of creditors, and sought stay relief as relating to the Mills Action. The Serranos also retained experienced bankruptcy counsel, Mr. Hyman. It cannot be disputed that the Serranos had actual

notice of the bankruptcy case.

46. Beyond mere knowledge of the bankruptcy case, the Serranos and counsel clearly are aware of the requirements to seek relief from the automatic stay. They sought and failed to secure stay relief with respect to litigation yet never attempted to secure either stay relief or other authority to collect rents. The Serranos did not seek and were not granted relief from stay specifically to collect the rents generated by the Property.

47. To avoid the consequences of their violation, the Serranos' post-petition rent collection must fall under an exception to 11 U.S.C. §362(b) or else the party must obtain relief from the stay under 11 U.S.C. § 362(d). *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1268 (11th Cir. 2014).

48. Although the Debtor is not an "individual" within the meaning of 11 U.S.C. § 362(k), the United States Court of Appeals, Eleventh Circuit, has recognized the Court's authority "under § 105(a) which, distinct from the court's inherent powers, grants the court statutory powers to enter monetary damages". *Jove Eng'g*, 92 F.3d at 1542.

49. Even though Section 362(k)(1) does not apply to the non-individual Debtors, the automatic stay is generally regarded by Courts as essentially a court-ordered injunction, and as a result "any person or entity who violates the stay may be found in contempt of court." *Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992); see also *In re Xavier's of Beville*, 172 B.R. 667, 669 (Bankr. M.D. Fla. 1994) ("The automatic stay amounts to an injunction and is equivalent to a court order") (citing *In re Fry*, 122 B.R. 427 (Bankr. N.D. Okla. 1990)).

50. The purpose of imposing sanctions for civil contempt is to coerce compliance with an order of the court. *Xavier's of Beville*, 172 B.R. at 671 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949)).

51. Because there is no dispute that the Serranos violated the automatic stay, the Court should: (a) enforce the stay; (b) order the Serranos to cease collecting the rents for the Property; (c) provide all information regarding any leasehold interest or other arrangement under which they are collecting rents, (d) compel Mr. Mari to turn over the funds in his escrow account for the Trustee to hold; and (e) require the Serranos and Mr. Mari to account for any and all rents collected for the Property and any expenses paid from the rents.

52. Because there is no dispute that the Serranos' violation of the automatic stay was willful, the Court should order them to reimburse the Estate the attorney's fees and costs associated with the present Motion, and such further award as the Corut deems necessary and appropriate.

53. The Trustee reserves the right to amend this Motion, or to seek turnover of any additional property of the Estate by way of a separate motion.

**WHEREFORE**, for the reasons more particularly set forth herein, the Trustee respectfully requests the entry of an Order: (i) compelling the Serranos and Mr. Mari to immediately turn over the rents; (ii) requiring the Serranos to account to the Trustee; (iii) enforcing the stay; (iv) awarding fees and costs to the Trustee associated with this Motion; and (v) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 15th day of January, 2025.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
dblansky@dunnlawpa.com

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was filed and served via Notice of Electronic Filing (CM/ECF) on this 15th day of January, 2025, upon all registered users in this case.

By: */s/David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002