**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CITY TRUST INVESTMENTS LLC, Case No.: 24-14100-LMI
Chapter 7

Debtor.
_________________________________/

**TRUSTEE'S MOTION TO (1) ENFORCE THE AUTOMATIC STAY, (2) AWARD SANCTIONS, AND (3) COMPEL TURNOVER OF ESTATE PROPERTY**

**MARCIA T. DUNN**, solely in her capacity as the duly appointed Chapter 7 Trustee ("Trustee") of the above-referenced bankruptcy estate (the "Estate"), by and through undersigned counsel, and under 11 U.S.C. §§ 105, 362, 541, and 542, files this *Motion to (1) Enforce the Automatic Stay, (2) Award Sanctions, and (3) Compel Turnover of Estate Property* (the "Motion"), and in support thereof, states as follows:

**Background**

1. On April 26, 2024 (the "Petition Date"), City Trust Investments LLC (the "Debtor" or "City Trust") commenced the bankruptcy case with the filing of a voluntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code in this Court.

2. As of the Petition Date, City Trust was the title owner of eight real properties[1], including (the "Property"), some of which were the subject of foreclosure proceedings.

3. The Debtor did not disclose business income from January 1, 2022 through the Petition Date in its Chapter 11 Case Management Summary [D.E. 10].

4. The Debtor did not disclose any leases or rents in its Initial Schedules or revenue

[1] The collection of rents for the real property known as and located at 14266 SW 283rd St., Homestead, FL 33033 is the subject of a separate motion [D.E. 206].

from rents on its Statement of Financial Affairs [D.E. 11].

5. The Debtor opened a debtor-in-possession account at Sunstate Bank on May 6, 2024, but did not reposit any funds into the account when opening the account.

6. The initial meeting of creditors was held on May 30, 2024.

7. Lazara Llaguno a/k/a Lazara Gonzalez, the daughter of Santos Gonzalez, testified at the initial meeting of creditors on behalf of the Debtor.

8. Under examination by counsel to Hector and Mirian Serrano (the "Serranos"), Mr. Mari, Mrs. Llaguno testified, among other things, that except for the property owned by the Debtor located at 29363 SW 142nd Ave., Homestead, Florida, which was occupied by her, her father, her husband (George Llaguno), and her daughter[2], the other properties owned by the Debtor were rent producing.

9. She testified that her husband, George Llaguno aka Jorge Llaguno, historically collected rents in cash from the tenants and provided receipts to the tenants.

10. On May 30, 2024, the Debtor filed a Notice of Filing Chapter 11 Small Business Documents, which included "balance sheets" reflecting $7,000.00 in rent receipts on five properties in each of April 2024 and May 2024 [D.E. 31].

11. The Debtor disclosed unspecified "other" expenses of $12,000.00 for April 2024 and insurance costs of $10,263.00, $2,170.00 in bank payments, and $5,000.00 in "other startup" costs in May 2024 [D.E. 31].

12. On September 30, 2024, the Court entered an order converting this case to one under Chapter 7 [D.E. 144].

13. The Debtor never filed any operating reports.

---

[2] The Trustee recently learned that Mrs. Llaguno's daughter, Lorgeleys Llaguno, is an adult in her mid-twenties.

14. Ms. Dunn was subsequently appointed the Chapter 7 Trustee.

15. Notices and subpoenas under Rule 2004 of the Bankruptcy Rules targeting Santos, Mr. Llaguno, and Lorgeleys Llaguno a/k/a Lazara Llaguno a/k/a Lazara Gonzalez (collectively, the "Insiders") were filed with the Court and served on January 2, 2024 [D.E. 198-200].

16. Each required the production of documents on or before January 17, 2025, including, but not limited to, records relating to rents. See, e.g., ¶¶ "7", "13", "14", "18", and "19" of the document requests annexed to each subpoena [D.E. 198-200].

17. Each required the production of documents on or before January 17, 2025.

18. Each of them failed to produce documents or respond to the subpoenas by the January 17, 2025 deadline. The Trustee emailed meet and confer letters to each on January 22, 2024, but did not receive a response.

19. During the initial examination of Florida Title Worxs, LLC held January 31, 2025, the Trustee learned that Lazara Llaguno and Lorgeleys Llaguno are mother and daughter, respectively, rather than the same person and that Lorgeleys Llaguno is an adult in her 20s[3].

20. The Insiders have not been hired or authorized by the Trustee to collect the rents.

21. The Trustee communicated her concerns about the Insider's collection of rents to Peter Cohen, Esq., counsel to Santos Gonzalez and George Llaguno in the Menendez state court litigation. Mr. Cohen has represented that he is only retained on their behalf in the Menendez matter and is not their bankruptcy counsel.

**Summary of Argument**

22. As the Debtor held title to the rent-producing properties as of the Petition Date, the rents generated from the Property constitute property of the Estate subject to turnover to the

[3] Out of an abundance of procedure caution, the Trustee is issuing new notices and subpoenas under Rule 2004 to obtain documents from both Lazara Llaguno and Lorgeleys Llaguno.

Trustee.

23. The Insiders have not sought nor been granted authority to collect the rents by this Court and have not been retained by the Trustee to do so.

24. The Insiders' post-petition collection of rent constitutes a violation of the automatic stay warranting entry of an order enforcing the stay and the imposition of sanctions.

**Request for Turnover**

25. Section 542(a) provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

26. The Trustee has asserted that the rents are property of the Estate and sought information about the rents collected for the Property.

27. The Insiders have failed to comply.

28. The Insiders have been collecting the rents without the approval of the Bankruptcy Court, obtaining relief from stay, or being retained by the Trustee to act as property managers.

29. Unless or until a court of competent jurisdiction determines that the Debtor is not the title owner of the properties, the rents generated from the properties are property of the Estate under 11 U.S.C. § 541 should be delivered to and held by the Trustee in her Estate account.

30. The Trustee is entitled to turnover of the [asset] under 11 U.S.C. §542. *See generally, United States v. Whiting Pools, Inc*., 462 U.S. 198, 103 S. Ct. 2309 (1983) and *United States v. Challenge Air International, Inc*., 952 F.2d 384 (11th Cir. 1992).

**Enforcement of the Automatic Stay and Sanctions**

31. The filing of a bankruptcy case operates as an automatic stay against "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a).

32. "If the Court finds a willful violation of the stay, the violator may be subject to appropriate sanctions, including damages, an award of attorney's fees and costs, and injunctive relief." *In re Daya Medicals, Inc.*, 560 B.R. 855, 859 (Bankr. S.D. Fla. 2016) (citing *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1554 (11th Cir. 1996)).

33. "To establish a willful violation of the automatic stay, the movant bears the burden of showing by a preponderance of the evidence that: (1) a bankruptcy petition was filed; (2) the violator received notice of the petition; and (3) the violator's actions were in willful violation of the automatic stay." *Daya*, 560 B.R. at 859 (citing cases).

34. "A violation is willful if the violator knew of the bankruptcy case and intentionally committed the violative act; it does not matter whether the violator specifically intended to violate the stay." *Daya*, 560 B.R. at 859 (citing *Jove Eng'g*, 92 F.3d at 1555) (additional citations omitted). "The requirement that the violator knew of the automatic stay does not mean that the violator need be aware of the provisions of section 362. It is sufficient that the violator had actual knowledge of the bankruptcy case, or 'notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed.'" *In re WVF Acquisition, LLC*, 420 B.R. 902, 910 (Bankr. S.D. Fla. 2009) (internal citations omitted).

35. The collection of rent due to the Debtor as title owner of the properties after the Petition Date constitutes the exercise of control over property of the Estate in violation of Section 362(a)(3).

36. The Insiders have known about this bankruptcy case since it was filed.

37. Prior to the conversion of the case, they failed to file operating reports or demonstrate that any rents were deposited into the debtor-in-possession account.

38. In each of April and May 2024, they reported collecting $7,000.00. The mortgage holders have claimed that the Debtor defaulted on the mortgages encumbering the properties well before the Petition Date such that the rents were not being used to pay the mortgage debt.

39. The Insiders have not been authorized and retained by the Trustee to collect the rent.

40. To avoid the consequences of their violation, the Insiders' post-petition rent collection must fall under an exception to 11 U.S.C. §362(b) or else the party must obtain relief from the stay under 11 U.S.C. § 362(d). *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1268 (11th Cir. 2014).

41. Although the Debtor is not an "individual" within the meaning of 11 U.S.C. § 362(k), the United States Court of Appeals, Eleventh Circuit, has recognized the Court's authority "under § 105(a) which, distinct from the court's inherent powers, grants the court statutory powers to enter monetary damages". *Jove Eng'g*, 92 F.3d at 1542.

42. Even though Section 362(k)(1) does not apply to the non-individual debtors, the automatic stay is generally regarded by Courts as essentially a court-ordered injunction, and as a result "any person or entity who violates the stay may be found in contempt of court." *Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992); see also *In re Xavier's of Beville*, 172 B.R. 667, 669 (Bankr. M.D. Fla. 1994) ("The automatic stay amounts to an injunction and is equivalent to a court order") (citing *In re Fry*, 122 B.R. 427 (Bankr. N.D. Okla. 1990)).

43. The purpose of imposing sanctions for civil contempt is to coerce compliance with an order of the court. *Xavier's of Beville*, 172 B.R. at 671 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949)).

44. Because there is no dispute that the Insiders have violated the automatic stay, the Court should: (a) enforce the stay; (b) order the Insiders to cease collecting the rents for the properties; (c) provide all information regarding any leasehold interest or other arrangement under which they are collecting rents, (d) compel them to turn over the funds collected since the conversion of the case; and (e) require the Insiders to account for any and all rents collected for the properties and any expenses paid from the rents.

45. Because there is no dispute that the Insiders' violation of the automatic stay was willful, the Court should order them to reimburse the Estate the attorney's fees and costs associated with the present Motion, and such further award as the Bankruptcy Court deems necessary and appropriate.

46. The Trustee reserves the right to amend this Motion, or to seek turnover of any additional property of the Estate by way of a separate motion.

**WHEREFORE**, for the reasons more particularly set forth herein, the Trustee respectfully requests the entry of an Order: (i) compelling Santos Gonzales, Lazara Llaguno a/k/a Lazara Gonzalez, George Llaguno a/k/a Jorge Llaguno, and Lorgeleys Llaguno to immediately turn over the rents; (ii) requiring them to account to the Trustee; (iii) enforcing the stay; (iv) awarding fees and costs to the Trustee associated with this Motion; and (v) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 7th day of February, 2025.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
dblansky@dunnlawpa.com

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served on this 7th day of February, 2025, via Notice of Electronic Filing (CM/ECF) upon all registered users in this case.

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002