**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS, LLC,

Case No.: 24-14100-LMI
Chapter 7

Debtor.
_________________________________/

**CHAPTER 7 TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM SANTOS GONZALEZ AND MOTION FOR SANCTIONS**

MARCIA T. DUNN, the duly appointed Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy estate (the "Estate"), by and through her undersigned counsel, seeks entry of an order compelling Santos Gonzalez ("Santos") to produce all documents responsive to the *Trustee's Notice of Rule 2004 Examination Duces Tecum of Santos Gonzalez* (the "Notice") [D.E. 199] and moves for sanctions, and in support thereof, states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

2. On April 26, 2024 (the "Petition Date"), City Trust Investments LLC (the "City Trust" or "Debtor") commenced the bankruptcy case with the filing of a voluntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code in this Court.

3. The initial Chapter 11 meeting of creditors was held on May 30, 2024.

4. Santos was the managing member of the Debtor as of the Petition Date.

5. His daughter, Lazara Llaguno a/k/a Lazara Gonzalez, appeared at the initial meeting of creditors and testified as the representative of the Debtor in the presence of Santos.

6. She testified that her husband, George Llaguno, collected the rent and handled some repairs at the rental properties owned by the Debtor.

7. On August 5, 2024, the Office of the United States Trustee (the "UST") filed a Motion to Dismiss or Convert Case and, on August 19, 2024, Creditors Hector S. Serrano and Mirian Serrano filed a Motion to Convert Case to Chapter 7.

8. On August 30, 2024, the Court entered an Order Granting Creditors' Motion to Convert Case to Chapter 7, and on September 3, 2024, the Court entered an Order Granting the UST's Motion to Convert Case to Chapter 7.

9. On September 3, 2024, Marcia T. Dunn was appointed as the Chapter 7 Trustee of City Trust's bankruptcy estate (the "Estate").

10. On January 2, 2025, the Trustee issued her *Notice of Rule 2004 Examination Duces Tecum of Santos Gonzalez* [D.E. 199] ("Notice"), whereby responsive documents and information were due on January 17, 2025.

11. On January 22, 2025, a meet-and-confer letter was sent to Santos asking documents responsive to the Notice be produced by January 27, 2025. A copy of the Meet-and-Confer Letter is attached as **Exhibit 1**.

12. As of the filing of this Motion, Santos has still not produced documents in response to the Notice.

13. Efforts to meet and confer with Santos have been exhausted and are a burden to the Estate.

14. The information and documentation sought by the Trustee is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

15. Further, Fed. R. Bankr. P. 2004 provides in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

Fed. R. Bankr. P. 2004.

16. Fed. R. Bankr. P. 2004 allows the Trustee to go on a general fishing expedition so long as the information sought relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...." *In re MMH Auto. Group, LLC,* 346 B.R. 229, 233 (Bankr. S.D. Fla. 2006) (citing *In re Wilcher*, 56 B.R. 428 (Bankr.N.D.Ill.1985)).

17. The Trustee is not fishing here given that Santos was the managing member of the Debtor, the Debtor provided few documents to the United States Trustee prior to the conversion of this case, and the Debtor has not provided the Trustee with any information since her appointment.

18. The documents requested above are straightforward and, more importantly, squarely within the scope of Fed. R. Bankr. P. 2004. The Trustee requires such documents to administer the Debtor's bankruptcy case.

19. Local Rule 2004-1(B) provides that request for production of documents may be construed as a request under Bankruptcy Rule 7034.

20. The Trustee seeks entry of an order compelling Justo to produce all documents and information responsive to the Trustee's Notice within ten (10) days of an order granting this Motion.

**REQUEST FOR SANCTIONS**

21. In addition to an order compelling the production of documents, Santos, should be required to reimburse the Trustee for her reasonable attorneys' fees and costs in connection with this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A) (applicable pursuant to Fed. R. Bankr. P. 7037). The persistent disregard by Santos, to his obligations under the Notice make an award of attorney's fees appropriate and just. Upon a finding of entitlement, the Trustee will file an affidavit of attorneys' fees and costs.

**MEET AND CONFER**

22. Pursuant to Local Rule 7026-1(F), undersigned counsel certifies that prior to the filing of this Motion he attempted to confer with Santos regarding the outstanding discovery issues described herein, has received no response, and is unable to resolve the matter without Court intervention.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter an order: (1) granting the Trustee's Motion; (2) directing Santos Gonzalez to produce the requested information and documentation sought by the Trustee pursuant to the *Trustee's Notice of Rule 2004 Examination Duces Tecum of Santos Gonzalez* within ten (10) days of an order; (3) entering sanctions in the form of attorney's fees against Santos Gonzales; and (4) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of February, 2025.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, as Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
dblansky@dunnlawpa.com

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 7, 2025, a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) upon all registered users in this case.

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

# EXHIBIT 1

***Meet and Confer Letter***

DUNNLAW, PA

DAVID BLANSKY, ESQ.
dblansky@dunnlawpa.com

66 WEST FLAGLER STREET, SUITE 400
MIAMI, FLORIDA 33130
TEL: 786-433-3866 || FAX: 786-260-0269
WWW.DUNNLAWPA.CO

January 22, 2025

**VIA U.S. Mail and VIA EMAIL:**
Santos Gonzalez
29363 SW 142nd Avenue
Homestead, FL 33033
Santosgonzalez1945@yahoo.com
starshinejll@yahoo.com
lazarallaguno@yahoo.com

**RE:** ***In re City Trust Investments, LLC,*** **Chapter 7 Case No.: 24-14100-LMI pending before the United States Bankruptcy Court for the Southern District of Florida-** ***Notice of Rule 2004 Examination Duces Tecum and Intent to Serve Subpoena***

Dear Santos Gonzalez,

This Firm is counsel for Marcia T. Dunn as Chapter 7 Trustee of the bankruptcy estate of City Trust Investments, LLC (the "Debtor") pending before the United States Bankruptcy Court, Southern District of Florida. The Trustee's *Notice of Rule 2004 Examination Duces Tecum and Intent to Serve Subpoena* (the "Subpoena") [D.E. 199] was served on Santos Gonzalez ("You") on January 2, 2025. A copy of the Subpoena is enclosed for your reference. The Subpoena scheduled an examination under oath for January 17, 2025, and provided that documents can be produced in lieu of an appearance. You failed to produce any responsive documents and failed to appear at the examination on January 17, 2025. Moreover, You have not contacted this office concerning this matter.

Please accept this correspondence as my meet-and-confer letter. The Trustee requests that You produce all documents requested under the Subpoena on or before **January 27, 2025, at 4:00 P.M. (EST)**.

Failure to produce the outstanding responsive documents may result in the Trustee seeking to enforce the Subpoena by virtue of filing a motion to compel, for sanctions, for an order to show cause, and/or other relief. Nothing set forth herein is intended, nor shall it be deemed, to modify, limit, release, reduce or waive any of the Trustee's rights or remedies, at law or in equity, all of which are specifically reserved. I look forward to speaking with you and urge you to avoid the additional expense of litigation over the issues set forth herein.

Please do not hesitate to contact me at 786-433-3866 or at the email above.

Sincerely,

/s/ David A. Blansky
David A. Blansky, Esq.
Florida Bar No. 10330

Encl.: Notice of Rule 2004 Examination *Duces Tecum* and Intent to Serve Subpoena