**ORDERED in the Southern District of Florida on March 15, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS, LLC,

Debtor.
_________________________________/

Case No.: 24-14100-LMI
Chapter 7

**ORDER GRANTING IN PART AND DENYING IN PART: (A) TRUSTEE'S MOTION TO (1) ENFORCE THE AUTOMATIC STAY, (2) AWARD SANCTIONS, AND (3) COMPEL TURNOVER OF ESTATE PROPERTY; AND (B) TRUSTEE'S AMENDED EXPEDITED MOTION TO (1) ENFORCE THE AUTOMATIC STAY, (2) AWARD SANCTIONS, (3) ADVANCE THE HEARING ON THE PRIOR MOTION; (4) DETERMINE A CERTAIN LEASE OF 14266 SW 283 STREET TO BE VOID; AND (5) COMPEL TURNOVER OF PROPERTY**

**THIS MATTER** having come before the Court for hearing on March 12, 2025, upon the Trustee's *Motion to (1) Enforce the Automatic Stay, (2) Award Sanctions, and (3) Compel Turnover of Estate Property* (the "First Motion") [D.E. 206] and *Motion to (1) Enforce the Automatic Stay, (2) Award Sanctions, (3) Advance the Hearing on the Prior Motion; (4) Determine a Certain Lease of 14266 SW 283rd St. to be Void; and (5) Compel Turnover of Estate*

*Property* (the "Second Motion") [D.E. 268], and upon the proof of service of the First and Second Motions and notices of the hearing, and the Motion and notices of hearing having been duly served, and counsel having appeared on behalf of Marcia T. Dunn, as Chapter 7 Trustee of this Estate (the "Trustee"), Hector and Mirian Serrano (the "Serranos"), and Julio Guzman ("Guzman"), and Guzman having testified under oath at the hearing; and the Court having heard argument from counsel for the Trustee, the Serranos, and Guzman, the record of which is incorporated by reference, and for good cause shown and the reasons stated on the record, finds as follows:

**IT IS ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** as provided for herein.

2. At all times relevant to the First Motion and Second Motion, the Serranos had notice of the commencement and pendency of this bankruptcy case.

3. The Serranos' post-petition collection of rents relating to the real property located at 14266 SW 283 Street, Homestead, FL (the "Property") and Hector Serrano's entry into the Lease[1] constituted acts to obtain possession of property of the Estate or of property from the Estate or to exercise control over property of the Estate in violation of Section 362(a)(3) of the Bankruptcy Code.

4. The Serranos' submission and service of a cross claim summons together with a cross complaint for money damages against the Debtor care of Santos Gonzalez and filing of a Motion for Default against the Debtor on that cross complaint constituted the unauthorized continuation of a judicial proceeding against the Debtor in violation of Section 362(a)(1) of the Bankruptcy Code.

---

[1] All capitalized terms not defined herein shall have the same meaning as defined in the First Motion and Second Motion.

5. The Serranos' conduct as aforesaid constitute willful violations of the automatic stay.

6. The Court shall award in favor of the Trustee and against the Serranos reasonable attorneys fees and costs in an amount to be determined upon the filing of an affidavit or declaration on behalf of the Trustee stating the attorneys fees and costs incurred in connection with the Serranos' stay violations.

7. The Court declines to impose punitive damages against the Serranos at this time.

8. The Serranos shall have 30 days from the date of this Order in which to either provide an accounting all of rents collected for the Property since the Petition Date and any disbursements made from the rents or to brief why such rents are not property of the Estate under Section 541 of the Bankruptcy Code.

9. The Lease is void as having been entered in violation of the automatic stay.

10. The Trustee is authorized to return $2,400.00 to the tenant, representing the security deposit and first month's rent under the Lease and shall have discretion to disburse the funds directly to the tenant or to return them to Mr. Mari's IOTA account so that he may do so.

11. The Serranos, through their counsel, Mr. Mari, shall have seven (7) days from the date of this Order in which to have the tenant execute a document memorializing the termination of the Lease and deliver that document to the Trustee.

12. Should they fail to do so, they shall provide the Trustee with complete contact information for the tenant so that the Trustee may serve a copy of this Order on the tenant and make arrangements for the return of the $2,400.00.

13. Within seven (7) days from the date of this Order, the Serranos shall deliver the keys to the Property to the Trustee.

14. Should the Serranos fail to deliver the keys to the Trustee within seven (7) days of this Order, the Trustee is authorized to hire a locksmith and change the lock on the Property.

15. Nothing contained herein shall be construed as a determination of the rights of any person that might be in possession of the Property under non-bankruptcy law.

16. The Second Motion is denied as against Guzman, as the Court finds that Guzman prepared the Lease without knowledge of the commencement of this bankruptcy case.

17. The Court may order such sanctions, penalties, attorneys' fees, and costs as appropriate for failure to comply with this Order.

18. The Court retains jurisdiction to enforce the terms of this Order.

###

**Submitted by:**

David A. Blansky, Esq.
Florida Bar No. 1033002
Dunn Law, P.A.
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
dblansky@dunnlawpa.com

*Attorney Blansky is directed to serve a confirmed copy of this Order upon all interested parties and to file proof of such service with the Court.*