**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS, LLC,

Debtor.
__________________________________/

Case No.: 24-14100-LMI
Chapter 7

**CHAPTER 7 TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM LORGELEYS LLAGUNO AND MOTION FOR SANCTIONS**

MARCIA T. DUNN, the duly appointed Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy estate (the "Estate"), by and through her undersigned counsel, seeks entry of an order compelling Lorgeleys Llaguno ("Lorgeleys") to produce all documents responsive to the *Trustee's Notice of Rule 2004 Examination Duces Tecum of Lorgeleys Llaguno* (the "Notice") [D.E. 225] and moves for sanctions, and in support thereof, states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2. On April 26, 2024 (the "Petition Date"), City Trust Investments LLC (the "City Trust" or "Debtor") commenced the bankruptcy case with the filing of a voluntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code in this Court.

3. The initial Chapter 11 meeting of creditors was held on May 30, 2024.

4. As of the Petition Date, Santos Gonzalez was the managing member of the Debtor. He is the maternal grandfather of Lorgeleys Llaguno.

5. Lazara Llaguno, Lorgeleys's mother, appeared at the initial meeting of creditors and testified on behalf of the Debtor while Santos was present.

6. Lazara also testified that her husband and Lorgeleys's father, George Llaguno, collected rent and handled maintenance at the Debtor's rental properties.

7. On August 5, 2024, the Office of the United States Trustee (the "UST") filed a Motion to Dismiss or Convert Case and, on August 19, 2024, Creditors Hector S. Serrano and Mirian Serrano filed a Motion to Convert Case to Chapter 7.

8. On August 30, 2024, the Court entered an Order Granting Creditors' Motion to Convert Case to Chapter 7, and on September 3, 2024, the Court entered an Order Granting the UST's Motion to Convert Case to Chapter 7.

9. On September 3, 2024, Marcia T. Dunn was appointed as the Chapter 7 Trustee of City Trust's bankruptcy estate (the "Estate").

10. On February 7, 2025, the Trustee issued her *Notice of Rule 2004 Examination Duces Tecum of Lorgeleys Llaguno* [D.E. 225] ("Notice"), whereby responsive documents and information were due on February 28, 2025.

11. Lorgeleys failed to produce documents prior to the February 28, 2025 deadline and has not communication with Trustee's counsel.

12. On March 12, 2025, a meet-and-confer letter was sent to Lorgeleys asking documents responsive to the Notice be produced by March 19, 2025. A copy of the Meet-and-Confer Letter is attached as **Exhibit 1**.

13. As of the filing of this Motion, Lorgeleys has still not produced documents in response to the Notice.

14. Efforts to meet and confer with Lorgeleys have been exhausted and are a burden to the Estate.

15. The information and documentation sought by the Trustee is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

16. Further, Fed. R. Bankr. P. 2004 provides in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

Fed. R. Bankr. P. 2004.

17. Fed. R. Bankr. P. 2004 allows the Trustee to go on a general fishing expedition so long as the information sought relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...." *In re MMH Auto. Group, LLC,* 346 B.R. 229, 233 (Bankr. S.D. Fla. 2006) (citing *In re Wilcher*, 56 B.R. 428 (Bankr.N.D.Ill.1985)).

18. The Trustee is not fishing here. As reflected by the declaration of the Trustee's financial advisor, more than $2.8 million dollars in proceeds were transferred from the escrow account of Florida Title Worxs, LLC to a bank account held by Lorgeleys. The Trustee's

preliminary tracing reflects that no less than $171,000.00 of the funds were proceeds of mortgage loans for which the Debtor was the borrower.

19. The documents requested above are straightforward and, more importantly, squarely within the scope of Fed. R. Bankr. P. 2004. The Trustee requires such documents to administer the Debtor's bankruptcy case.

20. Local Rule 2004-1(B) provides that request for production of documents may be construed as a request under Bankruptcy Rule 7034.

21. The Trustee seeks entry of an order compelling Lorgeleys to produce all documents and information responsive to the Trustee's Notice within ten (10) days of an order granting this Motion.

**REQUEST FOR SANCTIONS**

22. In addition to an order compelling the production of documents, Lorgeleys, should be required to reimburse the Trustee for her reasonable attorneys' fees and costs in connection with this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A) (applicable pursuant to Fed. R. Bankr. P. 7037). The persistent disregard by Lorgeleys, to her obligations under the Notice make an award of attorney's fees appropriate and just. Upon a finding of entitlement, the Trustee will file an affidavit of attorneys' fees and costs.

**MEET AND CONFER**

23. Pursuant to Local Rule 7026-1(F), undersigned counsel certifies that prior to the filing of this Motion he attempted to confer with Lorgeleys regarding the outstanding discovery issues described herein, has received no response, and is unable to resolve the matter without Court intervention.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter an order: (1) granting the Trustee's Motion; (2) directing Lorgeleys Llaguno to produce the requested information and documentation sought by the Trustee pursuant to the *Trustee's Notice of Rule 2004 Examination Duces Tecum of Lorgeleys Llaguno* within ten (10) days of an order; (3) entering sanctions in the form of attorney's fees against Lorgeleys Llaguno; and (4) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 26th day of March, 2025.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, as Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
dblansky@dunnlawpa.com

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2025, a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) upon all registered users in this case.

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

# EXHIBIT 1

Meet and Confer Letter

DUNNLAW, PA

DAVID BLANSKY, ESQ.
dblansky@dunnlawpa.com

66 WEST FLAGLER STREET, SUITE 400
MIAMI, FLORIDA 33130
TEL: 786-433-3866 | | FAX: 786-260-0269
WWW.DUNNLAWPA.COM

March 12, 2025

**VIA U.S. Mail and VIA EMAIL:**
Lorgeleys Llaguno
29363 SW 142nd Avenue
Homestead, FL 33033
lazarallaguno@yahoo.com
lazarallaguno14@yahoo.com
lorygonzalez313@yahoo.com

**RE:** ***In re City Trust Investments, LLC,* Chapter 7 Case No.: 24-14100-LMI pending before the United States Bankruptcy Court for the Southern District of Florida- *Notice of Rule 2004 Examination Duces Tecum and Intent to Serve Subpoena***

Dear Lorgeleys Llaguno,

This Firm is counsel for Marcia T. Dunn as Chapter 7 Trustee of the bankruptcy estate of City Trust Investments, LLC (the "Debtor") pending before the United States Bankruptcy Court, Southern District of Florida. The Trustee's *Notice of Rule 2004 Examination Duces Tecum and Intent to Serve Subpoena* (the "Subpoena") [D.E. 225] was served on Lorgeleys Llaguno ("You") on February 7, 2025. A copy of the Subpoena is enclosed for your reference. The Subpoena requested for You to provide specific documents and information to the Trustee no later than February 28, 2025. You failed to produce any responsive documents by February 28, 2025. Moreover, You have not contacted this office concerning this matter.

Please accept this correspondence as my meet-and-confer letter. The Trustee requests that You produce all documents requested under the Subpoena on or before **March 19, 2025, at 4:00 P.M. (EST)**.

Failure to produce the outstanding responsive documents may result in the Trustee seeking to enforce the Subpoena by virtue of filing a motion to compel, for sanctions, for an order to show cause, and/or other relief. Nothing set forth herein is intended, nor shall it be deemed, to modify, limit, release, reduce or waive any of the Trustee's rights or remedies, at law or in equity, all of which are specifically reserved. I look forward to speaking with you and urge you to avoid the additional expense of litigation over the issues set forth herein.

Please do not hesitate to contact me at 786-433-3866 or at the email above.

Sincerely,

/s/ David A. Blansky
David A. Blansky, Esq.
Florida Bar No. 103300

Encl.: Notice of Rule 2004 Examination *Duces Tecum* and Intent to Serve Subpoena

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CITY TRUST INVESTMENTS LLC,

Debtor.
______________________________/

Case No. 24-14100-LMI
Chapter 7

**NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM* OF LORGELEYS LLAGUNO AND INTENT TO SERVE SUBPOENA**

**(*Production of Documents Only*)**

**MARCIA T. DUNN**, the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of **City Trust Investments LLC** (the "Debtor"), by and through her undersigned counsel, pursuant to Fed.R.Civ.P. 34 and 45, Fed.R.Bankr.P. 2004, 7030, 7034 and 9016, and Local Rule 2004-1, will examine the following examinee (the "Examinee"):

| **Examinee** | **Date** | **Location** |
|---|---|---|
| **Lorgeleys Llaguno** | February 28, 2025<br>at 10:00 a.m. (EST) | c/o Dunn Law, P.A.<br>66 West Flagler St., Suite 400<br>Miami, Florida 33130 |

The examination is pursuant to Fed.R.Bankr.P. 2004 and Local Rule 2004-1. The scope of the examination shall be as described in Fed.R.Bankr.P. 2004. Pursuant to Local Rule 2004-1, no order shall be necessary, and to the extent that a request for production of documents under this rule may be construed as a request under Bankruptcy Rule 7034, the time to respond is shortened to fourteen (14) days.

**DOCUMENTS CAN BE PRODUCED IN LIEU OF APPEARANCE.**

The Form Subpoena for Rule 2004 Examination with document requests described on Schedule "A" is attached to the subpoena annexed to this notice as **Exhibit 1**. The Examinee is required to produce the documents listed on Schedule "A" to the subpoena to the offices of Dunn

Law, P.A., **66 West Flagler Street, Suite 400, Miami, FL 33130**, or by e-mail to: dblansky@dunnlawpa.com, akapai@dunnlawpa.com, lrodriguez@dunnlawpa.com, and rbasnueva@dunnlawpa.com**.**

The Trustee reserves the right to conduct an oral examination of the Examinee.

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served by First-Class Mail and E-Mail on February 7, 2025, upon the following:

**Lorgeleys Llaguno**
29363 SW 142nd Avenue
Homestead, FL 33033
lorygonzalez313@yahoo.com
lazarallaguno@yahoo.com
lazarallaguno14@yahoo.com

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 7th day of February, 2025, upon all registered users in this case.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
Email: dblansky@dunnlawpa.com

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

# EXHIBIT 1

*Subpoena for Rule 2004 Examination*

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re:

CITY TRUST INVESTMENTS LLC,

Case No. 24-14100-LMI
Chapter 7

Debtor.

**SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM***

To: **Lorgeleys Llaguno**
29363 SW 142nd Avenue Homestead, FL 33033
(Name of person to whom the subpoena is directed)

*Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: Stenographer remotely via Zoom

☑ *Production*: **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE: | DATE AND TIME |
|---|---|
| Dunn Law, P.A., 66 West Flagler St., #400<br>Miami, Florida 33130 | **February 28, 2025 at 10:00 a.m. (EST)** |

**See Schedule "A" attached and enclosed Notice of Rule 2004 Examination.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 7, 2025

CLERK OF COURT

OR

_______________________________
Signature of Clerk or Deputy Clerk

*/s/ David A. Blansky* (FBN 1033002)
Attorney's Signature

The name, address, email address, and telephone number of the attorney representing Marcia T. Dunn, Chapter 7 Trustee who issues or requests this subpoena, are: : David A. Blansky, Esq. (FBN 1033002), Dunn Law, P.A., 66 West Flagler Street, Suite 400 Miami, FL 33130, Tel: (786) 433-3866 / Fax: (786) 260-0269 – e-mail: dblansky@dunnlawpa.com, akapai@dunnlawpa.com, lrodriguez@dunnlawpa.com, rbasnueva@dunnlawpa.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): ______________________________________________
on (date)_____________

☐ I served the subpoena by delivering a copy on ______________, to the named person(s) as follows:

☐ I returned the subpoena unexecuted because: ____________________________________________________________
______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________

My fees are $_________for travel and $_______for services, for a total of $___________

I declare under penalty of perjury that this information is true and correct

Date: _______________

By: ___________________________

Additional information concerning attempted service, etc:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required - and also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For Access to Subpoena Materials**

Fed. R. Civ. P. 45(a) Committee Note (2013)

- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

**SCHEDULE "A"**
**DEFINITIONS**

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A. "**YOU**", "**YOUR**," or "**EXAMINEE**," shall refer to LORGELEYS LLAGUNO.

B. The term "**Debtor**" means CITY TRUST INVESTMENTS LLC and its affiliates, successors, assigns, predecessors, attorneys, agents, partners, managers, members, employees, officers, directors, professionals, representatives and all persons acting or purporting to act on its behalf.

C. "**Case**" means the instant bankruptcy case, Case No.: 24-14100-LMI, pending in the United States Bankruptcy Court, Southern District of Florida, Miami Division.

D. The term "**Affiliates**" shall mean the following and any entity in which the Debtor had a direct or indirect ownership interest, position as an officer or director, exercised control over its affairs, or had signatory authority on any account, including, but not limited to, the following:

a. CITY TRUST INVESTMENTS LLC
b. MIAMI DADE COUNTY INVESTMENTS LLC
c. 14445 SW 289 ST LLC.
d. CITYWIDE PROPERTY MANAGMENT LLC
e. CITYWIDE INVESTOR, CORP
f. CITY PROPERTY REALTY INC.
g. GAIN 11 INVESTMENTS LLC
h. LORETA INVESTMENTS LLC
i. B&B HOMESTEAD INVESTMENTS GROUP LLC.
j. FLORIDA TITLE WORXS, LLC.

E. The term "**Petition Date**" means the date of the filing of the Chapter 11 bankruptcy case (the "**Bankruptcy Case**") filed by the Debtors on April 26, 2024.

F. The term "**Conversion Date**" means September 3, 2024, the date on which the Court entered an order converting the Debtor's Chapter 11 bankruptcy case to one under Chapter 7.

G. The term "**Dunn**" or "**Trustee**" shall refer to Marcia T. Dunn, as Chapter 7 Trustee of the Debtor's bankruptcy estate, and any agent, attorney, or employee, and all other persons acting or purporting to act on the Trustee's behalf, or under the Trustee's authority or control.

H. The term "**Accounts**" means any and all bank accounts including, without limitation, checking, savings, certificates of deposit and other deposit accounts, trust, escrow, investment and/or other such accounts opened, established, maintained and/or held by a financial institution, bank or credit union.

I. "**Creditor**" shall mean any person or entity to whom the Debtor owes money or is due performance of any other contractual obligation.

J. "**Communication**" or "**Communications**" includes every manner of transmitting or receiving facts, information, opinions or thoughts (including, but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings document transmittals, facsimiles, emails or any other method by which information is transmitted.

K. “**Concerning**”, “**concern**,” or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to (as defined herein), pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

L. “**Contract**” or “**contracts**” shall mean (a) an agreement, oral or written, between two or more Persons which creates an obligation to do or not to do a particular thing, and (b) any document which serves as proof of the obligation, including, without limitation, any subcontract, insurance policy or other formal agreement, including exhibits, attachments, amendments (whether with or without effect), modifications (whether with or without effect), and addenda.

M. “**Document**”, “**documents**”, or “**documentation**” means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form an including, but not being limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored Information, e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings, magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers, newspaper articles; notations, notebooks; notes; objects; opinions; papers; photographs; policies; PowerPoint presentations; procedures; profit and loss statements, prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

N. “**Documents**” shall also mean all electronic data storage documents or electronically stored information (“**ESI**”) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

O. The term “**ESI**” shall mean any and all electronically stored information, including e-mails, texts, writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and 7034 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

P. “**Information**” shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

Q. “**Person**” means any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

R. The terms “**support**,” “**evidence**,” “**evidencing**,” “**relate to**,” “**relating to**,” “**related to**,” “**referred to**,” “**concerning**,” “**pertaining to**,” “**involving**” and “**regarding**” shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

S. The conjunctions “**and**” and “**or**” shall be interpreted in each instance as meaning “and/or” so as to encompass the broader of the two possible constructions and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Interrogatory.

T. The terms “**any**” and “**all**” shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

U. The term “**Person**” shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

V. When referring to a person, the term “**Identify**” shall mean to give, to the extent known, the person’s full name, present or last known address, present of last known telephone number, present or last known e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

W. When referring to a document, the term “**Identify**” shall mean to state the type of document as defined herein, the subject matter thereof, the date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the present location (name and address of place) thereof, and the present custodian of the original or copies thereof, so that the document is described in sufficient enough detail that it could be subject to a request for production of documents under the applicable rules of civil procedure. If any such document was, but no longer is, in Your possession or subject to Your control, state the disposition of the document.

X. When referring to a communication other than a document, the term “**Identify**” shall mean to describe the communication in such a manner that all the following Information is provided: (1) whether the communication took place in person, by telephone, via e-mail, or otherwise; (2) if by telephone, the identity of the person originating the call, the identity of the person receiving the call, the identity of all other persons participating in the communication, and the location of each of those persons at the time of the communication; and the identity of all other persons present within hearing of any party to the communication; (3) if by e-mail, the identity, including name and e-mail address, of the person originating the e-mail; the identity or identities, including name and e-mail address, of all recipients; both intended and unintended, and including persons to whom blind copies were sent, of the e-mail communication; the date and time of the communication; all replies to and forwards of the original communication; the subject of the e-mail communication; and the identity and physical location of the computer, network, or server from which the e-mail was sent; (4) in in Person, the identity of all persons present during the communication and the location of the communication; (5) the date and time of the communication; (6) to the best of Your recollection, what was said by each party to the communication; and (7) the identity of the custodian of any

document that recorded, summarized, or concerned the communication.

Y. Except as to the use of term "**Affiliate**," all legal terms used herein shall be defined as they are defined in 11 U.S.C. §101 and Bankruptcy Rule 9001, which are otherwise incorporated by reference.

Z. The term "**Relevant Period**" shall mean the period from **April 26, 2014** to present, unless stated otherwise in any Request.

AA. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Request.

## INSTRUCTIONS

With respect to this request for documents, the following instructions shall apply:

A. This request for documents is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. Supplementary documents are to be served within five (5) days after receipt or discovery of such information or documents.

B. Examinee is hereby notified that its duty to respond to this document request includes the duty to furnish all information, documents and materials which are in Your possession or available to You, including all those which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf, pursuant to Fed.R.Bankr.P. 7036. If You are unable to locate any requested information or document after exercising due diligence to secure the requested document, so state.

C. In the event that any document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has knowledge of its contents.

D. If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document, including the number of pages, and attachments or appendices; (2) the general subject matter of the document; (3) the date of the document; (4) all persons to whom the document was distributed, shown or explained; and (5) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

E. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed to or shown; (i) date of destruction of other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) Person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

F. In producing documents requested herein, You shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

G. To the extent this request seeks production of ESI residing elsewhere other than, or in addition to, on back-up copies, such information should be produced in its Native Format on hard drive or other digital

storage media that does not otherwise detract from the original format of the files, or that by default may exclude or somehow later any metadata associated with said files. The information produced should include any original or existing full file path, file or fold structure, or other source referencing data, and be fully inclusive of all supporting and underlying data, the absence of which would render the information incomplete or unusable. For purposes of this Instruction, the term "Native Format" shall mean the format that the data was original created in. This should include, but not limited to, information about the software that the data was created in, stored in, or was used, or is used to read, write, alter, modify, or in any way change or manipulate the data.

H. All archived data being produced in response to this Request should be provided with the means to view and export such data. Paper documents that are not otherwise contained, stored, or recoverable by electronic means should be provided either in paper format, or via a scanned image in a .PDF or .TIFF format. Colored pages, photographs or other documents among such paper documents that would otherwise loose the color format should be scanned in .PDF, .JPEG or other standard color format.

I. All documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, pursuant to Fed.R.Civ.P. 45, made applicable in bankruptcy cases by Fed.R.Bankr.P. 9016.

**DOCUMENT REQUESTS**

1. All documents, including, without limitation, closing statements and disbursement records, related to the following properties (collectively referred to below as the "Properties"):

| **Property Address** | **Parcel Identification No.** |
|---|---|
| 29363 SW 142nd Avenue, Homestead, FL 33033 | 30-7903-024-0330 |
| 28152 SW 142nd Court, Homestead, FL 33033 | 30-7903-013-1060 |
| 28091 SW 143rd Court, Homestead, FL 33033 | 30-7903-013-1790 |
| 28133 SW 142nd Court, Homestead, FL 33033 | 30-7903-013-0220 |
| 28025 SW 142nd Court, Homestead, FL 33033 | 30-7903-013-0060 |
| 28131 SW 142nd Court, Homestead, FL 33033 | 30-7903-013-0210 |
| 28124 SW 142nd Court, Homestead, FL 33033 | 30-7903-013-0970 |
| 14266 SW 283rd Street, Homestead, FL 33033 | 30-7903-013-0610 |
| 14312 SW 283rd Street, Homestead, FL 33033 | 30-7903-013-0730 |
| 14244 SW 283rd Street, Homestead, FL 33033 | 30-7903-013-0500 |
| 30230 SW 149th Avenue, Homestead, FL 33033 | 30-7909-015-0170 |
| 14100 Jefferson Street, Miami, FL 33176 | 30-5019-002-1880 |
| 14445 SW 289 Street, Homestead, FL 33033 | 30-7903-001-0230 |

2. All documents related to the sale, purchase, or transfer of any of the Properties or any other real property involving the Debtor or any of the Affiliates during the Relevant Period, including but not limited to contracts, deeds, closing files, disbursement records, and communications.

3. All documents related to any transaction involving the Debtor or any of the Affiliates.

4. All documents (including, without limitation, any independent review reports or notes, letters, supplements, memoranda, analysis schedules, balance sheets, ledgers, summaries, and statements) you prepared for the Debtor or any of the Affiliates for any purpose.

5. All documents relating to any professional services performed by You for the Debtor or any of the Affiliates, including, but not limited to, analysis schedules, financial records, bank records, correspondence, communications, memos, work files, work papers, reports, report drafts, and computer records.

6. All documents and communications relating to the Debtor or any of the Affiliates, including any electronic data (ESI) produced in its native format, including, but not limited to, Your entire file for each such client, and all books and records of any type related to the Debtor or any of the Affiliates and any and all documents submitted to You by the Debtor or any of the Affiliates.

7. All bank and financial account records for accounts You or anyone else used to handle rent payments, mortgage payments, property expenses, or any other transactions related to the Properties, including statements, deposit slips, and transaction records during the Relevant Period.

8. Any and all documents reflecting the source of the funds used by the Debtor or any of the Affiliates in connection with a transaction involving any of the Properties.

9. Any and all documents reflecting transfers made by, to and between the Debtor and any of the Affiliates for which the amount of any single Transfer was $1,000.00 or more during the Relevant Period.

10. Any and all documents reflecting transfers made by, to and between the Debtor and You for which the amount of any single Transfer was $1,000.00 or more during the Relevant Period.

11. Any and all documents reflecting transfers made by, to and between the Debtor and any non-Affiliate third party for which the amount of any single transfer was $1,000.00 or more.

12. Any and all documents reflecting the financial institutions at which the Debtor or any of the Affiliates held banking, brokerage, credit or loan accounts during the Relevant Period.

13. All rent-related records for the Properties, including ledgers, receipt books, tenant communications, payment proofs, and any bank deposit records reflecting rent payments and deposit of same into Your personal account or any other account, regardless of who collected or deposited them.

14. Documents and communications reflecting the use of funds collected from rents for the Properties or obtained from a sale of any of the Properties, including records of payments made for mortgages, taxes, insurance, litigation, or other expenses related to the Properties.

15. All documents and communications related to insurance policies for the Properties, including proof of coverage, payment of premiums, claims, and any correspondence regarding such policies.

16. All communications with lenders, real estate professionals, or title companies related to the Properties, including attempts to secure financing, resolve mortgage defaults, or address title disputes.

17. All documents reflecting liens, encumbrances, or unpaid taxes on the Properties, including tax bills, notices, or correspondence with tax authorities.

18. All rent-related records, including ledgers, receipt books, tenant communications, or payment records reflecting rent payments collected or maintained by You for the Properties.

19. All documents and communications related to any agreements or instructions You received regarding property management services provided for the Properties, including rent collection and disbursement of funds.

20. All documents and communications reflecting any funds collected or disbursed by You from tenants for the Properties, including cash payments or deposits into personal accounts.

21. All documents and communications reflecting Your involvement in the acquisition or renovation of any of the Properties, including any payments, labor, or other contributions made by You.

* * *

**The Trustee expressly reserves the right to request additional documents as the investigation continues, as the litigation proceeds, as additional issues are uncovered, and as clarifications are required.**