**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS, LLC,

Case No.: 24-14100-LMI
Chapter 7

Debtor.
_________________________________/

**CHAPTER 7 TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM AND TESTIMONY BY SMART TAX LATIN LLC AND MOTION FOR SANCTIONS**

MARCIA T. DUNN, the duly appointed Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy estate (the "Estate"), by and through her undersigned counsel, seeks entry of an order compelling Smart Tax Latin LLC ("Smart Tax") to produce all documents responsive to the *Trustee's Notice of Rule 2004 Examination Duces Tecum of Smart Tax Latin LLC* (the "Notice") [D.E. 172] and *Trustee's Second Notice of Rule 2004 Examination Duces Tecum of Smart Tax Latin LLC* (the "Second Notice") [D.E. 346] and appear for examination under oath, and moves for sanctions, and in support thereof, states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

2. On April 26, 2024 (the "Petition Date"), City Trust Investments LLC (the "City Trust" or "Debtor") commenced the bankruptcy case with the filing of a voluntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code in this Court.

3. On May 22, 2024, the Debtor filed copies of what purported to be the Debtor's 2022 and 2023 income tax returns, which appeared to be prepared and signed by Ionetti Maceo on behalf of Smart Tax on May 15, 2024 [D.E. 27].

4. The initial Chapter 11 meeting of creditors was held on May 30, 2024.

5. On August 5, 2024, the Office of the United States Trustee (the "UST") filed a Motion to Dismiss or Convert Case and, on August 19, 2024, Creditors Hector S. Serrano and Mirian Serrano filed a Motion to Convert Case to Chapter 7.

6. On August 30, 2024, the Court entered an Order Granting Creditors' Motion to Convert Case to Chapter 7, and on September 3, 2024, the Court entered an Order Granting the UST's Motion to Convert Case to Chapter 7.

7. On September 3, 2024, Marcia T. Dunn was appointed as the Chapter 7 Trustee of City Trust's bankruptcy estate (the "Estate").

8. On October 11, 2024, the Trustee issued the Notice, whereby responsive documents and information were due on October 31, 2024.

9. Ms. Maceo visited the Trustee's office on October 31, 2024 and produced copies of personal federal tax returns for insiders of the Debtor and one unsigned 2022 tax return for the Debtor.

10. Ms. Maceo was shown copies of the 2022 and 2023 tax returns filed by the Debtor with the Court. She told the legal assistant to whom she provided copies of tax returns that her signature had been forged and that she neither finished preparing the Debtor's tax returns nor filed them with the Internal Revenue Service because she had not been provided with the information she requested.

11. Trustee's counsel emailed Ms. Maceo on December 9, 2024 to confirm the statements she made during her October 31 visit, proposed to memorialize what she said in a written statement for her to review and sign, and requested the production of the workpapers used to prepare the Debtor's tax return and her communications with the Debtor's officers and insiders relating to their preparation.

12. Having failed to receive a response, Trustee's counsel emailed Ms. Maceo again on December 17, 2024.

13. Having failed to receive a response to that email, Trustee's counsel called Ms. Maceo on January 21, 2025, which prompted Ms. Maceo to respond to the December 9, 2024 email in which she stated she only prepared draft tax returns because the owner never gave her the information she requested several times.

14. On February 12, 2025, Trustee's counsel then prepared and emailed Ms. Maceo a declaration memorializing the statements she made on October 31, 2024, together with a Spanish translation, and a copy of the tax returns filed by the Debtor with the Court. Ms. Maceo was asked to review the declaration and, if accurate, to sign and return it to Trustee's counsel.

15. Follow-up emails were sent on February 21, 2025 and March 7, 2025, prompting a response by Ms. Maceo on March 7, 2025 in which she stated.in part, "Good afternoon, I'll correct something below. I did sign and provide copies to Lazara Gonzalez, but that same day I started calling her and sending her text messages stating that information was missing, so she couldn't transmit it to the IRS. She never responded or provided the information."

16. Given Ms. Maceo's "correction" concerning the forged signatures and because Smart Tax had not produced work papers or communications, the Trustee filed and served the

Second Notice on April 2, 2025 [D.E. 346], which required the production of documents by April 16, 2025 and appearance for an examination on April 23, 2025 via Zoom.

17. In addition to mailing and emailing the Second Notice on April 2, 2025, Trustee's counsel also emailed Ms. Maceo to remind her that she had not produced work papers or communications relating to the preparation of the Debtor's tax returns.

18. Thereafter, between April 2, 2025 and April 9, 2025 Trustee's counsel exchanged multiple emails with Ms. Maceo, which were translated to Spanish, in which he explained in Spanish the Trustee's role relative to the Debtor, communicated why the Trustee was entitled to the information sought in the Notice and Second Notice, and warned of the consequences of failing to comply with the Trustee's subpoenas.

19. Ms. Maceo stated that she did not have to respond as she was neither a client nor employee of the Trustee and asked that the Trustee not bother her.

20. No documents were ever produced after October 31, 2024.

21. On April 22, 2025, Trustee's counsel provided Ms. Maceo with the Zoom link for the examination scheduled for April 23, 2025.

22. As reflected in the Certificate of Non-Appearance annexed as Exhibit "1", neither Ms. Maceo nor any other representative of Smart Tax appeared at the examination.

23. As of the filing of this Motion, Smart Tax had not produced work papers and communications in response to the Notice and Second Notice.

24. As the foregoing reflects, efforts to meet and confer with Smart Tax have been exhausted and are a burden to the Estate.

25. The information and documentation sought by the Trustee is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

26. Further, Fed. R. Bankr. P. 2004 provides in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

Fed. R. Bankr. P. 2004.

27. Fed. R. Bankr. P. 2004 allows the Trustee to go on a general fishing expedition so long as the information sought relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...." *In re MMH Auto. Group, LLC,* 346 B.R. 229, 233 (Bankr. S.D. Fla. 2006) (citing *In re Wilcher*, 56 B.R. 428 (Bankr.N.D.Ill.1985)).

28. The Trustee is not fishing here, given that Smart Tax prepared draft tax returns, signed copies of which were filed with this Court, which include information about the Debtor's pre-petition financial affairs and that Smart Tax has vacillated on whether the signatures on those returns were forged.

29. The documents requested above are straightforward and, more importantly, squarely within the scope of Fed. R. Bankr. P. 2004. The Trustee requires such documents to administer the Debtor's bankruptcy case. Moreover, the Trustee is entitled to examine Smart Tax

concerning the sources of the information used to prepare the tax returns, why Ms. Maceo initially claimed the signatures on the tax returns filed with the Court were then believed to be forgeries, and why – if her later assertions are credited – she would sign and send draft returns to a client if she knew they were incomplete.

30. Local Rule 2004-1(B) provides that request for production of documents may be construed as a request under Bankruptcy Rule 7034.

31. The Trustee seeks entry of an order compelling Smart Tax to produce all work papers and communications relating to the Debtor's tax returns in response to the Notice and Second Notice within fourteen (14) days of an order granting this Motion and that Smart Tax appear for examination under oath via Zoom within 30 days of the order granting the Motion.

**REQUEST FOR SANCTIONS**

32. In addition to an order compelling the production of documents, Smart Tax should be required to reimburse Trustee's counsel for reasonable attorneys' fees and costs, including the court reporter's non-appearance fee, in connection with this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A) (applicable pursuant to Fed. R. Bankr. P. 7037). The persistent disregard by Smart Tax of the obligations under the Notice and Second Notice make an award of attorney's fees and costs appropriate and just. Upon a finding of entitlement, the Trustee will file an affidavit or declaration of attorneys' fees and costs.

**MEET AND CONFER**

33. Pursuant to Local Rule 7026-1(F), as demonstrated above, the undersigned counsel certifies that he attempted to resolve the outstanding discovery issues described herein, was unable to resolve the matter without Court intervention, and that further efforts would be futile.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter an order: (1) granting the Trustee's Motion; (2) directing Smart Tax to produce the requested information and documentation sought by the Trustee pursuant to the Notice and Second Notice within fourteen (14) days of an order; (3) directing Smart Tax to appear for examination under oath via Zoom within 30 days of an order and to provide a Spanish interpreter, if needed; (4) entering sanctions in the form of attorney's fees and costs against Smart Tax Latin LLC; and (5) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 30th day of May, 2025.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, as Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
dblansky@dunnlawpa.com

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 30, 2025, a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) upon all registered users in this case.

By: */s/ David A. Blansky*
David A. Blansky, Esq.
Florida Bar No. 1033002

# EXHIBIT 1

**Certificate of Non-Appearance**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: CASE NO. 24-14100-LMI

CITY TRUST INVESTMENTS LLC, Chapter 7

ORIGINAL

Debtor.

_______________________________/

CERTIFICATE OF NON-APPEARANCE

STATE OF FLORIDA )
: SS
COUNTY OF DADE )

I, KAREN B. PATLAK, a Court Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that pursuant to a Notice of Second Rule 2004 Examination Duces Tecum in the above-entitled cause, I appeared via Zoom Videoconferencing, on Wednesday, April 23, 2025 at 10:00 a.m., and the witness, IONETTI MACEO on behalf of Smart Tax Latin LLC, did not appear via Zoom Videoconferencing, and that I remained in attendance via Zoom Videoconferencing with David Blansky, Esquire, until 10:20 a.m., at which time I took my leave.

WITNESS my hand and official seal in the City of Miami, County of Dade, State of Florida, this 23rd day of April, 2025.

Karen B. Patlak

_______________________________
KAREN B. PATLAK, COURT REPORTER
Commission No.: HH298638
Expires: September 23, 2026