**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC,

Debtors.
_____________________________________/

Case No.: 24-14100-LMI
(substantively consolidated)
Chapter 7

**TRUSTEE'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

MARCIA T. DUNN, the duly appointed Chapter 7 Trustee (the "Trustee") for the consolidated bankruptcy estate of City Trust Investments LLC, Loreta Investments, LLC, Gain 11 Investments, LLC, 14445 SW 289 ST LLC; and Citywide Property Management LLC (the "Debtors"), by and through undersigned counsel, files this motion to enforce settlement agreement with Sun 1318 Corp., MCC Group, LLC, and Barillas Holdings, LLC (collectively, the "Lenders"), and in support states as follows:

**BACKGROUND**

1. On April 26, 2024, City Trust Investments, LLC commenced the above-captioned bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On September 3, 2024, the Court entered an Order converting the case to a case under Chapter 7 [D.E. 144], and Marcia T. Dunn was appointed as Chapter 7 Trustee [D.E. 153].

3. On February 25, 2025, the Trustee filed her Motion to Substantively Consolidate Loreta Investments LLC, Gain 11 Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC into this Estate [D.E. 261] (the "Substantive Consolidation Motion").

4. On August 26, 2025, the Trustee filed her Motion to Compromise Controversy and for approval of a settlement agreement with Hector and Mirian Serrano (jointly, the "Serranos") [D.E. 607] (the "Serrano 9019"). The Court entered an order approving the Serrano 9019 on October 3, 2025 [D.E. 629].

5. The Serrano 9019 contemplated resolving *inter alia* the Estate's interest and claims in and to various pieces of real property and for other prospective avoidable transfers, including but not limited to the properties located at:

a. 12611 SW 264th Street, 30230 SW 149th Avenue, and 29904 SW 149th Court (collectively, the "Category B Properties"); and

b. 14214 SW 283rd Street; 15240 SW 296th Street; 14374 SW 297th Terrace; 1035 NE 12th Avenue; 1021 NE 5th Avenue; 28701 SW 144th Avenue; 14312 SW 283rd Street; 14511 SW 293rd Terrace; 15400 SW 305th Street; 14761 Harding Drive; 28009 SW 143rd Court; 14306 SW 283rd Street; 14264 SW 283rd Street (collectively, the "Category C & D Properties," and together with the Category B Properties, the "Properties").

6. Uriel Feldman, Belawi, LLC, Les Dauphinois, LLC, Daniel Halperin, Herra, LLC, Sunny Monday, LLC, Anda Trust, Playa Verde, LLC, Lobos Island, LLC, Lons, LLC, and Gira Property, LLC (collectively, the "Category C & D Lenders") assert secured claims in the respective Category C & D Properties.

7. Sun 1318 Corp., MCC Group, LLC, and Barillas Holdings, LLC (collectively, the "Category B Lenders") assert secured claims in the respective Category B Properties.

8. After default, the Court entered Final Judgment in favor of the Trustee against the Serranos on December 31, 2025 [D.E. 653], which has subsequently been duly recorded.

9. The Trustee and the Lenders thereafter engaged in settlement negotiations concerning the Properties.

10. During those negotiations, and based on the parties' shared understanding that the Category C & D Properties have limited equity, the parties agreed to a flat per-property payment to resolve disputes relating to the Category C & D Properties (as further reflected in the Trustee's Rule 9019 Motion filed contemporaneously herewith)

11. In addition, based on the parties' shared understanding that the Category B Properties may have substantial equity, the parties agreed upon a framework for resolving disputes related to the Category B Properties through potential sales under 11 U.S.C. § 363. By email dated March 13, 2026, counsel for the Category B Lenders proposed the final economic and carve-out terms as follows: "15% if the property sells for $485,000 or less; 20% if the property sells for between $485,000 and $541,000; 25% if the property sells for over $541,000; Administrative expenses $6,000."

12. Ten minutes later, Trustee's counsel responded: "Damian - deal. I will work on the stipulations." The e-mail exchanges memorializing the parties' agreement are incorporated herein by reference and attached hereto as **Composite Exhibit A**.

13. The parties' agreement also included the pro rata allocation percentages for any bulk offer involving all three Category B Properties: 12611 SW 264th Street - 36.5%; 29904 SW 149th Court - 31.7%; and 30230 SW 149th Avenue - 31.7%. Those percentages had already been expressly proposed by Trustee's counsel during the negotiations, assented to by the Category B Lenders' counsel and were incorporated into the draft stipulation prepared after the parties reached the agreement.

14. In reliance on this settlement agreement, on March 12, 2026, the Trustee negotiated a settlement with the Serranos for their consent and participation in a sale process of the Category B Properties currently titled in their names, and in which the Estate has both equitable and secured interests. The settlement with the Serranos contemplates the Estate giving an additional credit towards satisfying the outstanding judgment amount held by the Trustee.

15. On March 16, 2026, in further reliance upon the fact that the parties had reached a settlement, Trustee's counsel circulated a draft stipulation reflecting the agreed material terms, including the agreed-upon $6,000 administrative expense payment to the Estate. The Trustee's draft stipulation is incorporated herein by reference and attached hereto as **Exhibit B**.

16. The Trustee's draft stipulation memorialized the broader, integrated resolution that the Trustee was able to secure with the Serranos. To facilitate the settlement and the contemplated § 363 sale process, the Trustee obtained the Serranos' cooperation and consent to sale and, in exchange, agreed to provide the Serranos an additional credit of $27,000 per property, plus credit for any carve-out received by the Trustee. Those concessions were part of the Trustee's reliance on the Category B Lenders' agreement and reflect further compromise and bargained-for consideration undertaken to consummate the settlement framework.

17. After receiving Trustee's draft stipulation, counsel for the Category B Lenders did not simply request non-material cleanup or ministerial revisions. Instead, counsel for the Category B Lenders circulated a revised stipulation that added material provisions that had never been agreed to by the parties. That revised stipulation is incorporated herein by reference and attached hereto as **Exhibit C.**

18. Among other things, the Category B Lenders' revised stipulation attempted to alter the agreed allocation percentages and inserted a wholly new condition providing: "However, if the

properties sell for under $485,000, the Lenders have final approval of the final numbers before closing and can reject the closing which the Trustee will have to relist the property for sale for a higher number acceptable to the Lenders."

19. That lender-veto provision was never part of the parties' negotiations, was never accepted by the Trustee, and materially changes the settlement by giving the Category B Lenders a unilateral post-agreement approval right over sales that the parties had already agreed would be governed by the sliding-scale carve-out framework.

20. Counsel for the Category B Lenders also attempted to improperly renegotiate the pro rate percentage allocations it had previously agreed to and incorporated in a draft of the stipulation to the Trustee. *See* Ex. C.

21. Counsel for the Category B Lenders thereafter confirmed that the new language was being proposed because "[w]e would have to put a minimum sale price or the lenders will not sign" and suggested alternative language that likewise had never been agreed to. In other words, after reaching an agreement on the settlement related to the Category B Properties, the Category B Lenders attempted to condition execution on the Trustee's acceptance of new material terms.

22. The parties are therefore not at an impasse over drafting mechanics or ancillary language. They had already agreed to the material settlement terms; the dispute arises because the Category B Lenders now seek to revise that bargain after the fact.

**LEGAL ARGUMENT**

23. This Court "possesses the inherent authority to summarily enforce a settlement agreement entered into by parties . . . in a pending case." *In re Rolsafe Int'l, LLC*, 477 B.R. 884, 901 (Bankr. M.D. Fla. 2012) (citing *Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991)).

24. In deciding whether a settlement agreement has been reached, the Court looks to the objectively manifested intentions of the parties. *Lewis v. Nationstar Mortg. LLC,* No. 4:19-CV-00164-D, 2021 WL 6275805, at *2 (E.D. N.C. Apr. 1, 2021) (quoting *Moore v. Beaufort Cty.,* N.C., 936 F.2d 159, 162 (4th Cir. 1991)). Naturally, ordinary contract principles apply and, as with any contract, there must be a meeting of the minds as to all essential terms of the agreement. *Id*.

25. State law governs the validity and enforceability of settlement agreements. *Rolsafe*, 477 B.R. at 901 (citing *Burke v. Smith*, 252 F.3d 1260, 1266 (11th Cir. 2001)). All parties to this settlement agreement are in Florida. In Florida, the principles of contract law govern settlement agreements. *In re Callahan*, No. 6:13-BK-15431-CCJ, 2017 WL 11569087, at *3 (Bankr. M.D. Fla. Mar. 20, 2017) (citing *Schwartz v. Florida Board of Regents*, 807 F.2d 901, 905 (11th Cir. 1987)).

26. "Florida law is clear that a settlement can be reached through a series of email exchanges." *Rolsafe*, 477 B.R. at 902 (citing *Warrior Creek Development, Inc. v. Cummings*, 56 So. 3d 915 (Fla. 2d DCA 2011) (affirming trial court order enforcing settlement agreement reached by e-mail where one party thereafter refused to sign the written settlement agreement)). Further, federal courts within the Eleventh Circuit have likewise held that a binding settlement agreement can be reached via email. *Rolsafe*, 477 B.R. at 902 (citing *Miles v. Northwestern Mutual Life Ins. Co.,* 677 F. Supp. 2d 1312 (M.D. Fla. 2009); *Terra-ADI Int'l Dadeland, LLC v. Zurich American Ins. Co.,* 2007 WL 2460744 (S.D. Fla. Aug. 24, 2007); *Jarvis v. City Electric Supply Co*., 2012 WL 933057 (M.D. Fla. Mar. 5, 2012)).

27. Additionally, settlements may exist and be enforced even though they are not signed by the parties, or even reduced to writing at all. *Rolsafe*, 477 B.R. at 903 (citing *Vital Pharmaceuticals, Inc. v. S.A.N. Nutrition Corp*., 2007 WL 1655421, at *6 (S.D. Fla. June 6, 2007)

("Execution of the settlement agreement is not a condition precedent to a settlement agreement, but rather is merely a procedural formality.")). *See also Bonagura v. Home Depot*, 991 So. 2d 902 (Fla. 1st DCA 2008) (holding that the parties reached a valid, binding oral settlement agreement without contingencies); *Boyko v. Ilardi,* 613 So. 2d 103 (Fla. 3d DCA 1993) (finding that the parties entered into a binding oral settlement agreement which was expressly agreed to by both parties).

28. Even where the execution of a formal settlement agreement is contemplated, such is not required for enforcement of a settlement where the material terms are clearly set forth in the parties' electronic correspondence. *Lewis,* 2021 WL 6275805, at *4 ("Finally, while the execution of a formal settlement agreement was contemplated, it is not required for enforcement as the material terms were clearly set forth in the electronic messages and Notice of Settlement."). Simply because the parties contemplated the drafting of a subsequent formal, written contract, does not denote that they did not intend to be bound immediately by their oral or written negotiations. *Lifecare Int'l, Inc. v. CD Med., Inc*., 68 F.3d 429, 436 (11th Cir. 1995), opinion modified and supplemented, 85 F.3d 519 (11th Cir. 1996) (citing *Citizens Bank of Perry v. Harlie Lynch Constr. Co*., 426 So. 2d 52, 54 n.2 (Fla. 1st DCA 1983)).

29. Here, there is no doubt that the manifest intention of the parties was to settle the matter between the Trustee and the Lenders as to the Category B Properties. The e-mail exchanges attached hereto as Composite Exhibit A clearly demonstrate that the parties agreed to material terms of the settlement, and Trustee's counsel expressly accepted the Lenders' final proposal by responding: ***"Damian - deal. I will work on the stipulations."***

30. The material terms agreed upon by e-mail were specific and definite. They included the sliding-scale carve-out percentages, the price brackets, the $6,000 administrative expense

payment to the Estate, and the agreed pro rata allocation percentages for a bulk sale of the three Category B Properties. Those are not ancillary drafting points; they are the core economic terms of the bargain.

31. The e-mails exchanged between the parties also reflect that neither party expressly reserved the right not to be bound in the absence of a written settlement agreement. Further, all material terms were agreed to by e-mail. The Category B Lenders' later insertion of a lender-veto provision and altered allocation percentages does not reveal ambiguity in the parties' prior agreement; it confirms only that the Category B Lenders later attempted to renegotiate that agreement.

32. Additionally, the Trustee detrimentally relied upon the fact that the parties had reached a settlement by preparing the formal stipulation, securing the Serranos' cooperation with the contemplated § 363 sale process, and agreeing to additional credits in favor of the Serranos in order to facilitate the global resolution embodied in the Trustee's draft stipulation. Doing so required the Trustee to undertake additional compromise and to structure the liquidation process in reliance on the Category B Lenders' agreement to the settled framework.

33. Simply put, this is not a situation where the parties find themselves at a roadblock over ancillary terms in the written agreement. Instead, the Lenders are refusing to execute the settlement paperwork unless the Trustee accepts new, material conditions that were never part of the deal.

34. A party's refusal to execute a written settlement agreement containing the agreed material terms is no defense to having agreed to them in the first place. *Lewis*, 2021 WL 6275805, at *4. Nor may a party avoid an otherwise binding settlement by demanding more favorable terms after the agreement has been reached. See also *McCalla v. Liberty Life Assurance Co. of Bos.*, No.

18-cv-1971, 2020 WL 587003, at *2-3 (E.D.N.Y. Feb. 6, 2020) (enforcing settlement agreement where counsel agreed to material terms in advance of a formal agreement, but a party later refused to execute and instead demanded more favorable terms).

35. Based on the foregoing, the Court should find that the parties entered into a binding settlement agreement, as evidenced by Composite Exhibit A and reflected in Exhibit B, and enforce the same against the Category B Lenders. The material terms are clearly set forth in the parties' electronic correspondence, the Trustee acted in reliance upon the agreement, and the Category B Lenders' attempt to insert new material terms into the revised paperwork should not excuse their performance under the agreed-upon terms.

36. The Trustee expressly reserves all rights to seek attorney's fees and costs incurred in connection with the enforcement of the settlement agreement.

**WHEREFORE** MARCIA T. DUNN, as Chapter 7 Trustee of the bankruptcy estate of City Trust Investments, LLC, respectfully requests this Honorable Court to enter an order (i) granting the present motion and enforce the settlement agreement; (ii) determining that the settlement is accurately reflected in the Trustee's draft stipulation, subject only to non-material cleanup revisions; (iii) awarding the Trustee her reasonable attorney's fees and costs; and (iv) grant such other and further relief as the Court deems just and proper.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
akapai@dunnlawpa.com

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served on this 24th day of March, 2026, via Notice of Electronic Filing (CM/ECF) upon all registered users in this case.

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794

# COMPOSITE EXHIBIT "A"

Outlook

**Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)**

**From** Amrit Kapai <akapai@dunnlawpa.com>
**Date** Fri 3/13/2026 4:33 PM
**To** Damian Waldman <damian@dwaldmanlaw.com>; Michael Dunn <michael.dunn@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>

Damian - deal. I will work on the stipulations.

Amrit S. Kapai, Esq.
akapai@dunnlawpa.com
786-534-3661

---

**From:** Damian Waldman <damian@dwaldmanlaw.com>
**Sent:** Friday, March 13, 2026 4:23 PM
**To:** Michael Dunn <michael.dunn@dunnlawpa.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Good afternoon

Michael, lets just split the difference

Please see below

- 15% if the property sells for $485,000 or less
- 20% if the property sells for between $485,000 and $541,000
- 25% if the property sells for over $541,000

Administrative espenses $6,000

Damian Waldman, Esq.
President and Managing Attorney,
Florida Supreme Court Certified Circuit Civil Mediator
The Law Offices of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2 (Seminole Office)
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: service@dwaldmanlaw.com

3106 Alternate US 19, Suite B (Palm Harbor Office)
Palm Harbor, FL 34683
Telephone: (727) 940-2516
Facsimile: (727) 940-2517

8630 Government Drive, Suite 101 (New Port Richey Satellite Office)
New Port Richey, FL 34654
Telephone: (727) 538-4160
Facsimile: (727) 538-4201

P.O. Box 5162 (Mailing Address)
Largo, FL 33779
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

*******Providing Any and all Real Estate transactions including, but not limited to closing and contractual matters********

Waldman and Kaplan, P.A., (New Jersey Affiliate)
174 Nassau Street, Suite 313
Princeton, NJ 08542
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703
Email:njforeclosures@dwaldmanlaw.com

DWaldman Law, P.C. (Texas Affiliate)
5900 Balcones Drive., Suite 100
Austin, TX 78731
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
texasforeclosures@dwaldmanlaw.com

Waldman, Kalahar & Associates, PLLC (New York Affiliate)
315 Madison Avenue, 3rd Floor
New York, NY 10017
Local Phone: (646) 979-3780
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

NY Secondary Mailing Address
130 7th Avenue, Suite 244
New York, NY 10011
newyorkforeclosures@dwaldmanlaw.com

Waldman & Porras, PLLC (Nevada Affiliate)
201 West Liberty, Suite 207
Reno, NV 89501
Telephone: (775) 525-9246

Facsimile: (888) 688-4975
nevadafc@dwaldmanlaw.com

Dwaldmanlaw, P.C. (Pennsylvania Affiliate)
4900 Carlisle Pike, Suite 182
Mechanicsburg, PA 17050
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
paforeclosures@dwaldmanlaw.com

Law Offices of Damian G. Waldman, P.A. (Tennessee Office)
115 Penn Warren Dr., Suite 300-309
Brentwood, TN 37027
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
tennesseefc@dwaldmanlaw.com

**Please note our new main office address of:**
**10333 Seminole Blvd., Units 1 and 2, Seminole, FL 33778***

NOTE: THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND/OR MAY CONSTITUTE PRIVILEGED WORK PRODUCT. This email and the information contained herein is intended only for the use of the specific individual or entity to whom this email was intended. If you are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email or the information contained therein is STRICTLY PROHIBITED. If you have received this email in error, please immediately notify our office by phone, return the email to our office, and delete this email from your system. Thank you for your assistance.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

WARNING: Although the Law Offices of Damian G. Waldman, P.A. and its affiliates have taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses.

THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.

Administration expenses of $5,000

Best regards,

Damian

Damian Waldman, Esq.
President and Managing Attorney,
Florida Supreme Court Certified Circuit Civil Mediator
The Law Offices of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2 (Seminole Office)
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: service@dwaldmanlaw.com

3106 Alternate US 19, Suite B (Palm Harbor Office)
Palm Harbor, FL 34683
Telephone: (727) 940-2516
Facsimile: (727) 940-2517

8630 Government Drive, Suite 101 (New Port Richey Satellite Office)
New Port Richey, FL 34654
Telephone: (727) 538-4160
Facsimile: (727) 538-4201

P.O. Box 5162 (Mailing Address)
Largo, FL 33779
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

*******Providing Any and all Real Estate transactions including, but not limited to closing and contractual matters********

Waldman and Kaplan, P.A., (New Jersey Affiliate)
174 Nassau Street, Suite 313
Princeton, NJ 08542
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703
Email:njforeclosures@dwaldmanlaw.com

DWaldman Law, P.C. (Texas Affiliate)
5900 Balcones Drive., Suite 100
Austin, TX 78731

Telephone: (844) 899-4162
Facsimile: (844) 882-4703
texasforeclosures@dwaldmanlaw.com

Waldman, Kalahar & Associates, PLLC (New York Affiliate)
315 Madison Avenue, 3rd Floor
New York, NY 10017
Local Phone: (646) 979-3780
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

NY Secondary Mailing Address
130 7th Avenue, Suite 244
New York, NY 10011
newyorkforeclosures@dwaldmanlaw.com

Waldman & Porras, PLLC (Nevada Affiliate)
201 West Liberty, Suite 207
Reno, NV 89501
Telephone: (775) 525-9246
Facsimile: (888) 688-4975
nevadafc@dwaldmanlaw.com

Dwaldmanlaw, P.C. (Pennsylvania Affiliate)
4900 Carlisle Pike, Suite 182
Mechanicsburg, PA 17050
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
paforeclosures@dwaldmanlaw.com

Law Offices of Damian G. Waldman, P.A. (Tennessee Office)
115 Penn Warren Dr., Suite 300-309
Brentwood, TN 37027
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
tennesseefc@dwaldmanlaw.com

**Please note our new main office address of:**
**10333 Seminole Blvd., Units 1 and 2, Seminole, FL 33778***

NOTE: THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND/OR MAY CONSTITUTE PRIVILEGED WORK PRODUCT. This email and the information contained herein is intended only for the use of the specific individual or entity to whom this email was intended. If you are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email or the information contained therein is STRICTLY PROHIBITED. If you have received this email in error, please immediately notify our office by phone, return the email to our office, and delete this email from your system. Thank you for your assistance.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

WARNING: Although the Law Offices of Damian G. Waldman, P.A. and its affiliates have taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses.

THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.

---

**From:** Michael Dunn <michael.dunn@dunnlawpa.com>
**Sent:** Friday, March 13, 2026 3:38 PM
**To:** Damian Waldman <damian@dwaldmanlaw.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Please see below

- 15% if the property sells for $485,000 or less
- 20% if the property sells for between $485,000 and $537,000
- 25% if the property sells for over $537,000

Administration expenses of $7,000

**Michael P. Dunn**

DUNNLAW, P.A.

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution, duplication or copying of this communication is strictly prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete or destroy the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or

retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

**THIS LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. IF YOU DO NOT NOTIFY US WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, OR REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT OR JUDGMENT AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE.**

---

**From:** Damian Waldman <damian@dwaldmanlaw.com>
**Sent:** Friday, March 13, 2026 3:36 PM
**To:** Michael Dunn <michael.dunn@dunnlawpa.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Good afternoon

Please see below

- 15% if the property sells for $485,000 or less
- 20% if the property sells for between $485,000 and $545,000
- 25% if the property sells for over $545,000

Administration expenses of $5,000

Best regards,

Damian

Damian Waldman, Esq.
President and Managing Attorney,
Florida Supreme Court Certified Circuit Civil Mediator
The Law Offices of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2 (Seminole Office)
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: service@dwaldmanlaw.com

3106 Alternate US 19, Suite B (Palm Harbor Office)
Palm Harbor, FL 34683
Telephone: (727) 940-2516
Facsimile: (727) 940-2517

8630 Government Drive, Suite 101 (New Port Richey Satellite Office)
New Port Richey, FL 34654
Telephone: (727) 538-4160
Facsimile: (727) 538-4201

P.O. Box 5162 (Mailing Address)
Largo, FL 33779
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

*******Providing Any and all Real Estate transactions including, but not limited to closing and contractual matters********

Waldman and Kaplan, P.A., (New Jersey Affiliate)
174 Nassau Street, Suite 313
Princeton, NJ 08542
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703
Email:njforeclosures@dwaldmanlaw.com

DWaldman Law, P.C. (Texas Affiliate)
5900 Balcones Drive., Suite 100
Austin, TX 78731
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
texasforeclosures@dwaldmanlaw.com

Waldman, Kalahar & Associates, PLLC (New York Affiliate)
315 Madison Avenue, 3rd Floor
New York, NY 10017
Local Phone: (646) 979-3780
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

NY Secondary Mailing Address
130 7th Avenue, Suite 244
New York, NY 10011
newyorkforeclosures@dwaldmanlaw.com

Waldman & Porras, PLLC (Nevada Affiliate)
201 West Liberty, Suite 207
Reno, NV 89501
Telephone: (775) 525-9246
Facsimile: (888) 688-4975
nevadafc@dwaldmanlaw.com

Dwaldmanlaw, P.C. (Pennsylvania Affiliate)
4900 Carlisle Pike, Suite 182

Mechanicsburg, PA 17050
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
paforeclosures@dwaldmanlaw.com

Law Offices of Damian G. Waldman, P.A. (Tennessee Office)
115 Penn Warren Dr., Suite 300-309
Brentwood, TN 37027
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
tennesseefc@dwaldmanlaw.com

**Please note our new main office address of:**
**10333 Seminole Blvd., Units 1 and 2, Seminole, FL 33778***

NOTE: THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND/OR MAY CONSTITUTE PRIVILEGED WORK PRODUCT. This email and the information contained herein is intended only for the use of the specific individual or entity to whom this email was intended. If you are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email or the information contained therein is STRICTLY PROHIBITED. If you have received this email in error, please immediately notify our office by phone, return the email to our office, and delete this email from your system. Thank you for your assistance.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

WARNING: Although the Law Offices of Damian G. Waldman, P.A. and its affiliates have taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses.

THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.

---

**From:** Michael Dunn <michael.dunn@dunnlawpa.com>
**Sent:** Friday, March 13, 2026 3:32 PM
**To:** Damian Waldman <damian@dwaldmanlaw.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes

<plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

15% if the property sells for $485,000 or less

- 20% if the property sells for between $485,000 and $536,000
- 25% if the property sells for over $536,000

Administrative expenses of $7,500

**Michael P. Dunn**

DUNNLAW, PA

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution, duplication or copying of this communication is strictly prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete or destroy the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

**THIS LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. IF YOU DO NOT NOTIFY US WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, OR REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT OR JUDGMENT AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE.**

---

**From:** Damian Waldman <damian@dwaldmanlaw.com>
**Sent:** Friday, March 13, 2026 3:24 PM
**To:** Michael Dunn <michael.dunn@dunnlawpa.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Good afternoon

Please see below

- 15% if the property sells for $485,000 or less
- 20% if the property sells for between $485,000 and $550,000
- 25% if the property sells for over $550,000

Administration expenses of $2,500

Best regards,

Damian

Damian Waldman, Esq.
President and Managing Attorney,
Florida Supreme Court Certified Circuit Civil Mediator
The Law Offices of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2 (Seminole Office)
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: service@dwaldmanlaw.com

3106 Alternate US 19, Suite B (Palm Harbor Office)
Palm Harbor, FL 34683
Telephone: (727) 940-2516
Facsimile: (727) 940-2517

8630 Government Drive, Suite 101 (New Port Richey Satellite Office)
New Port Richey, FL 34654
Telephone: (727) 538-4160
Facsimile: (727) 538-4201

P.O. Box 5162 (Mailing Address)
Largo, FL 33779
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

*******Providing Any and all Real Estate transactions including, but not limited to closing and contractual matters********

Waldman and Kaplan, P.A., (New Jersey Affiliate)
174 Nassau Street, Suite 313
Princeton, NJ 08542
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703
Email:njforeclosures@dwaldmanlaw.com

DWaldman Law, P.C. (Texas Affiliate)
5900 Balcones Drive., Suite 100
Austin, TX 78731
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
texasforeclosures@dwaldmanlaw.com

Waldman, Kalahar & Associates, PLLC (New York Affiliate)
315 Madison Avenue, 3rd Floor
New York, NY 10017
Local Phone: (646) 979-3780
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

NY Secondary Mailing Address
130 7th Avenue, Suite 244
New York, NY 10011
newyorkforeclosures@dwaldmanlaw.com

Waldman & Porras, PLLC (Nevada Affiliate)
201 West Liberty, Suite 207
Reno, NV 89501
Telephone: (775) 525-9246
Facsimile: (888) 688-4975
nevadafc@dwaldmanlaw.com

Dwaldmanlaw, P.C. (Pennsylvania Affiliate)
4900 Carlisle Pike, Suite 182
Mechanicsburg, PA 17050
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
paforeclosures@dwaldmanlaw.com

Law Offices of Damian G. Waldman, P.A. (Tennessee Office)
115 Penn Warren Dr., Suite 300-309
Brentwood, TN 37027
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
tennesseefc@dwaldmanlaw.com

**Please note our new main office address of:**
**10333 Seminole Blvd., Units 1 and 2, Seminole, FL 33778***

NOTE: THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND/OR MAY CONSTITUTE PRIVILEGED WORK PRODUCT. This email and the information contained herein is intended only for the use of the specific individual or entity to whom this email was intended. If you are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email or the information contained therein is STRICTLY PROHIBITED. If you have received this email in error, please immediately notify our office by phone, return the email to our office, and delete this email from your system. Thank you for your assistance.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained

in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

WARNING: Although the Law Offices of Damian G. Waldman, P.A. and its affiliates have taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses.

THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.

---

**From:** Michael Dunn <michael.dunn@dunnlawpa.com>
**Sent:** Friday, March 13, 2026 3:07 PM
**To:** Damian Waldman <damian@dwaldmanlaw.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Im okay with the first tier.

- 15% if the property sells for $485,000 or less
- 20% if the property sells for between $480,000 and $535,000
- 25% if the property sells for over $535,000

That was not our understanding. We were going to walk from the 10k admin expense <u>if</u> you agreed to the initial brackets Amrit sent - this is different. I'll knock it down to $7500 to wrap it up.

Please confirm.

**Michael P. Dunn**

DUNNLAW, P.A.

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution, duplication or copying of this communication is strictly prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete or destroy the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

THIS LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. IF YOU DO NOT NOTIFY US WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, OR REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT OR JUDGMENT AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE.

---

**From:** Damian Waldman <damian@dwaldmanlaw.com>
**Sent:** Friday, March 13, 2026 3:01 PM
**To:** Michael Dunn <michael.dunn@dunnlawpa.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Hi Michael and Amrit

Please see below counter offer

- 15% if the property sells for $485,000 or less
- 20% if the property sells for between $485,000 and $555,000
- 25% if the property sells for over $555,000

I would like to note as previously agreed between Paula and Amrit, this does not include a $10,000 estate administration fees.

Best regards,

Damian

Damian Waldman, Esq.
President and Managing Attorney,
Florida Supreme Court Certified Circuit Civil Mediator
The Law Offices of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2 (Seminole Office)
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: service@dwaldmanlaw.com

3106 Alternate US 19, Suite B (Palm Harbor Office)
Palm Harbor, FL 34683
Telephone: (727) 940-2516
Facsimile: (727) 940-2517

8630 Government Drive, Suite 101 (New Port Richey Satellite Office)
New Port Richey, FL 34654
Telephone: (727) 538-4160
Facsimile: (727) 538-4201

P.O. Box 5162 (Mailing Address)
Largo, FL 33779
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

*******Providing Any and all Real Estate transactions including, but not limited to closing and contractual matters********

Waldman and Kaplan, P.A., (New Jersey Affiliate)
174 Nassau Street, Suite 313
Princeton, NJ 08542
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703
Email:njforeclosures@dwaldmanlaw.com

DWaldman Law, P.C. (Texas Affiliate)
5900 Balcones Drive., Suite 100
Austin, TX 78731
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
texasforeclosures@dwaldmanlaw.com

Waldman, Kalahar & Associates, PLLC (New York Affiliate)
315 Madison Avenue, 3rd Floor
New York, NY 10017
Local Phone: (646) 979-3780
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

NY Secondary Mailing Address
130 7th Avenue, Suite 244
New York, NY 10011
newyorkforeclosures@dwaldmanlaw.com

Waldman & Porras, PLLC (Nevada Affiliate)
201 West Liberty, Suite 207
Reno, NV 89501
Telephone: (775) 525-9246
Facsimile: (888) 688-4975
nevadafc@dwaldmanlaw.com

Dwaldmanlaw, P.C. (Pennsylvania Affiliate)
4900 Carlisle Pike, Suite 182

Mechanicsburg, PA 17050
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
paforeclosures@dwaldmanlaw.com

Law Offices of Damian G. Waldman, P.A. (Tennessee Office)
115 Penn Warren Dr., Suite 300-309
Brentwood, TN 37027
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
tennesseefc@dwaldmanlaw.com

**Please note our new main office address of:**
**10333 Seminole Blvd., Units 1 and 2, Seminole, FL 33778***

NOTE: THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND/OR MAY CONSTITUTE PRIVILEGED WORK PRODUCT. This email and the information contained herein is intended only for the use of the specific individual or entity to whom this email was intended. If you are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email or the information contained therein is STRICTLY PROHIBITED. If you have received this email in error, please immediately notify our office by phone, return the email to our office, and delete this email from your system. Thank you for your assistance.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

WARNING: Although the Law Offices of Damian G. Waldman, P.A. and its affiliates have taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses.

THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.

---

**From:** Michael Dunn <michael.dunn@dunnlawpa.com>
**Sent:** Friday, March 13, 2026 2:16 PM
**To:** Damian Waldman <damian@dwaldmanlaw.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes

<plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

I'll move another $5k in each tier - frankly, the delta we're talking about an extra $750 between my last and your last for the middle tier, and another $1,250 between the middle and the top tier.

- 15% if the property sells for $480,000 or less
- 20% if the property sells for between $480,000 and $530,000
- 25% if the property sells for over $530,000

**Michael P. Dunn**

DUNNLAW, P.A.

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution, duplication or copying of this communication is strictly prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete or destroy the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

**THIS LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. IF YOU DO NOT NOTIFY US WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, OR REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT OR JUDGMENT AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE.**

---

**From:** Damian Waldman <damian@dwaldmanlaw.com>
**Sent:** Friday, March 13, 2026 2:13 PM
**To:** Michael Dunn <michael.dunn@dunnlawpa.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

How about this counter below

- 15% if the property sells for $490,000 or less
- 20% if the property sells for between $490,000 and $560,000

- 25% if the property sells for over $560,000

Damian Waldman, Esq.
President and Managing Attorney,
Florida Supreme Court Certified Circuit Civil Mediator
The Law Offices of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2 (Seminole Office)
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: service@dwaldmanlaw.com

3106 Alternate US 19, Suite B (Palm Harbor Office)
Palm Harbor, FL 34683
Telephone: (727) 940-2516
Facsimile: (727) 940-2517

8630 Government Drive, Suite 101 (New Port Richey Satellite Office)
New Port Richey, FL 34654
Telephone: (727) 538-4160
Facsimile: (727) 538-4201

P.O. Box 5162 (Mailing Address)
Largo, FL 33779
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

*******Providing Any and all Real Estate transactions including, but not limited to closing and contractual matters********

Waldman and Kaplan, P.A., (New Jersey Affiliate)
174 Nassau Street, Suite 313
Princeton, NJ 08542
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703
Email:njforeclosures@dwaldmanlaw.com

DWaldman Law, P.C. (Texas Affiliate)
5900 Balcones Drive., Suite 100
Austin, TX 78731
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
texasforeclosures@dwaldmanlaw.com

Waldman, Kalahar & Associates, PLLC (New York Affiliate)
315 Madison Avenue, 3rd Floor

New York, NY 10017
Local Phone: (646) 979-3780
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

NY Secondary Mailing Address
130 7th Avenue, Suite 244
New York, NY 10011
newyorkforeclosures@dwaldmanlaw.com

Waldman & Porras, PLLC (Nevada Affiliate)
201 West Liberty, Suite 207
Reno, NV 89501
Telephone: (775) 525-9246
Facsimile: (888) 688-4975
nevadafc@dwaldmanlaw.com

Dwaldmanlaw, P.C. (Pennsylvania Affiliate)
4900 Carlisle Pike, Suite 182
Mechanicsburg, PA 17050
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
paforeclosures@dwaldmanlaw.com

Law Offices of Damian G. Waldman, P.A. (Tennessee Office)
115 Penn Warren Dr., Suite 300-309
Brentwood, TN 37027
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
tennesseefc@dwaldmanlaw.com

**Please note our new main office address of:**
**10333 Seminole Blvd., Units 1 and 2, Seminole, FL 33778***

NOTE: THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND/OR MAY CONSTITUTE PRIVILEGED WORK PRODUCT. This email and the information contained herein is intended only for the use of the specific individual or entity to whom this email was intended. If you are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email or the information contained therein is STRICTLY PROHIBITED. If you have received this email in error, please immediately notify our office by phone, return the email to our office, and delete this email from your system. Thank you for your assistance.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed

in this e-mail or attachment.

WARNING: Although the Law Offices of Damian G. Waldman, P.A. and its affiliates have taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses.

THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.

---

**From:** Michael Dunn <michael.dunn@dunnlawpa.com>
**Sent:** Friday, March 13, 2026 1:15 PM
**To:** Damian Waldman <damian@dwaldmanlaw.com>; Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

We'll meet in the middle just to wrap this up but we're done there. Subject to the other points mentioned in Amrit's email.

- 15% if the property sells for $475,000 or less
- 20% if the property sells for between $475,000 and $525,000
- 25% if the property sells for over $525,000

Please confirm and we'll update the stip.

As an aside, we have tentatively secured Serrano consent/cooperation to liquidate so this should be a pretty smooth process.

**Michael P. Dunn**

DUNNLAW, P.A.

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution, duplication or copying of this communication is strictly prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete or destroy the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

THIS LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. IF YOU DO NOT NOTIFY US WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, OR REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT OR JUDGMENT AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE.

---

**From:** Damian Waldman <damian@dwaldmanlaw.com>
**Sent:** Friday, March 13, 2026 1:11 PM
**To:** Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Cc:** Michael Dunn <michael.dunn@dunnlawpa.com>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Good afternoon Amrit and Michael

The estate receives a carve-out from the gross sale price of each property as follows:

- 15% if the property sells for $500,000 or less
- 20% if the property sells for between $500,000 and $550,000
- 25% if the property sells for over $575,000

Best regards,

Damian

Damian Waldman, Esq.
President and Managing Attorney,
Florida Supreme Court Certified Circuit Civil Mediator
The Law Offices of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2 (Seminole Office)
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: service@dwaldmanlaw.com

3106 Alternate US 19, Suite B (Palm Harbor Office)
Palm Harbor, FL 34683
Telephone: (727) 940-2516
Facsimile: (727) 940-2517

8630 Government Drive, Suite 101 (New Port Richey Satellite Office)
New Port Richey, FL 34654
Telephone: (727) 538-4160
Facsimile: (727) 538-4201

P.O. Box 5162 (Mailing Address)
Largo, FL 33779
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

*****Providing Any and all Real Estate transactions including, but not limited to closing and contractual matters******

Waldman and Kaplan, P.A., (New Jersey Affiliate)
174 Nassau Street, Suite 313
Princeton, NJ 08542
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703
Email:njforeclosures@dwaldmanlaw.com

DWaldman Law, P.C. (Texas Affiliate)
5900 Balcones Drive., Suite 100
Austin, TX 78731
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
texasforeclosures@dwaldmanlaw.com

Waldman, Kalahar & Associates, PLLC (New York Affiliate)
315 Madison Avenue, 3rd Floor
New York, NY 10017
Local Phone: (646) 979-3780
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

NY Secondary Mailing Address
130 7th Avenue, Suite 244
New York, NY 10011
newyorkforeclosures@dwaldmanlaw.com

Waldman & Porras, PLLC (Nevada Affiliate)
201 West Liberty, Suite 207
Reno, NV 89501
Telephone: (775) 525-9246
Facsimile: (888) 688-4975
nevadafc@dwaldmanlaw.com

Dwaldmanlaw, P.C. (Pennsylvania Affiliate)
4900 Carlisle Pike, Suite 182
Mechanicsburg, PA 17050
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
paforeclosures@dwaldmanlaw.com

Law Offices of Damian G. Waldman, P.A. (Tennessee Office)
115 Penn Warren Dr., Suite 300-309
Brentwood, TN 37027
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
tennesseefc@dwaldmanlaw.com

**Please note our new main office address of:**
**10333 Seminole Blvd., Units 1 and 2, Seminole, FL 33778***

NOTE: THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND/OR MAY CONSTITUTE PRIVILEGED WORK PRODUCT. This email and the information contained herein is intended only for the use of the specific individual or entity to whom this email was intended. If you are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email or the information contained therein is STRICTLY PROHIBITED. If you have received this email in error, please immediately notify our office by phone, return the email to our office, and delete this email from your system. Thank you for your assistance.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

WARNING: Although the Law Offices of Damian G. Waldman, P.A. and its affiliates have taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses.

THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.

---

**From:** Amrit Kapai <akapai@dunnlawpa.com>
**Sent:** Friday, March 13, 2026 9:54 AM
**To:** Paula L. Parkes <plparkes@ww.law>; Damian Waldman <damian@dwaldmanlaw.com>
**Cc:** Michael Dunn <michael.dunn@dunnlawpa.com>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

**FOR SETTLEMENT PURPOSES ONLY**

Damian - following up on our phone call from yesterday, we agree that the sliding-scale approach appropriately aligns incentives and encourages all parties to work together to achieve the highest possible sales price for the Equity Properties. We can agree to the following sliding scale structure:

The estate receives a carve-out from the gross sale price of each property as follows:

- 15% if the property sells for $450,000 or less
- 20% if the property sells for between $450,000 and $500,000
- 25% if the property sells for over $500,000

In the event the Trustee receives a bulk offer to purchase all three Equity Properties, the parties agree that the purchase price shall be allocated among the properties on a pro rata basis based on the following agreed percentages of value: 12611 SW 264th Street – 36.5%; 29904 SW 149th Court – 31.7%; and 30230 SW 149th Avenue – 31.7%.

Finally, the Trustee will receive $10,000 from the sale proceeds to cover the estate's administrative costs associated with the transaction.

Above structure avoids further fights/litigation on attorneys fees, etc. Please let me know if we have a deal so we can wrap this up.

Amrit S. Kapai, Esq.
akapai@dunnlawpa.com
786-534-3661

---

**From:** Damian Waldman <damian@dwaldmanlaw.com>
**Sent:** Wednesday, March 11, 2026 5:43 PM
**To:** Amrit Kapai <akapai@dunnlawpa.com>; Paula L. Parkes <plparkes@ww.law>
**Cc:** Michael Dunn <michael.dunn@dunnlawpa.com>; sabrina dwaldmanlaw.com <sabrina@dwaldmanlaw.com>; Yvette Benito <ybenito@ww.law>
**Subject:** Re: City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Hi Amrit

Lets get on a call tomorrow to discuss and finalize this settlement discussion tomorrow. Please let us know the best time tomorrow

Damian Waldman, Esq.
President and Managing Attorney,
Florida Supreme Court Certified Circuit Civil Mediator
The Law Offices of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2 (Seminole Office)
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: service@dwaldmanlaw.com

3106 Alternate US 19, Suite B (Palm Harbor Office)
Palm Harbor, FL 34683
Telephone: (727) 940-2516
Facsimile: (727) 940-2517

8630 Government Drive, Suite 101 (New Port Richey Satellite Office)
New Port Richey, FL 34654
Telephone: (727) 538-4160
Facsimile: (727) 538-4201

P.O. Box 5162 (Mailing Address)
Largo, FL 33779
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

*******Providing Any and all Real Estate transactions including, but not limited to closing and contractual matters********

Waldman and Kaplan, P.A., (New Jersey Affiliate)
174 Nassau Street, Suite 313
Princeton, NJ 08542
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703
Email:njforeclosures@dwaldmanlaw.com

DWaldman Law, P.C. (Texas Affiliate)
5900 Balcones Drive., Suite 100
Austin, TX 78731
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
texasforeclosures@dwaldmanlaw.com

Waldman, Kalahar & Associates, PLLC (New York Affiliate)
315 Madison Avenue, 3rd Floor
New York, NY 10017
Local Phone: (646) 979-3780
Toll Free Phone: (844) 899-4162
Toll Free Fax: (844) 882-4703

NY Secondary Mailing Address
130 7th Avenue, Suite 244
New York, NY 10011
newyorkforeclosures@dwaldmanlaw.com

Waldman & Porras, PLLC (Nevada Affiliate)
201 West Liberty, Suite 207
Reno, NV 89501
Telephone: (775) 525-9246

Facsimile: (888) 688-4975
nevadafc@dwaldmanlaw.com

Dwaldmanlaw, P.C. (Pennsylvania Affiliate)
4900 Carlisle Pike, Suite 182
Mechanicsburg, PA 17050
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
paforeclosures@dwaldmanlaw.com

Law Offices of Damian G. Waldman, P.A. (Tennessee Office)
115 Penn Warren Dr., Suite 300-309
Brentwood, TN 37027
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
tennesseefc@dwaldmanlaw.com

**Please note our new main office address of:**
**10333 Seminole Blvd., Units 1 and 2, Seminole, FL 33778***

NOTE: THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL, MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND/OR MAY CONSTITUTE PRIVILEGED WORK PRODUCT. This email and the information contained herein is intended only for the use of the specific individual or entity to whom this email was intended. If you are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this email or the information contained therein is STRICTLY PROHIBITED. If you have received this email in error, please immediately notify our office by phone, return the email to our office, and delete this email from your system. Thank you for your assistance.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

WARNING: Although the Law Offices of Damian G. Waldman, P.A. and its affiliates have taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses.

THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.

**From:** Amrit Kapai <akapai@dunnlawpa.com>
**Sent:** Friday, March 6, 2026 2:55 PM
**To:** Paula L. Parkes <plparkes@ww.law>; Damian Waldman <damian@dwaldmanlaw.com>
**Cc:** Michael Dunn <michael.dunn@dunnlawpa.com>
**Subject:** City Trust - Lender Settlement Stip (Cat B, C, & D Properties)

Paula/Damian - see attached. Subject to any final revisions from the Trustee.

**Amrit S. Kapai, Esq.**
*Partner*
DUNNLAW, PA

66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: 786.534.3661
Fax: 786.260.0269
Email: akapai@dunnlawpa.com
Website: www.dunnlawpa.com

Licensed in Florida and Illinois.

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution, duplication or copying of this communication is strictly prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete or destroy the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

**THIS LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. IF YOU DO NOT NOTIFY US WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, OR REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT OR JUDGMENT AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE.**

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

| | |
|---|---|
| CITY TRUST INVESTMENTS, LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC, | Case No.: 24-14100-LMI (substantively consolidated) |
| | Chapter 7 |
| Debtors. | |

_______________________________/

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

| | |
|---|---|
| CITY TRUST INVESTMENTS, LLC, | Case No.: 24-14100-LMI |
| | Chapter 7 |
| Debtor. | |

_______________________________/

**STIPULATION TO COMPROMISE CONTROVERSY**

This Stipulation to Compromise Controversy ("Stipulation") is entered into between Marcia T. Dunn, solely as Chapter 7 Trustee ("Trustee") of the consolidated bankruptcy estate (the "Estate") of City Trust Investments, LLC, *et al.*; Sun 1318 Corp, MCC Group, LLC, and Barillas Holdings, LLC (the "Lenders,"); and Hector Serrano and Mirian Serrano (together, the "Serranos"); collectively referred to herein as the "Parties", on the Effective Date (as defined below)..

WHEREAS, on April 26, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case");

WHEREAS, on September 3, 2024, this Court entered an Order converting the Debtor's case to a Chapter 7 proceeding [D.E. 144];

WHEREAS, Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtor's Estate [D.E. 153];

WHEREAS, on February 25, 2025, the Trustee filed a *Motion to Substantively Consolidate Loreta Investments LLC; Gain 11 Investments, LLC; 14445 SW 289 ST LLC; and Citywide Property Management LLC in this Estate* [D.E. 261], the "Sub Con Motion;" Loreta Investments LLC, Gain Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC shall be referred to collectively as the "Sub Con Debtors"];

WHEREAS, on July 11, 2025 the Court made substantive rulings on the Sub Con Motion affecting the Parties and the subject matter of this Stipulation by virtue of an *Agreed Order Resetting Evidentiary Hearing, Establishing Related Deadlines, and Addressing Other Matters* [D.E. 521];

WHEREAS, on September 23, 2025, the Court entered an order granting the Sub Con Motion [D.E. 623] and substantively consolidating the Sub Con Debtors into the Estate;

WHEREAS, the Lenders assert secured mortgage liens against various Properties (as defined herein) alleged to be titled in the name of the Serranos;

WHEREAS, the Trustee asserts a claim and interest in the Properties (as defined herein), including, but not limited to, through a recorded judgment lien;

WHEREAS, the following properties (each a "Property," and collectively, the "Properties") appear to contain potential equity above the secured claims asserted by the Lenders, based on the Parties' current understanding of the value of the properties relative to the secured claims asserted by the Lenders:

- 12611 SW 264th Street (Lender: MCC Group, LLC)
- 30230 SW 149th Avenue (Lender: Sun 1318 Corp.)
- 29904 SW 149th Court (Lender: Barillas Holdings, LLC)

WHEREAS, the Parties have agreed the Properties will be addressed through a framework contemplating potential sales pursuant to 11 U.S.C. § 363, as set forth in this Stipulation;

WHEREAS, to avoid the high cost and uncertainties of litigation, the Parties desire to settle pending and prospective disputes related to the Properties and agree that the resolution memorialized herein is the most efficient way to settle the issues between the Parties; and

WHEREAS, the Parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following:

1. **Effective Date**: This Stipulation shall be deemed effective upon the last party signing same, either by wet ink or electronically.

2. **Bankruptcy Court Approval**: The Parties agree that this Stipulation is subject to Bankruptcy Court approval pursuant to Fed.R.Bankr.P. 9019. The Trustee shall move for such approval within fourteen (14) days of the Effective Date.

3. **§ 363 Sale Framework**: The Parties agree that the Trustee shall seek to sell the Properties pursuant to 11 U.S.C. § 363, subject to the following framework:

a. The ~~estate~~ Estate receives a carve-out from the gross sale price of each Property as follows: 15% if the Property sells for $4~~90~~85,000.00 or less; 20% if the Property sells for between $4~~90~~85,000.00 and $5~~60~~41,000.00; 25% if the Property sells for over $5~~60~~41,000.00.

b. In the event the Trustee receives a bulk offer to purchase all three Properties, the parties agree that the purchase price shall be allocated among the

Properties on a *pro rata* basis based on the following agreed percentages of value: 12611 SW 264th Street – 36.5%; 29904 SW 149th Court – 31.7%; and 30230 SW 149th Avenue – 31.7%.

c. At the closing of the sale of the Properties, the Trustee shall receive $6,000 in the aggregate from the sale proceeds to reimburse the estate for administrative expenses incurred.

The Trustee's pursuit of a § 363 sale of the Properties is expressly conditioned upon the cooperation with and consent to such sale by the Serranos, including reasonable cooperation with respect to access to the properties, marketing, showings, and execution of customary sale documentation necessary to facilitate the sales and closing process.

4. **Consent to and Cooperation with Sale.** The Serranos hereby consent to the sale of the Properties pursuant to § 363 and agree to reasonably cooperate with the Trustee and her professionals in connection with the marketing and sale process. Such cooperation shall include, without limitation, providing access to the Properties for inspection and showings, providing rent rolls, tenant information, and any other information reasonably requested for marketing the Properties to potential third-party purchasers, and executing customary sale documentation reasonably necessary to facilitate the marketing, sale, and closing of the Properties.

In consideration for such cooperation and consent, the Serranos shall receive a credit against the *Final Judgment Against Hector Serrano and Mirian Serrano* [D.E. 653] entered in favor of the Trustee and against the Serranos in the amount of (i) any carve-out received by the Trustee in connection with the sale of the Properties, plus (ii) an additional credit of $27,000 per Property.

Formatted: Font: +Body (Calibri), 11 pt
Formatted: Font: Not Bold
Formatted
Formatted: Font: (Default) Times New Roman, 12 pt
Formatted: Indent: Left: 1.5", No bullets or numbering
Formatted: Font: Not Bold
Formatted: Font: Not Bold
Formatted: Font: Not Bold
Formatted: Indent: First line: 0.5", No bullets or numbering
Formatted: Font: Not Bold, Italic
Formatted: Font: Not Bold
Formatted: Font: Not Bold
Formatted: Font: Not Bold

5. **Default**: in the event of a default under this Stipulation by any Party, including the failure to timely perform any obligation set forth herein, the non-defaulting Party shall be entitled to seek enforcement of this Stipulation from the Bankruptcy Court upon appropriate notice and motion. The defaulting Party shall be liable for all reasonable attorneys' fees and costs incurred by the non-defaulting Party in enforcing the terms of this Stipulation or otherwise remedying such default.

6. **No Preclusive Effect**: the Parties agree that this Stipulation and any order approving it shall have no preclusive, evidentiary, or adjudicative effect with respect to any issue in any other matter, including without limitation, issues relating to standing, avoidance claims, recovery claims, the reasonableness or recoverability of attorneys' fees and costs (including seeking related discovery), or any other claims, defenses, or arguments that may be asserted by any Party in any other proceeding.

7. **No In Personam Liability/Deficiency Claims**: the Lenders agree that no in personam liability, deficiency claims, or deficiency judgments shall be sought or entered against any of the Debtor or the Sub Con Debtors, in connection with the loans, mortgages, or foreclosure actions relating to the Properties. The Lenders further acknowledge that the Serranos are not obligors under the promissory notes or mortgages held by the Lenders with respect to the Properties and no claims for in personam liability, deficiency claims, or deficiency judgments exist against the Serranos with respect to the Properties. Nothing herein shall be construed as a waiver of any rights or remedies the Lenders may have against the Serranos under any separate agreement or settlement between the Lenders and the Serranos, including the right to enforce the terms of any such agreement..

8. **Mutual Releases/Waiver of Claims:** Subject to Paragraph ~~8~~ 9 below, ~~as to the Equity Properties,~~ upon the ~~Trustee's timely receipt in full of the Settlement Payment and~~ completion of the § 363 sale and distribution of proceeds in accordance with ~~detailed in~~ Paragraph 3, the respective Lenders and the Trustee agree to mutual releases and waiver of claims, demands, causes of action, or liabilities, whether known or unknown, suspected or unsuspected, that exist or may exist between the Trustee (on behalf of the Estate) and the Lenders in connection with the Properties.

9. **Limited Scope of Release**: any releases granted pursuant to Paragraph ~~7~~8 of this Stipulation shall be strictly limited to this Estate and to the specific Properties identified herein and the related foreclosure actions, and to claims directly relating to the Properties and foreclosure actions, and shall not extend to any other estates, claims, causes of action, properties, or transactions.

10. **Other Provisions**: This Stipulation represents the entire understanding and agreement between the Parties hereto concerning the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.

A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

The provisions of this Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective employees, officers, directors, heirs, affiliates, successors, attorneys, legal and personal representatives of each party, and assigns, including any successor trustee is

this case is converted to a case under any other chapter of the Bankruptcy Code. This Stipulation is not intended to confer any rights on individuals not parties hereto.

The Trustee's rights hereunder shall be assignable. In the event that the Trustee seeks to sell, assign or otherwise transfer her rights hereunder, the Trustee shall provide at least twenty-one (21) days' notice to all interested parties of any proposed disposition.

The Parties acknowledge and represent that they are represented by counsel in connection with this Stipulation, that they have had the opportunity to review and consider the terms of this Stipulation in English, and that their counsel has explained the terms of this Stipulation to them in Spanish to their satisfaction.

Time is of the essence as to all deadlines within this Stipulation. This Stipulation represents the full and complete understanding of the Parties. The Trustee believes that this Stipulation is in the best interest of the Estate. This Stipulation may be signed in counterparts.

**MARCIA T. DUNN, TRUSTEE**

________________________

Date: ____________________

**HECTOR SERRANO**

________________________

Date: ____________________

**MIRIAN SERRANO**

________________________

Date: ____________________

**SUN 1318 CORP.**

________________________
By:
Title:
Date: ____________________

**MCC GROUP, LLC**

________________________
By:
Title:
Date: ____________________

**BARILLAS HOLDINGS, LLC**

________________________
By:
Title:
Date: ____________________

# EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

| | |
|---|---|
| CITY TRUST INVESTMENTS, LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC, | Case No.: 24-14100-LMI (substantively consolidated) Chapter 7 |
| Debtors. | |

_________________________________/

~~UNITED STATES BANKRUPTCY COURT~~
~~SOUTHERN DISTRICT OF FLORIDA~~
~~MIAMI DIVISION~~

~~In re:~~

| | |
|---|---|
| ~~CITY TRUST INVESTMENTS, LLC,~~ | ~~Case No.: 24-14100-LMI~~ ~~Chapter 7~~ |
| ~~Debtor.~~ | |

_________________________________/

**STIPULATION TO COMPROMISE CONTROVERSY**

This Stipulation to Compromise Controversy ("Stipulation") is entered into between Marcia T. Dunn, solely as Chapter 7 Trustee ("Trustee") of the consolidated bankruptcy estate (the "Estate") of City Trust Investments, LLC, *et al.*; Sun 1318 Corp, MCC Group, LLC, and Barillas Holdings, LLC (the "Lenders,"); and Hector Serrano and Mirian Serrano (together, the "Serranos"); collectively referred to herein as the "Parties", on the Effective Date (as defined below)..

WHEREAS, on April 26, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case");

WHEREAS, on September 3, 2024, this Court entered an Order converting the Debtor's case to a Chapter 7 proceeding [D.E. 144];

WHEREAS, Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtor's Estate [D.E. 153];

WHEREAS, on February 25, 2025, the Trustee filed a *Motion to Substantively Consolidate Loreta Investments LLC; Gain 11 Investments, LLC; 14445 SW 289 ST LLC; and Citywide Property Management LLC in this Estate* [D.E. 261], the "Sub Con Motion;" Loreta Investments LLC, Gain Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC shall be referred to collectively as the "Sub Con Debtors"];

WHEREAS, on July 11, 2025 the Court made substantive rulings on the Sub Con Motion affecting the Parties and the subject matter of this Stipulation by virtue of an *Agreed Order Resetting Evidentiary Hearing, Establishing Related Deadlines, and Addressing Other Matters* [D.E. 521];

WHEREAS, on September 23, 2025, the Court entered an order granting the Sub Con Motion [D.E. 623] and substantively consolidating the Sub Con Debtors into the Estate;

WHEREAS, the Lenders assert secured first mortgage liens against various Properties (as defined herein) alleged to be titled in the name of the Serranos;

WHEREAS, the Trustee asserts a claim and interest in the Properties (as defined herein), including, but not limited to, through a recorded judgment lien junior to Lenders first mortgage liens;

WHEREAS, the following properties (each a "Property," and collectively, the "Properties") appear to contain potential equity above the secured claims asserted by the Lenders, based on the Parties' current understanding of the value of the properties relative to the secured claims asserted by the Lenders:

- 12611 SW 264th Street (Lender: MCC Group, LLC)
- 30230 SW 149th Avenue (Lender: Sun 1318 Corp.)

- 29904 SW 149th Court (Lender: Barillas Holdings, LLC)

WHEREAS, the Parties have agreed the Properties will be addressed through a framework contemplating potential sales pursuant to 11 U.S.C. § 363, as set forth in this Stipulation;

WHEREAS, to avoid the high cost and uncertainties of litigation, the Parties desire to settle pending and prospective disputes related to the Properties and agree that the resolution memorialized herein is the most efficient way to settle the issues between the Parties; and

WHEREAS, the Parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following:

1. **Effective Date**: This Stipulation shall be deemed effective upon the last party signing same, either by wet ink or electronically.

2. **Bankruptcy Court Approval**: The Parties agree that this Stipulation is subject to Bankruptcy Court approval pursuant to Fed.R.Bankr.P. 9019. The Trustee shall move for such approval within fourteen (14) days of the Effective Date.

3. **§ 363 Sale Framework**: The Parties agree that the Trustee shall seek to sell the Properties pursuant to 11 U.S.C. § 363, subject to the following framework:

   a. The ~~estate~~ Estate receives a carve-out from the gross sale price of each Property as follows: 15% if the Property sells for $4~~90~~85,000.00 or less; 20% if the Property sells for between $4~~90~~85,000.00 and $5~~60~~41,000.00; 25% if the Property sells for over $5~~60~~41,000.00.

   b. In the event the Trustee receives a bulk offer to purchase all three Properties,

the parties agree that the purchase price shall be allocated among the Properties on a *pro rata* basis based on the following agreed percentages of value: 12611 SW 264th Street – 31~~6~~.7~~5~~%; 29904 SW 149th Court – 36~~1~~.5~~7~~%; and 30230 SW 149th Avenue – 31.7%.

At the closing of the sale of the Properties, the Trustee shall receive $6,000 in the aggregate from the sale proceeds to reimburse the estate for administrative expenses incurred. However, if the properties sell for under $485,000, the Lenders have final approval of the final numbers before closing and can reject the closing which the Trustee will have to relist the property for sale for a higher number acceptable to the Lenders.

~~The Trustee's pursuit of a § 363 sale of the Properties is expressly conditioned upon the cooperation with and consent to such sale by the Serranos, including reasonable cooperation with respect to access to the properties, marketing, showings, and execution of customary sale documentation necessary to facilitate the sales and closing process.~~

4. **Consent to and Cooperation with Sale.** The Serranos hereby consent to the sale of the Properties pursuant to § 363 and agree to reasonably cooperate with the Trustee and her professionals in connection with the marketing and sale process. Such cooperation shall include, without limitation, providing access to the Properties for inspection and showings, providing rent rolls, tenant information, and any other information reasonably requested for marketing the Properties to potential third-party purchasers, and executing customary sale documentation reasonably necessary to facilitate the marketing, sale, and closing of the Properties.

In consideration for such cooperation and consent, the Serranos shall receive a

**Formatted:** Font: +Body (Calibri), 11 pt

**Formatted:** Font: Not Bold

**Formatted**

**Formatted:** Font: (Default) Times New Roman, 12 pt

**Formatted:** Indent: Left: 1.5", No bullets or numbering

**Formatted:** Font: Not Bold

**Formatted:** Font: Not Bold

**Formatted:** Font: Not Bold

**Formatted:** Indent: First line: 0.5", No bullets or numbering

credit against the *Final Judgment Against Hector Serrano and Mirian Serrano* [D.E. 653] entered in favor of the Trustee and against the Serranos in the amount of (i) any carve-out received by the Trustee in connection with the sale of the Properties, plus (ii) an additional credit of $27,000 per Property.

Formatted: Font: Not Bold, Italic

Formatted: Font: Not Bold

Formatted: Font: Not Bold

Formatted: Font: Not Bold

~~6.~~5. **Default**: in the event of a default under this Stipulation by any Party, including the failure to timely perform any obligation set forth herein, the non-defaulting Party shall be entitled to seek enforcement of this Stipulation from the Bankruptcy Court upon appropriate notice and motion. The defaulting Party shall be liable for all reasonable attorneys' fees and costs incurred by the non-defaulting Party in enforcing the terms of this Stipulation or otherwise remedying such default.

~~7.~~6. **No Preclusive Effect**: the Parties agree that this Stipulation and any order approving it shall have no preclusive, evidentiary, or adjudicative effect with respect to any issue in any other matter, including without limitation, issues relating to standing, avoidance claims, recovery claims, the reasonableness or recoverability of attorneys' fees and costs (including seeking related discovery), or any other claims, defenses, or arguments that may be asserted by any Party in any other proceeding.

~~8.~~7. **No In Personam Liability/Deficiency Claims**: the Lenders agree that no in personam liability, deficiency claims, or deficiency judgments shall be sought or entered against any of the Debtor or the Sub Con Debtors, in connection with the loans, mortgages, or foreclosure actions relating to the Properties. The Lenders further acknowledge that the Serranos are not obligors under the promissory notes or mortgages held by the Lenders with respect to the Properties and no claims for in personam liability, deficiency claims, or deficiency judgments exist against the Serranos with respect to the Properties. Nothing herein shall be construed as a waiver

of any rights or remedies the Lenders may have against the Serranos under any separate agreement or settlement between the Lenders and the Serranos, including the right to enforce the terms of any such agreement..

9.8. **Mutual Releases/Waiver of Claims:** Subject to Paragraph 8 9 below, as to the Equity Properties, upon the Trustee's timely receipt in full of the Settlement Payment and completion of the § 363 sale and distribution of proceeds in accordance with detailed in Paragraph 3, the respective Lenders and the Trustee agree to mutual releases and waiver of claims, demands, causes of action, or liabilities, whether known or unknown, suspected or unsuspected, that exist or may exist between the Trustee (on behalf of the Estate) and the Lenders in connection with the Properties.

10.9. **Limited Scope of Release**: any releases granted pursuant to Paragraph 78 of this Stipulation shall be strictly limited to this Estate and to the specific Properties identified herein and the related foreclosure actions, and to claims directly relating to the Properties and foreclosure actions, and shall not extend to any other estates, claims, causes of action, properties, or transactions.

11.10. **Other Provisions**: This Stipulation represents the entire understanding and agreement between the Parties hereto concerning the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.

A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

The provisions of this Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective employees, officers, directors, heirs, affiliates, successors, attorneys, legal and personal representatives of each party, and assigns, including any successor trustee is this case is converted to a case under any other chapter of the Bankruptcy Code. This Stipulation is not intended to confer any rights on individuals not parties hereto.

The Trustee's rights hereunder shall be assignable. In the event that the Trustee seeks to sell, assign or otherwise transfer her rights hereunder, the Trustee shall provide at least twenty-one (21) days' notice to all interested parties of any proposed disposition.

The Parties acknowledge and represent that they are represented by counsel in connection with this Stipulation, that they have had the opportunity to review and consider the terms of this Stipulation in English, and that their counsel has explained the terms of this Stipulation to them in Spanish to their satisfaction.

Time is of the essence as to all deadlines within this Stipulation. This Stipulation represents the full and complete understanding of the Parties. The Trustee believes that this Stipulation is in the best interest of the Estate. This Stipulation may be signed in counterparts.

**MARCIA T. DUNN, TRUSTEE**

________________________

Date: ____________________

**HECTOR SERRANO**

________________________

Date: ____________________

**MIRIAN SERRANO**

_________________________

Date: ____________________

**SUN 1318 CORP.**

_________________________
By:
Title:
Date: ____________________

**MCC GROUP, LLC**

_________________________
By:
Title:
Date: ____________________

**BARILLAS HOLDINGS, LLC**

_________________________
By:
Title:
Date: ____________________