**ORDERED in the Southern District of Florida on August 13, 2026.**

Peter D. Russin, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS LLC, LORETA INVESTMENTS LLC; GAIN 11 INVESTMENTS, LLC; 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC,

Debtors.
_______________________________/

Case No.: 24-14100-PDR
(substantively consolidated)
Chapter 7

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY WITH CARLOS MENENDEZ, AS THE PERSONAL REPRESENTATIVE FOR THE ESTATE OF DONALD ROSE AND THE ADMINISTRATOR AD LITEM FOR THE ESTATE OF FRANCINE M. ROSE**

**THIS CAUSE** came before the Court on August 11, 2026, upon Chapter 7 Trustee, Marcia T. Dunn's ("Trustee") *Motion to Approve Stipulation to Compromise Controversy with Carlos Menendez, as the Personal Representative for the Estate of Donald Rose and the Administrator Ad Litem for the Estate of Francine M. Rose* (the "Motion") [D.E. 752][1], and the Court, having

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion [D.E. 752], and the Stipulation.

reviewed the file, and the Motion, and the movant, by submitting this form of order, having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and further finding that the settlement that is the subject of the Motion meets the criteria set forth in *In re Justice Oaks II Ltd*., 898 F.2d 1544 (11th Cir. 1990), and thus is in the best interests of this Estate; and for good cause having been shown, does hereby:

**ORDER and ADJUDGE** that:

1. The Motion is **GRANTED**, and the *Stipulation to Compromise Controversy* (the "Stipulation") between the Trustee and Carlos Menendez, as the Personal Representative for the Estate of Donald Rose and the Administrator Ad Litem for the Estate of Francine M. Rose ("Menendez") attached thereto and incorporated herein is **APPROVED**.

2. Pursuant to the terms of the Stipulation, Menendez has agreed to pay, and the Trustee has agreed to accept:

a. Payment in the amount of **Two Hundred Fifty Thousand Dollars and Zero Cents** ($250,000.00) (the "Settlement Payment") to the Trustee, on behalf of the bankruptcy estate of City Trust Investments LLC, Case No. 24-14100-LMI. The Settlement Payment shall be paid by check, cashier's check, wire transfer, or other form of immediately available funds, payable to "Marcia T. Dunn, Chapter 7 Trustee," and delivered to the Trustee's counsel at 66 West Flagler Street, Suite 400, Miami, Florida 33130. Any payment shall reference "In re City Trust Investments LLC, Case No. 24-14100-PDR; and

b. The Settlement Payment shall be paid to the Trustee in full and final settlement of all claims, disputes, and controversies between the Trustee and Menendez arising from or related to the Bankruptcy Case, the Adversary Proceeding, the Final Judgment, the Motion for Fees, any appellate proceedings, and in exchange for the releases and other consideration provided for in the Stipulation.

c. The Settlement Payment shall be paid by Menendez as follows: (i) $100,000.00 on or before May 15, 2026; (ii) $100,000.00 on or before July 15, 2026; and (iii) $50,000.00 on or before November 15, 2026.

d. The Stipulation and the Motion contain additional terms and conditions, which terms and conditions are incorporated herein by reference.

3. The Trustee is authorized to execute any and all documents necessary to complete the Settlement.

4. The Settlement Payment constitutes a recovery by the Estate on account of the Debtor's pre-petition attorneys' fees and costs.

5. Nothing contained herein shall constitute, or be deemed to constitute, a waiver, release, limitation, adjudication, or determination of the Trustee's rights under section 506(c) of the Bankruptcy Code. The Trustee expressly reserves all rights, claims, remedies, and defenses to seek recovery from property securing any allowed secured claim, including by asserting a surcharge against any secured creditor under section 506(c), for the unpaid balance of attorneys' fees and costs incurred in connection with the Adversary Proceeding and the administration, preservation, and disposition of the Real Properties, to the extent permitted by applicable law.

6. This Court shall retain sole and exclusive jurisdiction to: (a) implement, interpret, enforce, and administer the terms of the Motion, this Order, and the Stipulation; and (b) resolve any claims, controversies, disputes, or enforcement matters arising from or related to the Stipulation, the Settlement Payment, any alleged default thereunder, and the relief authorized by this Order.

# # #

**Submitted by:**

Amrit S. Kapai, Esq.
Florida Bar No. 1032794
DUNN LAW, P.A.
66 West Flagler Street, Suite 400
Miami, Florida 33130

Tel: (786) 433-3866
Fax: (786) 260-0269
akapai@dunnlawpa.com

*Attorney Kapai is directed to serve a conformed copy of this Order upon all interested parties and shall file a Certificate of Service with the Court confirming such service.*