**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS LLC, *et al.*,

Debtors.
_______________________________/

Case No.: 24-14100-PDR
(substantively consolidated)

Chapter 7

**TRUSTEE'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT IN GARNISHMENT AGAINST JPMORGAN CHASE BANK, N.A.**

MARCIA T. DUNN, solely in her capacity as the Chapter 7 Trustee (the "Trustee") of the consolidated bankruptcy estate of City Trust Investments LLC, Loreta Investments, LLC, Gain 11 Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC (collectively, the "Debtors"), by and through undersigned counsel, files this Reply in Support of her *Motion for Entry of Final Judgment in Garnishment Against JPMorgan Chase Bank, N.A.* [D.E. 761] (the "Motion"), and in response to Judgment Debtor Mirian Serrano's untimely *Response* [D.E. 772] (the "Response"), states as follows:

**BACKGROUND**

1. On April 26, 2024, City Trust Investments, LLC commenced the above-captioned voluntary bankruptcy case. Marcia T. Dunn was subsequently appointed as the Chapter 7 Trustee, and the bankruptcy estate of the Debtors were thereafter substantively consolidated.

2. On December 30, 2025, the Court entered a Final Judgment in favor of the Trustee and against Judgment Debtors Hector Serrano and Mirian Serrano (collectively, the "Serranos"), jointly and severally, in the amount of $1,200,000.00, together with post-judgment interest accruing pursuant to 28 U.S.C. § 1961 (the "Final Judgment") [D.E. 653].

3. The Final Judgment remains due and owing and unsatisfied.

4. In furtherance of collection of the Final Judgment, on May 12, 2026, the Trustee filed her Amended Ex Parte Motion for Writ of Garnishment directed to JPMorgan Chase Bank, N.A. ("JPMorgan") [D.E. 711]. On May 13, 2026, the Clerk issued the Writ of Garnishment [D.E. 716] (the "Writ"), which was served upon JPMorgan on May 18, 2026. [D.E. 729].

5. Pursuant to Fla. Stat. § 77.041, the Trustee served the Serranos with the Motion for Writ of Garnishment, Writ, Notice to Judgment Debtors of Right Against Garnishment, and Claim of Exemption and Request for Hearing form pursuant to the Certificate of Service filed on May 22, 2026 [D.E. 733].

6. On June 17, 2026, JPMorgan filed its Answer of Garnishee [D.E. 748] (the "Garnishee Answer"), identifying two checking accounts held in the name of Mirian Serrano: (i) account ending in 1502, containing $37,798.98; and (ii) account ending in 3308, containing $153,448.67. JPMorgan therefore disclosed that it was retaining a total of $191,247.65 belonging to Mirian Serrano and subject to the Writ.

7. Pursuant to Fla. Stat. § 77.055, the Trustee served a copy of the Garnishee Answer pursuant to the Certificate of Service filed on June 18, 2026 [D.E. 749], and pursuant to the Supplemental Certificate of Service filed on June 19, 2026 [D.E. 750], upon the Serranos.

8. More than twenty (20) days thereafter elapsed without Mirian Serrano filing a motion to dissolve the Writ, a claim of exemption, a third-party claim, or any other timely challenge to the ownership or disposition of the garnished funds.

9. Accordingly, on July 31, 2026, the Trustee filed the Motion, seeking entry of final judgment in garnishment against JPMorgan in the amount of $191,247.65. [D.E. 761].

10. Only thereafter, on August 5, 2026, did Mirian Serrano file the untimely Response, asserting for the first time that the funds in account ending in 3308 allegedly are maintained

exclusively for the benefit of her adopted minor child and were funded through payments received from Citrus Family Care Network. [D.E. 772].

11. The untimely Response is unsupported by any affidavit, declaration, bank statement, account agreement, trust or custodial document, records from Citrus Family Care Network, deposit history, or other any evidence whatsoever.

**ARGUMENT**

**I. Mirian Serrano Failed to Timely Assert Her Challenge to the Garnishment**

12. The Response does not provide any basis to disregard the procedures and deadlines imposed by Chapter 77, Florida Statutes, including the requirements of §§ 77.041, 77.055, and 77.07(2) for timely asserting a claim of exemption or seeking dissolution of a writ of garnishment. Although presented as a response to the Trustee's Motion, Serrano effectively seeks to dissolve the Writ while failing to comply with the strictly construed deadlines of the Florida garnishment statute.

13. Garnishment is a statutory remedy governed by Chapter 77, Florida Statutes, and "[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009); *see also Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So.3d 83, 86 (Fla. 3d DCA 2013) ("It is fundamental that garnishment statutes must be strictly construed.").

14. "Statutory language 'should be given its plain and ordinary meaning,' and here the statutes clearly state that the exemption claim and motion to dissolve 'must' have been filed within the specified time periods." *Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 871 (11th Cir. 2018) (citing Fla. Stat. §§ 77.041, 77.055, and quoting *Zivitz*, 16 So.3d at 846-847 ("[S]ection

77.041 repeatedly used the word 'must' when identifying the actions a garnishment defendant must proactively take to protect wages, money, or property from garnishment.")).

15. Where, as here, a judgment debtor received proper notice of the statutory filing deadlines to claim an exemption or move to dissolve a writ of garnishment, the failure to timely assert either means that Serrano "forfeited [her] exemption claim and [her] opportunity to dissolve the writ." *Carrerou*, 730 F. App'x at 871.

16. Fla. Stat. § 77.041 expressly provides that an individual defendant claiming an exemption from garnishment must file a Claim of Exemption and Request for Hearing within twenty (20) days after receiving the statutory notice. Indeed, the statutorily prescribed notice expressly advises the judgment debtor that, if a valid exemption exists, the Claim of Exemption and Request for Hearing must be filed within twenty (20) days after receipt of the notice or the debtor "may lose important rights." Fla. Stat. § 77.041(1).

17. Mirian Serrano received the Notice to Judgment Debtors of Right Against Garnishment and Claim of Exemption and Request for Hearing form pursuant to the Certificate of Service filed on May 22, 2026 [D.E. 733]. Yet, she never filed a claim of exemption or any other document challenging the writ.

18. Chapter 77 separately provides a procedure for challenging the factual basis of the garnishment following the garnishee's answer. Fla. Stat. § 77.055 requires service of the garnishee's answer together with notice advising the judgment debtor that, if any allegation in the motion for writ is untrue, the judgment debtor must move to dissolve the writ within twenty (20) days after the date stated in the certificate of service. The Trustee served a copy of the Garnishee Answer upon Mirian Serrano pursuant to the Certificate of Service filed on June 18, 2026 [D.E.

749], and the Supplemental Certificate of Service filed on June 19, 2026 [D.E. 750]. Yet Mirian Serrano never filed a motion to dissolve the Writ within the statutory period.

19. Fla. Stat. § 77.07(2) likewise provides that a defendant or other person asserting an ownership interest in garnished property "shall file and serve a motion to dissolve the garnishment within 20 days" after the date stated in the certificate of service required by § 77.055. Critically, § 77.07(2) further provides that the failure to timely file and serve such a motion "shall result in the striking of the motion as an unauthorized nullity by the court," and that the proceedings shall thereafter be "in a default posture as to the party involved."

20. Thus, Mirian Serrano was afforded multiple opportunities to timely raise the very issues she now seeks to assert. She was first provided the statutory Claim of Exemption and Request for Hearing and failed to file one. Thereafter, following service of JPMorgan's Garnishee Answer and the notice required by § 77.055, she again failed to timely move to dissolve the Writ.

21. Mirian Serrano cannot now circumvent those statutory deadlines by embedding an untimely request to dissolve the Writ within her Response.

**II. Even If Considered, the Response Provides No Evidentiary Support for Mirian Serrano's Claim That the Funds Are Not Her Property**

22. Even setting aside Mirian Serrano's failure to timely challenge the garnishment, the Response offers only unsupported factual assertions.

23. JPMorgan's Garnishee Answer identifies Mirian Serrano as the holder of accounts ending in 1502 and 3308 and discloses that JPMorgan is retaining a combined $191,247.65 belonging to Mirian Serrano.

24. Mirian Serrano now contends that she is merely the "nominal" account holder of account ending in 3308 and that the funds therein are maintained solely for the benefit of her

adopted minor child. She further contends that, since the adoption, the account has been funded exclusively through payments from Citrus Family Care Network [D.E. 772].

25. Yet Mirian Serrano submits no competent evidence supporting those assertions. She provides no sworn affidavit or declaration, no documentation from Citrus Family Care Network, no bank statements tracing the source of the deposits, no account-opening records establishing a trust or custodial relationship, and no other evidence demonstrating that the funds legally belong to anyone other than Mirian Serrano.

26. Local Rule 9014-2 requires a written objection or response to state the legal and factual basis for the relief sought. The Response, however, identifies no statute or other legal authority establishing that the alleged payments from Citrus Family Care Network are exempt from garnishment, nor does it identify any authority establishing that Mirian Serrano's alleged intention to preserve funds for the benefit of her child divests her of ownership of an account maintained in her own name.

27. Nor does the Response explain why, if Mirian Serrano genuinely believed that the funds in account ending in 3308 were not her property or were otherwise exempt from execution, she failed to raise that issue after receiving the statutory notices specifically advising her of the procedures and deadlines for challenging the garnishment.

28. A bare assertion that funds are intended for the benefit of another person, without competent evidence establishing the nature, source, ownership, or legally protected status of those funds, is insufficient to overcome the undisputed Garnishee Answer or defeat the Trustee's right to enforce the Final Judgment.

## III. The Response Does Not Address Account Ending in 1502 At All

29. The Response suffers from an additional and independent defect: every substantive allegation concerns only account ending in 3308.

30. JPMorgan also identified account ending in 1502, containing and retaining $37,798.98 belonging to Mirian Serrano. The Response does not allege that the funds in account ending in 1502 belong to Mirian Serrano's minor child, were funded by Citrus Family Care Network, are exempt from garnishment, or otherwise are not Mirian Serrano's property.

31. Nevertheless, Mirian Serrano asks the Court to dissolve the Writ broadly with respect to the JPMorgan accounts.

32. There is no factual or legal basis in the Response to deny entry of final judgment as to the $37,798.98 held in account ending in 1502.

33. Accordingly, even if the Court were inclined to further consider Mirian Serrano's untimely and unsupported assertions regarding account ending in 3308, the Trustee is entitled, at a minimum, to entry of final judgment in garnishment as to the funds held in account ending in 1502.

## IV. The Trustee Is Entitled to Entry of Final Judgment in Garnishment

34. Fla. Stat. § 77.083 authorizes entry of judgment against a garnishee based upon the liability disclosed in the garnishee's answer, provided that the judgment does not exceed the unpaid amount of the underlying judgment or the garnishee's liability to the judgment debtor, whichever is less.

35. Here, JPMorgan disclosed and retained $191,247.65 belonging to Mirian Serrano. The Final Judgment remains unsatisfied in an amount substantially exceeding the garnished funds.

36. Mirian Serrano received the notices required by Chapter 77, failed to timely file a claim of exemption or motion to dissolve the Writ, and now offers no competent evidence establishing that the garnished funds are exempt from execution or legally owned by someone else.

37. Accordingly, the Trustee is entitled to entry of final judgment in garnishment against JPMorgan based upon the liability disclosed in its Garnishee Answer.

**WHEREFORE**, MARCIA T. DUNN, solely in her capacity as Chapter 7 Trustee of the consolidated bankruptcy estate of City Trust Investments LLC, et al., respectfully requests that this Court enter an order: (i) overruling the Response filed by Judgment Debtor Mirian Serrano [D.E. 772]; (ii) granting the Trustee's Motion for Entry of Final Judgment in Garnishment Against JPMorgan Chase Bank, N.A. [D.E. 761]; (iii) entering final judgment in garnishment in favor of the Trustee and against JPMorgan Chase Bank, N.A. in the amount of $191,247.65, less only those fees or offsets expressly approved by the Court; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of August, 2026.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
akapai@dunnlawpa.com

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2026, a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) upon all registered users in this case, and upon Hector Serrano and Mirian Serrano, individually, via U.S. Mail and upon counsel for Hector Serrano and Mirian Serrano via U.S. Mail and electronic mail as follows:

**Hector Serrano and Mirian Serrano**
14300 SW 289 ST
MIAMI, FL 33033

**Hector Serrano and Mirian Serrano**
c/o Zachary P. Hyman, Esq.
Millennial Law, Inc.
320 SE 11th St
Fort Lauderdale, FL 33316
zach@millenniallaw.com

**Hector Serrano and Mirian Serrano**
c/o Manuel J. Mari, Esq.
Manuel J. Mari, P.A.
11120 N Kendall Dr Ste 201
Miami, FL 33176
manuel@manueljmaripa.com

**Homer Bonner Jacobs Ortiz & Dimond, P.A.**
Andrew R. Herron, Esq.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
gservice@homerbonner.com
*Attorneys for Garnishee*

By: *\/s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794