**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC,

Debtors.
_______________________________________/

Case No.: 24-14100-PDR

(substantively consolidated)

Chapter 7

**CHAPTER 7 TRUSTEE'S OMNIBUS RESPONSE TO THE LIMITED OBJECTIONS OF H2ML, LLC, POLONIO, LLC, AND JEFFREY MILLS TO THE TRUSTEE'S SALE MOTION [D.E. 768, 769, 770]**

MARCIA T. DUNN, solely as Chapter 7 Trustee (the "Trustee") of the substantively consolidated bankruptcy estate of City Trust Investments LLC, Loreta Investments, LLC, Gain 11 Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC (collectively, the "Debtors"), by and through undersigned counsel, files this omnibus response (the "Response") to the limited objections filed by H2ML, LLC [D.E. 768], Polonio, LLC [D.E. 769], and Jeffrey Mills [D.E. 770] (collectively, the "Objections," and the objecting parties, the "Objecting Creditors")[1] to the *Trustee's Motion for Entry of Order (I) Approving Bidding Procedures in Connection with the Sale of Certain Real Properties of the Estate, (II) Approving the Stalking Horse Purchaser and Related Purchase and Sale Agreement, (III) Scheduling an Auction, if Necessary, (IV) Setting a Final Sale Hearing, (V) Approving the Sale of the Properties Free and Clear of All Liens, Claims, Encumbrances, and Interests, With Such Liens to Attach to*

[1] The Objections are identical in all substantive respects and were filed by the same counsel. They are addressed together for that reason.

*Sale Proceeds, and (VI) Granting Related Relief* [D.E. 764] (the "Sale Motion")[2] and states as follows:

1. Each of the Objecting Creditors expressly states that it does not object to the proposed sale, but requests that its secured claim be paid in full at closing and that its collateral not be subject to any surcharge for costs and expenses incurred by the Trustee. *See* D.E. 768, ¶¶ 5–6; D.E. 769, ¶¶ 5–6; D.E. 770, ¶¶ 5–6.

2. The Trustee has separately filed her *Motion for Entry of Order Determining and Allowing Surcharge Against Sale Proceeds Under 11 U.S.C. § 506(c), and Granting Related Relief* [D.E. 791] (the "Surcharge Motion") and *Trustee's Omnibus Response and Objection to the Motions for Relief from the Automatic Stay filed by H2ML, LLC, Jeffrey Mills, and Polonio, LLC* [D.E. 793] (the "Omnibus Response to Stay Relief Motions") .[3]

3. As set forth more fully in the Surcharge Motion and Omnibus Response to Stay Relief Motions, the Trustee seeks to surcharge the Secured Creditors pursuant to § 506(c) for certain reasonable and necessary costs and expenses incurred in preserving, maintaining, and disposing of the Properties to the extent those expenditures directly benefitted the applicable Secured Creditors. *See* Surcharge Motion, ¶¶ 35–57.

4. Accordingly, the Objecting Creditors' request that they be paid in full at closing, without regard to the Trustee's pending surcharge request, is premature.

5. Indeed, the Sale Motion does not seek authority to distribute the net sale proceeds. Instead, the Trustee seeks authority to sell the Properties free and clear pursuant to § 363, with

[2] The Trustee incorporates by reference the Sale Motion, including the factual and procedural background set forth therein, as though fully set forth herein. Unless otherwise defined herein, all capitalized terms used in this Response shall have the meanings ascribed to them in the Sale Motion.

[3] The Trustee incorporates and reincorporates the Surcharge Motion and Omnibus Response to Stay Relief Motions, including the factual and legal grounds set forth therein, as though fully set forth herein.

valid liens attaching to the applicable sale proceeds, and expressly requests that "the net sale proceeds remaining after payment of approved closing costs be held in escrow pending resolution, by agreement of the parties or further order of this Court, of the Trustee's entitlement to a surcharge and the proper distribution of the proceeds." *See* Sale Motion, ¶ 90.

6. The Objecting Creditors' position improperly conflates approval of the Sale with distribution of sale proceeds. The Sale Motion seeks authority under section 363 of the Bankruptcy Code to sell the Properties free and clear of liens, with all valid liens attaching to the applicable proceeds with the same validity, priority, and extent as existed before the Sale. The Sale Motion does not seek a determination of the Objecting Creditors' entitlement to immediate payment, nor does it seek adjudication of the Trustee's rights under section 506(c). Those issues are properly determined in connection with the distribution of proceeds and the Trustee's separately filed Surcharge Motion.

7. Moreover, each Objecting Creditor expressly states that it does not object to the proposed Sale itself, but only to the timing and treatment of distributions. Accordingly, there is no dispute before the Court concerning approval of the Sale, and the Objecting Creditors' objections are limited to issues that can and should be determined after closing from escrowed proceeds.

8. Courts within the Eleventh Circuit have employed this same procedure following sales under 11 U.S.C. § 363. In *In re Ridgewalk Holdings*, LLC, No. 09-73918-JB, 2010 WL 11824795, at *1 (Bankr. N.D. Ga. Jan. 26, 2010), the court approved a § 363 sale and ordered that the remaining sale proceeds be held in escrow pending further order of the court, with the secured creditor's liens attaching to the escrowed proceeds to the same extent, priority, and validity as existed against the property sold. Similarly, in *In re A.B.A. Fire Equipment, Inc.*, No. 11-35796-BKC-AJC, 2012 WL 2564468, at *1 (Bankr. S.D. Fla. July 2, 2012), the court addressed together

the parties' rights to proceeds from a completed sale, the appropriate direction to the escrow agent concerning distribution of those proceeds, and a request to surcharge the secured creditor's collateral under § 506(c). Although the court ultimately denied the surcharge on the merits, the proceeds remained subject to the escrow and distribution dispute while the court determined the asserted § 506(c) rights. In *Matter of E.J. Management Corp.*, 72 B.R. 421, 423 (Bankr. M.D. Fla. 1987), the court followed a similar procedure, withholding funds from the sale proceeds at closing and later directing that the withheld funds be applied toward the allowed surcharge.

9. Preservation of the proceeds is not merely a matter of convenience; it is what makes the relief available at all. A surcharge under § 506(c) is satisfied from the collateral or its proceeds and is not a judgment collected from the secured creditor after the fact. Once the proceeds are disbursed, the fund against which a surcharge may be assessed no longer exists. *See In re Skuna River Lumber, LLC*, 564 F.3d 353 (5th Cir. 2009) (holding that once property is transferred out of a bankruptcy estate free and clear of all liens, the bankruptcy court ceases to have jurisdiction over that property and a § 506(c) surcharge is no longer available). Immediate payment of the Objecting Creditors at closing would therefore distribute the very proceeds against which the Trustee seeks relief before the Court has determined whether, and to what extent, a surcharge is allowable.

10. The Objecting Creditors lose nothing by that procedure. Their liens attach to the proceeds with the same validity, priority, and extent as existed against the Properties, the proceeds remain in escrow pending further order of this Court, and the Objecting Creditors will have a full opportunity to be heard on the Surcharge Motion. By contrast, immediate disbursement of the proceeds would effectively resolve the Surcharge Motion in their favor before the Court reaches its merits.

11. Accordingly, the Objecting Creditors' request that they be paid in full at closing and free from any potential surcharge should be denied as premature. The Sale may proceed as contemplated by the Sale Motion, with the Objecting Creditors' liens attaching to the applicable proceeds and the net proceeds held in escrow pending adjudication of the Surcharge Motion and further order of the Court.

**WHEREFORE,** the Trustee respectfully requests that this Court (i) overrule the Objections to the extent they seek immediate payment of the Objecting Creditors' claims from the sale proceeds or seek to preclude the Trustee from pursuing relief under 11 U.S.C. § 506(c); (ii) grant the Sale Motion with the net sale proceeds to be held in escrow pending adjudication of the Surcharge Motion and further order of this Court; and (iii) grant such other and further relief as this Court deems just and proper.

Dated: August 21, 2026

Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
akapai@dunnlawpa.com

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 21st day of August, 2026, upon all registered users in this case.

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794