**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

| | |
|---|---|
| CITY TRUST INVESTMENTS LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC, | Case No.: 24-14100-PDR<br>(substantively consolidated)<br>Chapter 7 |
| Debtors. | |

_______________________________________/

**CHAPTER 7 TRUSTEE'S RESPONSE AND OBJECTION TO LALA RAM CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY [D.E. 785]**

MARCIA T. DUNN, solely as Chapter 7 Trustee (the "Trustee") of the substantively consolidated bankruptcy estate of City Trust Investments LLC, Loreta Investments, LLC, Gain 11 Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC (collectively, the "Debtors"), by and through undersigned counsel, files this response and objection (the "Response") to the *Motion for Relief from Automatic Stay* [D.E. 785] (the "Motion") filed by Lala Ram Corporation (the "Movant"), and states as follows:

**PRELIMINARY STATEMENT**

1. The Motion should be denied because the Movant's own exhibits defeat it. The Movant asserts that the real property located at 14228 SW 283rd Street, Homestead, Florida (the "Property") is worth $205,000.00 and that it is owed $283,765.39. But the $283,765.39 figure is measured as of August 17, 2026 and consists overwhelmingly of post-petition interest, advances, and attorneys' fees that an undersecured creditor may not recover under 11 U.S.C. § 506(b). Measured as of the Petition Date — the only measure that matters — the Movant's claim is

approximately $119,283.81. Against the Movant's own asserted value (which the Trustee does not concede), there is roughly $85,716 of equity in the Property.

2. In addition, the Movant has not carried the burden that 11 U.S.C. § 362(g)(1) places upon it. The Indebtedness Worksheet submitted with the Movant's own affidavit answers "NA" to every question concerning the pre-petition claim – principal, interest, escrow, advances, and fees alike – and reports the post-petition figure of $283,765.39 in the field reserved for indebtedness "as of the Petition Date." The Movant has thus declined to disclose the one number on which its motion depends.

3. Finally, granting relief would not merely delay the Estate's recovery; it would extinguish it. Only this Court can apply § 506(b) to cap the Movant's secured claim at its petition-date amount. A state foreclosure court will enter judgment for the full $283,765.39, consuming every dollar of equity and leaving the Estate with nothing. That is precisely why the Movant seeks a different forum.

**BACKGROUND**

4. On April 26, 2024 (the "Petition Date"), City Trust Investments LLC commenced this case by filing a voluntary petition under Chapter 11. The case was converted to Chapter 7 by Orders entered August 30, 2024 [D.E. 143] and September 3, 2024 [D.E. 144], and Marcia T. Dunn was appointed Chapter 7 Trustee [D.E. 153].

5. On September 23, 2025, the Court entered an Order granting the Trustee's motion to substantively consolidate Loreta Investments, LLC, Gain 11 Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC into this Estate [D.E. 623]. The Property is titled in the name of Loreta Investments, LLC and is accordingly property of the Estate.

6. The Movant's affidavit states that the loan is evidenced by a promissory note dated March 8, 2023 in the principal amount of $115,000.00, that the last payment was received December 1, 2023, that the default began with the payment due January 1, 2024, and that the loan matured April 1, 2025. *See* D.E. 785-2, ¶¶ 4, 6, 7 and Indebtedness Worksheet, item C.

7. The Note provides that interest "shall accrue at an annual rate of eleven (11%)." *See* D.E. 785-1. Eighteen percent appears in the Note only as the *default* rate, defined as the lesser of eighteen percent and the maximum rate permitted by applicable law. The Movant's Indebtedness Worksheet nonetheless states, at item B, that the "Contractual interest rate" is "18.00%."

8. The Movant asserts a total of $283,765.39 as of August 17, 2026, itemized as principal of $115,000.00, accrued interest of $68,335.55, pre-accelerated late charges of $263.54, "Corporate Advances" of $16,994.79, and attorneys' fees and costs of $83,171.51. *See* D.E. 785-2, ¶ 8. The Movant thus claims that a $115,000.00 loan has grown by ***147 percent***.

9. The Movant values the Property at $205,000.00 and describes its supporting exhibit as "a recent BPO." *See* Motion ¶ 13. Exhibit C is not a broker price opinion. It is a Restricted Appraisal Report prepared by Rafael A. Vigo for an unidentified "Private" client with an effective date of August 10, 2026.

## ARGUMENT

### I. The Movant Has Not Carried Its Burden Under § 362(g)(1).

10. Section 362(g)(1) places the burden of proof on the party requesting relief "on the issue of the debtor's equity in property." 11 U.S.C. § 362(g)(1).

11. The Movant's evidence on that issue is its own affidavit, and that affidavit affirmatively withholds the necessary information.

12. Item A of the Indebtedness Worksheet calls for the "[t]otal pre-petition indebtedness of debtor(s) to movant … as of" the Petition Date. The Movant entered "$283,765.39" and dated it "August 17, 2026." Items A.1 through A.10 — amount of principal, amount of interest, escrow, forced-placed insurance and tax advances, pre-petition attorneys' fees, advances by investor, additional pre-petition charges, title search expenses, and escrow deficiency — are each answered "NA." *See* D.E. 785-2. The Movant has disclosed no pre-petition figure of any kind.

13. The Indebtedness Worksheet is also internally inconsistent as well. Item H, "Other attorneys' fees billed to debtor post-petition," is answered "$0.00," while paragraph 8 of the same affidavit itemizes $83,171.51 in attorneys' fees and costs. Both statements cannot be true. If the fees are pre-petition, they were incurred in the fewer than four months between the January 1, 2024 default and the April 26, 2024 Petition Date, on a $115,000.00 loan. If they are post-petition, item H is false. *See* D.E. 785-2.

14. The Worksheet also misstates the contract. Item B reports a "Contractual interest rate" of 18.00%. The Note says eleven percent. The 18% figure is the Note's *default* rate. An affidavit that misstates the contract rate cannot establish the amount of the claim.

## II. Applying § 506(b), the Movant's Own Figures Establish Substantial Equity.

15. Under 11 U.S.C. § 506(b), only an *oversecured* creditor may recover post-petition interest, fees, costs, or charges. A creditor asserting that it is undersecured — as the Movant does here — is entitled to none of them. Its allowed secured claim is measured as of the Petition Date. *In re Flagler-At-First Associates, Ltd.*, 101 B.R. 372 (Bankr. S.D. Fla.

16. That measurement is straightforward on the Movant's own numbers:

| | |
|---|---|
| Principal balance (Note; Affidavit ¶ 8) | $115,000.00 |
| Pre-petition interest at the 11% contract rate (1/1/24–4/26/24) | $4,020.27 |
| Pre-petition late charges (Affidavit ¶ 8) | $263.54 |
| **Petition-date secured claim** | **$119,283.81** |
| Movant's asserted value (Motion ¶ 13) | $205,000.00 |
| **Equity in the Property** | **$85,716.19** |

17. The remaining $164,481.85 the Movant asserts consists of post-petition interest, "Corporate Advances," and attorneys' fees. The Movant's position is circular: it may claim those amounts only if it is oversecured, and it contends it is undersecured only because of those amounts. Removing what § 506(b) disallows leaves a secured claim of approximately $119,283.81 against a Property the Movant values at $205,000.00.

18. Courts confronting the same circularity have rejected it. In *In re Southside, LLC*, 520 B.R. 914 (Bankr. N.D. Ga. 2014), the movant asserted a claim inflated by post-petition interest and attorneys' fees, then argued the debtor lacked equity in the collateral. The court held that under once the impermissible amounts were removed, the motion failed on its own arithmetic: "SunTrust's proof of claim indicates a claim of $2,113,987.00. Less post-petition interest and disallowed attorneys' fees, SunTrust's claim as of the Petition Date was $1,847,559.33. In the Motion, SunTrust asserts that the Property value is $2,100,000. ... [I]t appears, from the Motion, that Debtor held equity in the property as of the Petition Date." *Id.* at 921. "Having disallowed SunTrust's claim for prepetition attorneys' fees, it becomes clear that SunTrust's Motion should be denied." *Id.* at 920.

19. The disparity in *Southside* was fourteen percent. Here, the Movant asserts a claim nearly *two and one-half times* the amount § 506(b) permits it to assert, and the equity that emerges when the impermissible charges are removed is correspondingly larger.

**III. The Movant Is Adequately Protected by a Substantial Equity Cushion.**

20. An equity cushion is the classic form of adequate protection, and one of this size is more than sufficient. The cushion here is approximately $85,716 – roughly 42% of the Movant's own asserted value of the Property, and roughly 72% of its petition-date claim. The Movant's assertion in paragraph 5 of the Motion that "[t]he value of the collateral is insufficient in and of itself to provide adequate protection" is unsupported by anything in its own exhibits.

21. The Movant's contrary argument depends entirely on charges § 506(b) does not permit it to recover. A creditor cannot manufacture the absence of adequate protection by adding to its claim amounts the Bankruptcy Code denies it.

**IV. The Movant's Valuation Evidence Will Not Bear the Weight Placed on It.**

22. Valuation is the linchpin of the Movant's prime facie case. The Court should not treat Exhibit C as competent evidence of value should valuation become contested.

23. Exhibit C is a *Restricted Appraisal Report*. *See* D.E. 785-3. By its own terms it is prepared under USPAP Standards Rule 2-2(b) and is "intended only for the use of the client and any other named intended user(s)," and it warns that "[u]sers of this report must clearly understand that the report may not contain supporting rationale for all of the opinions and conclusions set forth in the report." The client is identified only as "Private." Neither the Trustee nor this Court is a named intended user, and the report states that third parties do not become intended users.

24. The report further discloses that it rests on both Hypothetical Conditions and Extraordinary Assumptions, neither of which the Motion identifies. And the report states that

"[t]he appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand." The document is unsworn, unauthenticated, and hearsay.

**V. No Cause Exists Under § 362(d)(1).**

25. The only "cause" the Motion asserts is a lack of adequate protection. *See* Motion ¶¶ 5, 7. For the reasons set forth above, the Movant is amply protected by an equity cushion exceeding $85,000. No other ground for cause is pleaded.

26. The balance of harms weighs decisively against relief. If the stay is modified, the Movant will proceed to judgment in state court on the full $283,765.39 it asserts (including the approximately $164,481.85 that § 506(b) disallows). A judgment in that amount would consume the entire equity in the Property and leave the Estate with nothing. Only this Court can apply § 506(b) and fix the Movant's allowed secured claim. Lifting the stay would not defer the Estate's recovery; it would eliminate it, by transferring the claim-allowance question to a forum in which § 506(b) has no application.

27. The Trustee, by contrast, intends to market and sell the Property for the benefit of the Estate and its creditors, as she is doing with other real property of the Estate. The equity the Movant's own appraisal establishes belongs to the Estate, and the Trustee is entitled to realize it.

**VI. Section 362(d)(2) Provides No Independent Basis for Relief.**

28. Relief under § 362(d)(2) requires both that the debtor lack equity in the property and that the property not be necessary to an effective reorganization. The Movant bears the burden on the first element, § 362(g)(1), and cannot carry it: on its own figures, and after application of § 506(b), the Estate holds equity of approximately $85,716. The inquiry ends there.

**VII. Reservation of Rights.**

29. The Trustee does not concede the amount, validity, priority, extent, or enforceability of the Movant's asserted claim or lien, and expressly reserves all rights, including the right to object to the Movant's claim, to contest the reasonableness of the fees and "Corporate Advances" asserted, and to seek a surcharge against the Property and its proceeds under 11 U.S.C. § 506(c).

30. The Trustee further objects to the Movant's request that the Court waive the fourteen-day stay under Fed. R. Bankr. P. 4001(a)(3). The Motion offers no basis for that relief.

**WHEREFORE**, the Trustee respectfully requests that the Court (i) deny the Motion; (ii) determine that the Movant is adequately protected; (iii) decline to waive the stay imposed by Fed. R. Bankr. P. 4001(a)(3); and (iv) grant such other and further relief as the Court deems just and proper.

Dated: September 3, 2026

Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
akapai@dunnlawpa.com

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 3rd day of September, 2026, upon all registered users in this case.

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794