**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**IN RE:** **Case No.: 24-14100-PDR**

**CITY TRUST INVESTMENTS LLC**
**Debtor.** **Chapter 7**
**________________________________/**

**RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF ORDER DETERMINING AND ALLOWING SURCHARGE AGAINST SALE PROCEEDS UNDER 11 U.S.C. § 506(c), AND GRANTING RELATED RELIEF**

**COMES NOW,** GIRA PROPERTY LLC and LONS LLC(hereinafter "Secured Creditors"), by and through undersigned counsel, and hereby file their Response to Chapter 7 Trustee's Motion for Entry of Order Determining and Allowing Surcharge Against Sale Proceeds(DE:791) and state as follows:

**I. Facts**

1. That this case was filed on April 26, 2024.
2. That Secured Creditors filed their Motions for Relief From Stay(DE:54,62) on June 13, 2024 and June 14, 2024. The Motions were denied(DE:117,118).
3. Secured Creditors filed their Motion to Dismiss Case (DE:126) on July 24, 2026. The motion was denied as moot(DE:146), as the case was converted to Chapter 7 instead.
4. That the Secured Creditors have liens on three separate real properties

subject to the Chapter 7 Trustee's surcharge motion.

## II. Legal Standard

6. Secured Creditors agree that the three part test referenced in *In re Olympia Holding Corp.*, 127 B.R. 478, 481 (Bankr. M.D. Fla. 1991) is the applicable test the Trustee must pass in order to get the relief she seeks.

## III. Argument

### A. THE MENENDEZ LITIGATION EXPENSES WERE NOT NECESSARY AND THE SECURED CREDITORS DID NOT CONSENT TO THE TRUSTEE'S ACTIONS.

7. The Trustee is seeking to surcharge the sale of the Menendez Properties to account for litigation expenses incurred in prosecuting an adversary proceeding against parties clouding the title to seven of the Debtor's real properties.

8. That the Trustee's claims that such expenses were necessary due to lack of opposition by Secured Creditors, are not supported by the history of this case and the reality of the Secured Creditors' positions in regards to their liens. The Secured Creditors, have from the beginning of this case wanted nothing more than to be out of this case. That is why they first moved from relief from stay, then, when the initial Chapter 11 status of this case was obviously not going to result in a confirmable plan, sought dismissal. That was around two years ago. Since then, the Trustee has been prosecuting its case in the adversary proceeding,

incurring the legal fees it now seeks to surcharge against the sale of the collateral of Secured Creditors' liens. The Trustee argues that the Secured Creditors lack of participation in the adversary equates to consent to the Trustee's expended legal fees but there is likewise no mention in the Trustee's Motion of communication with the Secured Creditors prior to filing of the adversary proceeding, giving them notice of the expected legal fees to be incurred or seeking their consent in light of an eventual surcharge to recoup the fees. This case has been pending for over two years, the Secured Creditors monitoring the situation regarding the status of their liens should be seen as a neutral activity instead of the Trustee's characterization of it being an attempt to achieve a benefit off the Trustee's work while not wanting to participate in the costs. As this response will go into detail below, the Menendez Litigation was not necessary to preserve the value of the Secured Creditors claim, in fact, it only served to reduce the value compared to what the Secured Creditors would have received if the litigation was never commenced through the adversary proceeding.

## B. THE MENENDEZ LITIGATION EXPENSES DID NOT PROVIDE A BENEFIT TO SECURED CREDITORS

9. For the purposes of allowing a surcharge such as the one the Trustee requests, "The plaintiff must show that the costs incurred in preserving or administering the debtor's assets resulted in a

quantifiable benefit to the creditor" *In Re Toy King Distributors, Inc.*,(Bankr.M.D.Fla. 2000) (quoting American Savings Loan Association v. Gill (In re North County Place, Ltd), 92 B.R. 437, 443 (Bankr.C.D.Cal. 1988)). The Secured Creditors have not received a quantifiable benefit from the Menendez Litigation Expenses. The Trustee requests a total surcharge connected to the Menendez Litigation Expense on the sale of all the Menendez Properties in the amount of $492,122.50, divided between the six properties results in a $82,020.41 surcharge on each property, including the three connected to Secured Creditors. The total to be paid to Secured Creditors from the sale, if estimated using the stalking horse bidder Trustee is seeking approval in its motion at DE:764, and deducting the per property surcharge, will be that Gira Property LLC receives $60,836.73 for its $119,309.27 claim and Lons LLC receives $121,673.46 on its $238,617.50 claim.

10. The Secured Creditors possess title insurance on their liens with the Debtor, which would have paid out $137,500.00 for the Gira Property, LLC mortgage and $275,000.00 for Lons, LLC, in the event the Menendez Litigation in state court resulted in the loss of their collateral. (the policies are attached to this Response as Exhibits). Therefore, Secured Creditors would have received a much higher quantifiable benefit if the Trustee had not pursued the adversary proceeding at all.

Instead, the Menendez Litigation Expenses have significantly reduced the amount of money they will receive on their claims.

11. That, furthermore, the Court in *Toy King (*quoting In re Wyckoff, 52 B.R. 164, 167 (Bankr.W.D.Mich. 1985)) mentions that "The reasonableness of the costs and expenses sought to be charged under section 506(c) is often measured against the benchmark of the amount of the costs and expenses which would necessarily have been incurred by the holder of the secured claim in foreclosing the property on its own behalf, particularly when such holder has not consented to the disposition by the debtor, debtor in possession or trustee." The Secured Creditors, who were in fact deep into the process of foreclosing on their liens when this bankruptcy case was filed, would hardly have incurred $246,061.23 in legal fees (3x the surcharge on each property for Secured Creditors three properties) if they had completed those foreclosures.

**D. THE MENENDEZ LITIGATION EXPENSES ARE NOT REASONABLE**

12. In light of the injury to the value of Secured Creditors claim, the Secured Creditors object to the Trustee's allegation that the attorney's fees were reasonable and that every entry in the exhibit attached to the Motion conferred a direct correlation to any benefit to the Secured Creditors. Secured Creditors request that an evidentiary hearing be set to determine each entry was necessary and attributable to the alleged

benefits they received by the litigation.

**E. THE PRESERVATION EXPENSES ARE NOT REASONABLE**

13. Upon information and belief, the properties are not in a state of good marketable appearance and do not seem as if they were professionally managed. The Secured Creditors are in the process of obtaining evidence to back up this allegation and request an evidentiary hearing be set so that such evidence can be presented and considered when determining whether such expenses should be surcharged against their claims.

**IV. Conclusion**

14. That the Secured Creditors, as well as the other creditors subject to the Trustee's surcharge motion, should have just been given stay relief at the beginning of this case. The record is crystal clear that they wanted no part of this bankruptcy case, much less encouraged the extensive work done by the Trustee. This is not a case where a secured creditor is going to receive a windfall from the back of the Chapter 7 Trustee's work Instead, they will receive a severe reduction on their investments in the Debtor's real property if this surcharge is allowed.

**Dated: September 4, 2026**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy foregoing was furnished by by electronic mail to the parties below and as indicated on the Court's electronically generated CM/ECF document on the 4th day of September, 2026.

Amrit S. Kapai, Esq.
Attorney for Trustee, Marcia T. Dunn

**KENNETH S. ABRAMS, P.A.**
Attorneys for Secured Creditor
420 S. Dixie Highway, Suite 2L
Miami, FL 33156
Telephone: (305) 598-1880
Facsimile: (305) 598-1881
Email:Kabrams@bkclaw.com

By: *_/s/Kenneth S. Abrams, Esq._*
KENNETH S. ABRAMS, ESQ.
Florida Bar No.: 107293