**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:

City Trust Investments, LLC

Debtor(s)

CASE NO: 24-14100-PDR
Chapter 7

**SECURED CREDITORS' SUPPLEMENTAL BRIEF IN SUPPORT OF OBJECTION TO TRUSTEE'S MOTION TO APPROVE SALE OF PROPERTIES FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS [DOC. NO. 764]**

**COMES NOW, SECURED CREDITORS**, H2ML, LLC, POLONIO, LLC, AND JEFFEREY MILLS (collectively "Secured Creditors"), by and through its undersigned counsel, and hereby files this Supplemental Brief in Support of Objection to Trustee's Motion to Approve Sale of Properties Free and Clear of All Liens, Encumbrances, and Interests [DOC. NO. 764] (the "Motion") and states as grounds the following:

1. Secured Creditors hold a valid and perfected first mortgage on the subject properties and must be fully paid off at closing, plus all additional interest, loan charges and advances, fees, etc.

2. Therefore, Secured Creditors do not object to the sale of the Property, so long as:

   a. Secured Creditors' Claims are paid in full (including plus all additional interest, loan charges and advances, fees, etc.), pursuant to an updated payoff statement provided by Secured Creditors at the time of closing; and

   b. Secured Creditors are not surcharged in any way with the costs of the sale, broker commissions, attorneys' fees or any other administrative claims, costs or expenses in connection with the sale of the Properties.

3. Trustee, however, does not want to pay the Secured Creditors in full or up to the value of

their security as required under the Bankruptcy code. As previously stated, there is no equity in the Properties above the Secured Creditors' payoffs, not including any fees and costs paid by Secured Creditors.

4. For Secured Creditor Jefferey Mills, the subject property is worth $165,000 and needs about $80,000 worth of repairs. Secured Creditor's unpaid principal balance is $130,000, interest to August 12, 2026, is $77,000, and escrow advances and property registration costs are $36,393.93.

5. For Secured Creditor H2ML, LLC, the subject property is worth $135,000 and needs about $40,000 worth of repairs. Secured Creditor's unpaid principal balance is $130,000, interest to August 12, 2026, is $77,000, and escrow advances and property registration costs are $26,280.41.

6. For Secured Creditor Polonio, LLC, the two (2) subject properties combined are worth $292,000 with repairs needed. Secured Creditor's unpaid principal balance is $220,000, interest to August 12, 2026, is $112,281.91, escrow advances and property registration costs are $31,077.79.

7. The Court has requested supplemental brief regarding the statutory basis under 11 U.S.C. § 363(f) for the proposed sale free and clear of all interests. Trustee has asserted in its brief that the proposed sale is authorized under § 363(f)(4) because a bona fide dispute exists concerning the amount and extent of interests asserted against the Properties.

8. However, a bona fide dispute exists only where "there is an objective basis for either a factual or a legal dispute as to the *validity* of [the] debt." *In re Euro-Am. Lodging Corp.*, 357 B. R. 700, 714 (Bankr. S.D.N.Y. 2007) quoting *In re BDC 56 LLC*, 330 F.3d 111, 117 (2d Cir. 2003), abrogated on other grounds by *In re Zarnel*, 619 F.3d 156 (2d. Cir. 2010)

(emphasis added); *see also In re Gulf States Steel*, 285 B.R. 497, 507 (Bankr. N.D. Ala. 2002).

9. A bona fide dispute exists where there is a meritorious existing conflict as to the creditor's *right to payment*. *In re Atlas Machine & Iron Works v. Bethlehem Steel*, 986 F.2d 709 (4th Cir. 1993) (emphasis added).

10. The Court's objective is to ascertain whether a dispute that is bona fide exists. *In re BDC 56 LLC*, 330 F.3d at 118. Here, there is no dispute as to the *validity* of Secured Creditors' debt or their right to payment – they all have a valid and perfected first mortgages on the Properties.

11. Trustee asserts that any question or objection raised as the *amount* of Secured Creditors' claims amounts to a bona dispute as to the validity or right to payment of Secured Creditors. However, there is no case law that states as such, other than one (1) Bankruptcy Middle District of Georgia case, *In re Lee*, which is not binding. In *In re Gulf States Steel*, the Taxing Authority was asserting that there was taxes owed – the Court held that there was a valid dispute as to whether *any* taxes were owed; thus, the Court was stating that there was a dispute as to the validity of the debt, not the specific amount. 285 B.R. at 508.

12. Trustee then asserts that the sale is independently authorized under 11 U.S.C. § 363(f)(3) because the purchase price exceeds the value of the liens. Here, the Trustee "acknowledges that courts have read 'value' to mean the face amount of the secured debt, and that no binding Eleventh Circuit decision resolves the question." *Trustee Brief*, at *7. Secured Creditors similarly assert that the "value" means the face amount of the secured debt.

13. Secured Creditors dispute the surcharge requested by Trustee. "As a general rule, the costs of administering the debtor's estates are not charges against a secured creditor's collateral."

*In re Toy King Distributors, Inc*., 256 B.R. 1, 193 (Bankr. M.D. Fla. 2000) (citing *Precision Steel Shearing, Inc. v. Fremont Financial Corp. (In re Visual Industries, Inc*.), 57 F.3d 321, 324 (3d Cir.1995)). “Surcharging collateral subject to a security interest is the exception and not the rule for recovering costs and expenses associated with the preservation or disposition of estate property. Ordinarily, the costs and expenses detailed in Section 506(c) are paid from the unencumbered assets of a bankruptcy estate rather than from secured collateral.” *In re Smith International Enterprises, Inc*., 325 B.R. 450, 453 (Bankr. M.D. Fla.2005).

14. "We allow payment of administrative expenses from the proceeds of secured collateral when incurred primarily for the benefit of the secured creditor or when the secured creditor caused or consented to the expense.” *In re Compton Impressions, Ltd*., 217 F.3d 1256 (9th Cir. 2000) (citing *In re Cascade Hydraulics & Utility Serv., Inc*., 815 F.2d at 548).

15. The party seeking to surcharge must show a specific and quantifiable benefit to the secured creditor. *In re Toy King Distributors, Inc*., 256 B.R. at 193.

16. Here, Trustee is essentially reducing the value of Secured Creditors’ liens by deducting $545,458.92 in surcharges. This certainly does not qualify as a quantifiable benefit to the Secured Creditors. Trustee is reducing the value of Secured Creditors’ lien by asserting an exorbitant surcharge and then absurdly asserting that the “full economic value” of their liens will be paid by the sale. Secured Creditors vehemently oppose this absurd interpretation.

17. As stated above, Secured Creditors do not object to the sale of the Property, so long as Secured Creditors’ Claims are paid in full (including plus all additional interest, loan

charges and advances, fees, etc.), pursuant to an updated payoff statement provided by Secured Creditors at the time of closing or at least up to the value of Secured Creditor's collateral which is impossible to do as there is no equity in the properties to pay Secured Creditor's all of their principal and past due interest owed and this is exclusive of any additional fees, costs and advances that Secured Creditors have paid.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditors respectfully request that this Honorable Court deny the Motion unless the sale of the Property accounts for a full and complete payoff of Secured Creditors' claims in accordance with the bankruptcy code and for any other relief this Honorable Court deems Secured Creditors are entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, on September 8, 2026.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

/s/ Damian G. Waldman
Damian G. Waldman, Esquire
Florida Bar No.: 090502
**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Boulevard, Unit 1 & 2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: service@dwaldmanlaw.com
Email 2: damian@dwaldmanlaw.com
*Attorneys for Secured Creditor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 8, 2026, I served a copy of the foregoing by regular U.S. Mail or the Court's CM/ECF system to the following parties listed on the below service list:

**SERVICE LIST**

*Debtor*
City Trust Investments LLC
27581 South Dixie Hwy, Suite 2
Homestead, FL 33032

*Trustee*
Marcia T Dunn
66 West Flagler Street, Ste 400
Miami, FL 33130

David Blansky
Dunn Law, P.A.
66 West Flagler Street, Suite 400
Miami, FL 33130
*Attorney for Trustee*

Michael P Dunn
66 West Flagler St., Ste. 400
Miami, FL 33130
*Attorney for Trustee*

Amrit S Kapai
66 West Flagler Street
Ste 400
Miami, FL 33130
*Attorney for Trustee*

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

Dan L Gold
Office of the US Trustee
51 SW 1 Ave #1204
Miami, FL 33130
*Attorney for US Trustee*

**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Blvd., Units 1&2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email:**damian@dwaldmanlaw.com**
Attorneys for Secured Creditor

By: /s/ Damian Waldman, Esq.
Damian Waldman, Esq.
Florida Bar No.: 090502