**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re:<br>CITY TRUST INVESTMENTS LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC,<br><br>Debtors.<br>_____________________________/ | Case No.: 24-14100-PDR<br>(substantively consolidated)<br><br>Chapter 7 |

**CHAPTER 7 TRUSTEE'S OBJECTION TO H2ML, LLC'S ASSERTED POSTPETITION INTEREST, ATTORNEYS' FEES, COSTS, CHARGES, AND ADVANCES**

MARCIA T. DUNN, solely as Chapter 7 Trustee (the "Trustee") of the substantively consolidated bankruptcy estate (the "Estate") of City Trust Investments LLC, Loreta Investments, LLC, Gain 11 Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC (collectively, the "Debtors"), by and through undersigned counsel, hereby files this Objection to H2ML, LLC's Asserted Postpetition Interest, Attorneys' Fees, Costs, Charges, and Advances (the "Objection"), and states as follows:

**BACKGROUND**

1. On April 26, 2024 (the "Petition Date"), City Trust Investments LLC ("City Trust") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The case was converted to Chapter 7, and Marcia T. Dunn was appointed as the Chapter 7 Trustee on September 3, 2024.

3. On September 23, 2025, the Court entered an order substantively consolidating Loreta Investments LLC, Gain 11 Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC into City Trust's bankruptcy estate [D.E. 623].

4. On June 10, 2024, H2ML, LLC ("H2ML") filed Proof of Claim No. 5 (the "H2ML Claim") asserting a secured claim of $168,123.18 based on a mortgage encumbering the real property located at 28124 SW 142nd Court, Homestead, Florida 33033 (the "H2ML Property").

5. The H2ML Claim reflects $130,000.00 in principal, $23,530.00 in interest, and $14,593.18 in prepetition fees, costs, and related charges, and values the H2ML Property at $220,500.00. *See* H2ML Claim at 2, 4.

6. On August 3, 2026, the Trustee filed her *Motion for Entry of Order (I) Approving Bidding Procedures in Connection with the Sale of Certain Real Properties of the Estate, (II) Approving the Stalking Horse Purchaser and Related Purchase and Sale Agreement, (III) Scheduling an Auction, if Necessary, (IV) Setting a Final Sale Hearing, (V) Approving the Sale of the Properties Free and Clear of All Liens, Claims, Encumbrances, and Interests, with Such Liens to Attach to Sale Proceeds, and (VI) Granting Related Relief* [D.E. 764] (the "Sale Motion").

7. Through the Sale Motion, the Trustee seeks authority under 11 U.S.C. § 363 to sell seven real properties identified therein (collectively, the "Properties"), including the H2ML Property, free and clear of liens, claims, encumbrances, and interests, with any valid liens to attach to the proceeds attributable to the applicable Property (the "Sale Proceeds").

8. On August 5, 2026, H2ML filed its Limited Objection to the Sale Motion [D.E. 768] (the "H2ML Sale Objection"). H2ML states that it does not object to the proposed sale so long as its claim is paid in full at closing, including "all additional interest, loan charges and

advances, fees, etc.," pursuant to an updated payoff statement. *See* H2ML Sale Objection ¶¶ 5–6 [D.E. 768].

9. On August 14, 2026, H2ML filed a Motion for Relief from Stay concerning the H2ML Property [D.E. 777] (the "H2ML Stay Motion"). In support of the H2ML Stay Motion, H2ML filed the Affidavit of Indebtedness dated August 12, 2026 [D.E. 777-2] (the "H2ML Affidavit").

10. The H2ML Affidavit asserts that, as of August 12, 2026, H2ML was owed $328,150.39 (the "Asserted Payoff Amount"), consisting of $130,000.00 in principal, $77,000.00 in accrued interest, $325.00 in pre-accelerated late charges, $26,280.41 in "corporate advances," and $94,544.98 in attorneys' fees and costs. *See* H2ML Affidavit ¶ 8, at 2 [D.E. 777-2].

11. The Asserted Payoff Amount is $160,027.21 greater than the $168,123.18 H2ML Claim. The increase consists of $53,470.00 in additional interest, $79,951.80 in attorneys' fees and costs above the amount included in the H2ML Claim, $26,280.41 in corporate advances, and the $325.00 late charge (collectively, the "Disputed Additional Amounts").

12. On August 21, 2026, the Trustee filed an Omnibus Response and Objection to the H2ML Stay Motion and the related stay-relief motions filed by two other secured creditors [D.E. 793] (the "Stay Objection").

13. The present Objection is narrower. It addresses H2ML's separate request in the H2ML Sale Objection to receive the Disputed Additional Amounts from the Sale Proceeds as part of its alleged secured payoff.

14. The Trustee also has pending her *Motion for Entry of Order Determining and Allowing Surcharge Against Sale Proceeds Under 11 U.S.C. § 506(c)* [D.E. 791] (the "Surcharge

Motion"). Any amount ultimately payable to H2ML from the Sale Proceeds remains subject to the Trustee's rights under § 506(c) and further order of the Court.

**LEGAL STANDARD**

15. Section 506(b) permits an oversecured creditor to recover postpetition interest and "reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose," but only to the extent the value of the collateral exceeds the amount of the allowed secured claim. 11 U.S.C. § 506(b). Thus, a creditor seeking fees, costs, or charges under § 506(b) must establish that: (1) its claim is oversecured by an amount sufficient to support the requested recovery; (2) the agreement giving rise to the claim authorizes the fees, costs, or charges sought; and (3) the requested amounts are reasonable. *In re Pak*, 252 B.R. 215, 217 (Bankr. M.D. Fla. 2000) (applying the three requirements for recovery of attorneys' fees under § 506(b)); *In re Reorganized Lake Diamond Assocs., LLC*, 367 B.R. 858, 862–63 (Bankr. M.D. Fla. 2007) (same).

16. The requirement that the creditor be oversecured is a threshold limitation on recovery under § 506(b). *In re Delta Resources, Inc.*, 54 F.3d 722, 729–30 (11th Cir. 1995) (holding that an oversecured creditor's recovery of postpetition interest is limited by the amount of its equity cushion). Accordingly, postpetition interest, fees, costs, and charges may be afforded secured treatment only to the extent supported by the value of the collateral above the creditor's allowed secured claim. *Id.*

17. Attorneys' fees are subject to an additional federal reasonableness requirement. *Welzel v. Advocate Realty Invs., LLC (In re Welzel)*, 275 F.3d 1308, 1314–18 (11th Cir. 2001) (en banc) (holding that § 506(b) requires an independent determination of reasonableness even when the contractual fee obligation is otherwise enforceable under state law). Accordingly, contractual authorization alone does not establish entitlement to have the full amount of requested attorneys'

fees treated as secured under § 506(b). *Id*. If fees are otherwise allowable but exceed the amount reasonable under § 506(b), the reasonable portion is treated as secured while the remainder is treated as unsecured. *Id*. at 1318–20.

18. In determining reasonableness, courts consider the nature and extent of the services performed and whether the fees were reasonably incurred to protect or collect the secured claim. *In re Digital Prods. Corp.*, 215 B.R. 478, 482–83 (Bankr. S.D. Fla. 1997) (explaining that compensable fees are those necessary to the collection and protection of the creditor's claim and that the services must be cost-justified by the economics of the circumstances); *In re Numed Home Health Care, Inc.*, 310 B.R. 226, 231–32 (Bankr. M.D. Fla. 2004) (considering the overall fairness and reasonableness of the requested fees under the circumstances); *In re Reorganized Lake Diamond Assocs.*, 367 B.R. at 864–66 (disallowing fees that were not reasonably incurred to protect the creditor's secured interest).

**ARGUMENT**

19. Here, H2ML has not established that it is sufficiently oversecured to recover the Disputed Additional Amounts under § 506(b). The H2ML Claim values the H2ML Property at $220,500.00 and asserts a secured claim of $168,123.18, reflecting an apparent equity cushion of $52,376.82. H2ML now seeks a total payoff of $328,150.39, which exceeds its own stated collateral value by $107,650.39. Although the filed valuation may not establish the current value of the H2ML Property, the present record does not establish an equity cushion sufficient to support the Asserted Payoff Amount. Moreover, § 506(b) expressly provides that collateral value is measured "after any recovery under subsection (c)," 11 U.S.C. § 506(b), and the Trustee's Surcharge Motion remains pending.

20. H2ML also has not established the reasonableness of the additional $79,951.80 in attorneys' fees and costs included in the Asserted Payoff Amount above the amount stated in the H2ML Claim. The H2ML Affidavit provides only an aggregate figure of $94,544.98 and does not include billing records, time entries, hourly rates, descriptions of the services performed, or other information from which the Court can determine whether the additional fees were reasonable and incurred to protect or collect H2ML's secured claim. *See Welzel*, 275 F.3d at 1314–18; *Digital Prods.*, 215 B.R. at 482–83. The Trustee further notes that H2ML's participation in this case has been limited, consisting of a handful of case filings and sitting for a 2004 exam, and that H2ML neither appeared nor participated in the adversary proceeding against Carlos Menendez. On this record, the Trustee does not believe that the attorneys' fees and costs asserted are reasonable, and demands strict proof of the reasonableness and necessity of each amount sought.

21. Likewise, the H2ML Affidavit identifies $26,280.41 in "corporate advances" and a $325.00 late charge without explaining the nature of those amounts or identifying the provisions of the governing loan documents authorizing their recovery. Section 506(b) requires H2ML to establish that the fees, costs, and charges sought are authorized by the agreement giving rise to its claim. *See In re Pak*, 252 B.R. at 217.

22. Accordingly, the Disputed Additional Amounts should not be treated as part of H2ML's secured payoff from the Sale Proceeds unless and until H2ML establishes its entitlement to those amounts under § 506(b).

**WHEREFORE**, the Trustee respectfully requests that the Court sustain the Objection and determine that H2ML is not entitled to payment of the Disputed Additional Amounts unless and until H2ML establishes its entitlement to such amounts under 11 U.S.C. § 506(b), and grant such other relief as the Court deems just and proper.

Dated: September 9, 2026

Respectfully submitted,
**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, as Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866 | Fax: 786-260-0269
Email: akapai@dunnlawpa.com

By: /s/ *Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on September 9, 2026, upon all registered users in this case.

By: /s/ *Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794