**ORDERED in the Southern District of Florida on September 18, 2026.**

**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC,

Debtors.
_____________________________/

Case No.: 24-14100-PDR
(substantively consolidated)

Chapter 7

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN REAL PROPERTIES OF THE ESTATE, (II) APPROVING THE STALKING HORSE PURCHASER AND RELATED PURCHASE AND SALE AGREEMENT, (III) SCHEDULING AN AUCTION, IF NECESSARY, (IV) SETTING A FINAL SALE HEARING, AND (V) GRANTING RELATED RELIEF**

THIS CAUSE came before the Court for hearing on September 9, 2026 (the "Hearing") upon Chapter 7 Trustee, Marcia T. Dunn's (the "Trustee") *Motion for Entry of Order (I) Approving Bidding Procedures in Connection with the Sale of Certain Real Properties of the Estate, (II) Approving the Stalking Horse Purchaser and Related Purchase and Sale Agreement, (III)*

*Scheduling an Auction, if Necessary, (IV) Setting a Final Sale Hearing, (V) Approving the Sale of the Properties Free and Clear of All Liens, Claims, Encumbrances, and Interests, with Such Liens to Attach to Sale Proceeds, and (VI) Granting Related Relief* (the "Sale Motion") [D.E. 764], for the real properties located at 28152 SW 142nd Court, Homestead, FL 33033, Folio 30-7903-013-1060; 28091 SW 143rd Court, Homestead, FL 33033, Folio 30-7903-013-1790; 28133 SW 142nd Court, Homestead, FL 33033, Folio 30-7903-013-0220; 28025 SW 142nd Court, Homestead, FL 33033, Folio 30-7903-013-0060; 28131 SW 142nd Court, Homestead, FL 33033, Folio 30-7903-013-0210; 28124 SW 142nd Court, Homestead, FL 33033, Folio 30-7903-013-0970; and 14266 SW 283rd Street, Homestead, FL 33033, Folio 30-7903-013-0610 (collectively, the "Properties"). All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

The Sale Motion concerns the proposed sale of the following Properties:

28152 SW 142nd Court, Homestead, FL 33033:

**Lot 12, Block 4, Seapines, according to the Plat thereof as recorded in Plat Book 100, page 6, of the Public Records of Miami-Dade County, Florida.**

Parcel Identification No: **30-7903-013-1060**

28091 SW 143rd Court, Homestead, FL 33033:

**Lot 25, Block 8, Seapines, according to the Plat thereof as recorded in Plat Book 100, page 6, of the Public Records of Miami-Dade County, Florida.**

Parcel Identification No: **30-7903-013-1790**

28133 SW 142nd Court, Homestead, FL 33033:

**Lot 22, Block 1, of Seapines, as per Plat thereof, recorded in Plat Book 100, Page 6 of the Public records of Miami Dade County, Florida.**

Parcel Identification No: **30-7903-013-0220**

28025 SW 142nd Court, Homestead, FL 33033:

LOT 6, BLOCK 1, SEAPINES.ACCORDING TO THE PLAT THEREOF,AS RECORDED IN PLAT BOOK 100, PAGE 6, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY,FLORIDA

Parcel Identification No: **30-7903-013-0060**

28131 SW 142nd Court, Homestead, FL 33033:

LOT 21, BLOCK 1, SEAPINES.ACCORDING TO THE PLAT THEREOF,AS RECORDED IN PLAT BOOK 100, PAGE 6, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY,FLORIDA

Parcel Identification No: **30-7903-013-0210**

28124 SW 142nd Court, Homestead, FL 33033:

LOT 3 BLOCK 4, SEAPINES, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 100 PAGE 6 OF THE PUBLIC RECORDS OF MIAMI DADE COUNTY FLORIDA./ ALONG WITH GRANTORS PROPOTIONAL SHARE OF THE COMMON ELEMENTS.

Parcel Identification No: **30-7903-013-0970**

14266 SW 283rd Street, Homestead, FL 33033:

LOT 61, BLOCK 1, SEAPINES, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 100, PAGE 6, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Parcel Identification No: **30-7903-013-0610**

The Court, having reviewed and considered the Sale Motion, the declarations filed in support thereof, the record in this case, the representations of counsel at the Hearing, and any objections thereto; having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and finding that this is a core proceeding under 28 U.S.C. § 157(b)(2) and that venue is proper under 28 U.S.C. §§ 1408 and 1409; having found that proper, timely, adequate and sufficient notice of the Sale Motion and the Hearing was provided under the circumstances in accordance with 11 U.S.C. §§ 102(1) and 363(b), Bankruptcy Rules 2002, 6004 and 9014, and the local rules of this Court; having determined that the relief granted herein is a sound exercise of the Trustee's business judgment and is in the best interests of the Estate, its creditors, and other parties in interest; and

good and sufficient cause appearing therefor,

**it is HEREBY ORDERED and ADJUDGED THAT:**

1. The Sale Motion is **GRANTED** to the extent set forth herein. Entry of a final order approving the sale of the Properties free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(b) and (f) is reserved for the Sale Hearing.

2. The bidding procedures set forth in the Sale Motion (the "Bid Procedures") are **APPROVED** and shall govern the submission, consideration, and acceptance of competing bids for the Properties.

3. The "As Is" Purchase and Sale Agreement for the Properties and all addenda thereto between the Trustee and BAAD Homes LLC (collectively, the "Sale Contract") is **APPROVED** for purposes of establishing BAAD Homes LLC as the stalking horse purchaser (the "Stalking Horse Purchaser") and establishing the initial stalking horse bid for the Properties.

4. The Stalking Horse Purchaser's purchase price of $1,000,000.00 (the "Stalking Horse Bid") is **APPROVED** as the initial bid for purposes of the Bid Procedures, subject to higher and better offers and final approval by this Court at the Sale Hearing.

5. The Break-Up Fee equal to one percent (1%) of the Purchase Price, or $10,000.00, is **APPROVED** and shall be payable to the Stalking Horse Purchaser only in the event that the Stalking Horse Purchaser is not the Successful Bidder and a sale of the Properties is consummated with another purchaser, in accordance with the Sale Contract.

6. The Trustee and her retained real estate broker are authorized to continue marketing and advertising the Properties, soliciting higher and better offers, and providing prospective purchasers with information concerning the Properties through the Bid Deadline.

7. To constitute a "Qualified Bid," a competing bid shall comply with all requirements

set forth in the Sale Motion and the Bid Procedures, including, without limitation: (a) the initial competing bid shall exceed the Stalking Horse Bid by at least $50,000.00; (b) the prospective purchaser shall submit a written offer for the Properties in the form of a purchase and sale agreement approved by or otherwise acceptable to the Trustee; (c) the prospective purchaser shall tender an escrow deposit in the amount of $50,000.00 in cleared funds in accordance with the Bid Procedures, which deposit shall be refundable only to a party that is not the Successful Bidder and shall be forfeited to the Estate as liquidated damages in the event the Successful Bidder fails to close; (d) the prospective purchaser shall provide evidence reasonably satisfactory to the Trustee demonstrating its financial ability to consummate the purchase of the Properties; (e) the prospective purchaser shall disclose any relationship with the Debtors, any creditor, or any principal of such parties; and (f) the prospective purchaser shall otherwise comply with the terms and requirements of the Bid Procedures.

8. All Qualified Bids, together with the required escrow deposit, executed purchase and sale agreement, proof of financial ability, and all other supporting documentation required by the Bid Procedures, must be actually received by the Trustee no later than 5:00 p.m. prevailing Eastern Time on **October 19, 2026** (the "Bid Deadline").

9. There shall be no due diligence or inspection period for any prospective purchaser submitting a higher or better offer prior to the Bid Deadline.

10. The Trustee shall have the authority, in the exercise of her reasonable business judgment, to determine whether any submitted bid constitutes a Qualified Bid in accordance with the Bid Procedures. Any prospective purchaser that the Trustee determines to have timely submitted a Qualified Bid shall constitute a "Qualified Purchaser" for purposes of this Order.

11. In the event that one or more Qualified Bids are timely received by the Bid

Deadline, the Trustee is authorized to conduct an auction (the "Auction") for the Properties on **October 26, 2026, commencing at 10:00 a.m. prevailing Eastern Time**, at the offices of Dunn Law, P.A., 66 West Flagler Street, Suite 400, Miami, Florida 33130, or at such other location, including by video conference, as the Trustee may designate upon notice to the Stalking Horse Purchaser and all Qualified Purchasers.

12. Only the Stalking Horse Purchaser and Qualified Purchasers shall be permitted to participate in the Auction.

13. Following the initial Qualified Bid, bidding at the Auction shall proceed in minimum increments of $20,000.00, consistent with the Bid Procedures.

14. At the Auction, the Trustee shall be authorized to determine, in the exercise of her reasonable business judgment, which Qualified Bid constitutes the highest and best offer for the Properties (the "Successful Bid") and to designate the purchaser submitting such bid as the "Successful Bidder," subject to final approval by this Court at the Sale Hearing.

15. The Trustee may also designate the next highest or otherwise best Qualified Bid as a backup bid (the "Backup Bid") and the party submitting such bid as the "Backup Bidder," subject to such terms as the Trustee determines appropriate and consistent with the Sale Motion and the Bid Procedures.

16. If no Qualified Bid is timely received by the Bid Deadline, no Auction shall be conducted, and the Stalking Horse Purchaser shall be deemed the Successful Bidder, subject to final approval of the sale by this Court at the Sale Hearing.

17. Within two (2) business days following the conclusion of the Auction, the Trustee shall file with the Court and serve upon the United States Trustee, all parties who have filed a notice of appearance or an objection in connection with the Sale Motion, the Secured Creditors,

the Stalking Horse Purchaser, and all Qualified Purchasers, a notice identifying (i) the Successful Bidder and the amount and material terms of the Successful Bid; and (ii) the Backup Bidder and the amount and material terms of the Backup Bid, if any. In the event no Qualified Bid is timely received and no Auction is conducted, the Trustee shall file and serve a notice to that effect stating that the Stalking Horse Purchaser is the Successful Bidder.

18. Any objection to the sale of the Properties shall be filed with the Court and served upon counsel for the Trustee no later than **October 16, 2026 at 5:00 p.m.** prevailing Eastern Time. Any party that fails to timely file and serve a written objection shall be deemed to have consented to the sale for all purposes, including 11 U.S.C. § 363(f)(2), and shall be barred from objecting at the Sale Hearing. Notwithstanding the foregoing, any party may object at the Sale Hearing solely as to the identity, good faith, or qualifications of the Successful Bidder, provided such objection is stated on the record at the Sale Hearing.

19. A final hearing to consider approval of the sale of the Properties to the Successful Bidder, or to the Stalking Horse Purchaser if no Auction is conducted (the "Sale Hearing"), shall be held on **November 5, 2026, at 1:30 p.m.** prevailing Eastern Time, before the Honorable Peter D. Russin, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of Florida, 301 North Miami Avenue, Miami, Florida 33128, Courtroom 8.

20. At the Sale Hearing, the Trustee may seek entry of a final Sale Order approving the sale of the Properties to the Successful Bidder, or the Stalking Horse Purchaser if no Auction is conducted, pursuant to 11 U.S.C. § 363(b), (f) and (m), free and clear of all liens, claims, encumbrances, and interests, with all valid liens, claims, encumbrances, and interests attaching to the applicable sale proceeds in the same validity, priority, and extent as existed immediately prior to closing, subject to the Trustee's rights under 11 U.S.C. § 506(c) and further order of this Court.

21. Within three (3) business days after entry of this Order, the Trustee shall serve a copy of this Order upon all creditors and parties in interest in accordance with Bankruptcy Rules 2002(a)(2), 2002(c)(1), 6004 and 9014 and the local rules of this Court, and shall file a certificate of service. Service of this Order shall constitute good and sufficient notice of the Bid Deadline, the Auction, the Sale Hearing, and the deadline for filing objections, and no further or other notice is required.

22. The Trustee is authorized to take such actions as are reasonable and necessary to implement the Bid Procedures, conduct the Auction, select the Successful Bidder, and otherwise effectuate the terms of this Order.

23. The Trustee shall have the right, in the exercise of her reasonable business judgment and consistent with the Bid Procedures, to reject any bid that does not comply with the Bid Procedures, adjourn or continue the Auction or sale process, and withdraw the Properties from the market at any time prior to the Sale Hearing.

24. In the event the Properties are sold to any purchaser other than the Stalking Horse Purchaser, such purchaser shall be solely responsible for the payment of all fees, costs and taxes arising from or related to the consummation of the sale and the transfer of the Estate's right, title and interest in the Properties, including without limitation real estate commissions, real estate taxes, recording fees, and documentary stamp taxes. Neither the Trustee nor the Estate shall be liable to any third party for any brokerage commission; provided, however, that nothing herein shall affect the compensation of the Trustee's Court-approved real estate broker.

25. Nothing contained in this Order shall constitute final approval of the sale of the Properties to the Stalking Horse Purchaser or any other prospective purchaser. Final approval of the Successful Bidder and the sale of the Properties, including any findings under 11 U.S.C. §§

363(f) and 363(m), shall be determined by the Court at the Sale Hearing.

26. Nothing contained in this Order shall constitute a determination of the validity, priority, extent, enforceability, or amount of any asserted lien, claim, encumbrance, or interest against the Properties or any proceeds thereof, or of the allowance of any claim.

27. No distribution of sale proceeds shall be made to any secured creditor at or in connection with any closing or otherwise, absent further order of this Court. The allocation of the sale proceeds among the Properties, the escrow of the net proceeds, and the distribution thereof are reserved for the Sale Hearing or further order of this Court.

28. The Trustee expressly reserves all rights under 11 U.S.C. § 506(c), including the right to seek recovery or surcharge of the costs and expenses incurred in preserving, protecting, administering, marketing, and facilitating the sale of the Properties. The Trustee further reserves all rights of the Trustee and the Estate, including without limitation under 11 U.S.C. §§ 502, 506(a), 506(b), 510(c), 544, 547, 548, 550 and 551, and Federal Rule of Bankruptcy Procedure 3001(c). Any determination concerning the Trustee's § 506(c) rights or the distribution of the sale proceeds is reserved for further order of this Court.

29. The Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order and to resolve any disputes arising under or relating to the Bid Procedures, the Auction, or the relief authorized herein.

# # #

Submitted by:

Amrit S. Kapai, Esq.
DUNN LAW, P.A.
*Counsel for Marcia t. Dunn, as Chapter 7 Trustee*
66 West Flagler Street, Suite 400

Miami, Florida 33130
Phone: 786-433-3866 | Fax: 786-260-0269
akapai@dunnlawpa.com

*Copies furnished to Amrit S. Kapai, Esq., who will serve a copy of the Order on all interested parties and file a certificate of service.*