**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS, LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC,

Debtors.
_______________________________/

Case No.: 24-14100-PDR
(substantively consolidated)
Chapter 7

**TRUSTEE MARCIA T. DUNN'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY WITH SUN 1318 CORP., MCC GROUP, LLC, BARILLAS HOLDINGS, LLC, AND HECTOR AND MIRIAN SERRANO**

Marcia T. Dunn, solely as Chapter 7 Trustee (the "Trustee") of the substantively consolidated bankruptcy estate of City Trust Investments, LLC, *et al.* (the "Estate"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-3(b), files her Motion to Approve Stipulation to Compromise Controversy with Sun 1318 Corp. ("Sun 1318"), MCC Group, LLC ("MCC"), and Barillas Holdings, LLC ("Barillas," and together with Sun 1318 and MCC, the "Lenders"), and Hector Serrano and Mirian Serrano (together, the "Serranos," and collectively with the Trustee and the Lenders, the "Parties") (the "Motion"), and in support thereof, states as follows:

**BACKGROUND**

1. On April 26, 2024, City Trust Investments, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On August 5, 2024, the Office of the United States Trustee (the "UST") filed a Motion to Dismiss or Convert Case [D.E. 132] and, on August 19, 2024, the Serranos filed a Motion to Convert Case to Chapter 7 [D.E. 136].

3. On August 30, 2024, the Court entered an Order Granting the Creditors' Motion to Convert Case to Chapter 7 [D.E. 143], and on September 3, 2024, the Court entered an Order Granting the UST's Motion to Convert Case to Chapter 7 [D.E. 144], and Marcia T. Dunn was appointed as Chapter 7 Trustee [D.E. 153].

4. On February 25, 2025, the Trustee filed a Motion to Substantively Consolidate Loreta Investments LLC; Gain 11 Investments, LLC; 14445 SW 289 ST LLC; and Citywide Property Management LLC (collectively, the "Sub Con Debtors") into the Estate [D.E. 261] (the "Sub Con Motion"). On September 23, 2025, the Court entered an order granting the Sub Con Motion and substantively consolidating the Sub Con Debtors into the Estate [D.E. 623].

5. The Lenders assert secured mortgage liens against the following real properties, which are alleged to be titled in the name of the Serranos (each a "Property," and collectively, the "Properties"):

a. 12611 SW 264th Street (Lender: MCC);

b. 30230 SW 149th Avenue (Lender: Sun 1318); and

c. 29904 SW 149th Court (Lender: Barillas).

6. The Properties are also the subject of the following foreclosure actions pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (collectively, the "Foreclosure Actions"):

a) *MCC Group LLC v. Loreta Investments LLC, et al.*, Case No. 2023-024647-CA-01;
b) *Sun 1318 Corp. v. Loreta Investments LLC, et al.*, Case No. 2023-024806-CA-01; and
c) *Barillas Holdings LLC v. Loreta Investments LLC, et al.*, Case No. 2024-007386-CA-01.

7. The Court entered a Final Judgment Against the Serranos in favor of the Trustee [D.E. 653] (the "Final Judgment"), which remains outstanding. The Trustee asserts a claim and interest in the Properties, including, but not limited to, through a recorded judgment lien. Based on the Parties' current understanding of the value of the Properties relative to the Lenders' asserted secured claims, the Properties appear to contain potential equity above those claims.

8. To avoid the high cost and uncertainties of litigation, the Parties agreed to settle pending and prospective disputes related to the Properties and to address the Properties through a framework contemplating potential sales pursuant to 11 U.S.C. § 363.

**THE PROPOSED SETTLEMENT**

9. Accordingly, and in light of, among other things, the expense and uncertainty of litigation, and in order to provide for the expeditious administration of this Estate, the Parties have reached a settlement regarding the Properties (the "Proposed Settlement"). The Proposed Settlement is embodied in the Stipulation to Compromise Controversy (the "Stipulation"), a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated herein by reference.[1]

10. Section 363 Sale Framework. Under the Stipulation, the Trustee will seek to sell the Properties pursuant to 11 U.S.C. § 363, subject to the following framework: (a) the Estate will receive a carve-out from the gross sale price of each Property equal to 15% if the Property sells for $485,000.00 or less, 20% if the Property sells for between $485,000.00 and $541,000.00, and 25% if the Property sells for over $541,000.00; (b) if the Trustee receives a bulk offer to purchase all three Properties, the purchase price will be allocated among the Properties on a pro rata basis using the following agreed percentages of value: 12611 SW 264th Street – 36.5%; 29904 SW 149th Court – 31.7%; and 30230 SW 149th Avenue – 31.7%; and (c) at the closing of the sale of

[1] The following is a summary of the key terms of the Proposed Settlement. The terms of the Stipulation control and all parties are urged to review same. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Stipulation.

the Properties, the Trustee will receive $6,000 in the aggregate from the sale proceeds to reimburse the Estate for administrative expenses incurred.

11. Serranos' Consent and Cooperation. The Serranos consent to the sale of the Properties under § 363 and agree to reasonably cooperate with the Trustee and her professionals in the marketing and sale process, including by providing access to the Properties for inspections and showings, providing rent rolls, tenant information, and other information reasonably requested, and executing customary sale documentation. In consideration, the Serranos will receive a credit against the Final Judgment in the amount of (i) any carve-out received by the Trustee in connection with the sale of the Properties, plus (ii) an additional credit of $27,000 per Property.

12. No Deficiency Claims. The Lenders agree that no in personam liability, deficiency claims, or deficiency judgments will be sought or entered against the Debtor or the Sub Con Debtors in connection with the loans, mortgages, or foreclosure actions relating to the Properties. The Lenders further acknowledge that the Serranos are not obligors under the promissory notes or mortgages held by the Lenders with respect to the Properties and that no such claims exist against the Serranos with respect to the Properties, without waiving any rights the Lenders may have against the Serranos under any separate agreement.

13. Releases and Other Terms. Upon completion of the § 363 sale and distribution of proceeds under the Stipulation, the Trustee (on behalf of the Estate) and the respective Lenders will exchange mutual releases of claims in connection with the Properties. The releases are strictly limited to this Estate, the Properties, the related foreclosure actions, and claims directly relating to them, and do not extend to any other estates, claims, causes of action, properties, or transactions. The Stipulation further provides that neither it nor any order approving it will have any preclusive,

evidentiary, or adjudicative effect in any other matter, and contains customary provisions regarding default, enforcement, attorneys' fees, and assignment of the Trustee's rights.

## LEGAL STANDARD FOR SETTLEMENT

14. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

15. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602–03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), *cert. denied sub nom. Stein v. McGrath*, 306 U.S. 636 (1939)). The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983)). According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a) the probability of success in the litigation;
>
> (b) the difficulties, if any, to be encountered in the matter of collection;
>
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d at 602, *quoted in Arrow Air*, 85 B.R. at 891.

16. Because, among other things, the Proposed Settlement: (a) avoids the expense, delay, and uncertainty of litigating the Parties' competing claims and interests in the Properties, including in the related foreclosure actions; (b) provides the Estate with a carve-out of between 15% and 25% of the gross sale price of each Property sold, plus $6,000 in reimbursement of administrative expenses; (c) secures the Serranos' consent to and cooperation with the marketing and sale of the Properties; (d) eliminates any in personam liability, deficiency claims, or deficiency judgments against the Debtor and the Sub Con Debtors relating to the Properties; and (e) establishes an orderly framework for the sale of the Properties without further expenditure of Estate resources on litigation, the Trustee believes that the Proposed Settlement satisfies the standards set forth in *In re Justice Oaks II, Ltd.*, and therefore recommends approval of the settlement as fair and reasonable, within the reasonable range of possible litigation outcomes, and in the best interests of the Estate and its creditors. In addition, the Proposed Settlement minimizes additional administrative expenses to the Estate, preserves Estate assets that would otherwise be consumed by litigation, will increase the funds available for distribution to creditors, and will facilitate the efficient administration of this bankruptcy case.

17. Pursuant to Local Rule 9013-3(b)(2), a copy of the proposed Order is attached hereto as **Exhibit "B."**

**WHEREFORE**, Marcia T. Dunn, solely as Chapter 7 Trustee of the substantively consolidated bankruptcy estate of City Trust Investments, LLC, *et al.*, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) approving the Proposed Settlement and the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2026

Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
akapai@dunnlawpa.com

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 1, 2026, a true and correct copy of the foregoing was served via electronic transmission to those parties registered to receive CM/ECF in this case; and via U.S. Mail to all parties on the mailing matrix.

By: */s/ Amrit S. Kapai*
Amrit S. Kapai, Esq.
Florida Bar No. 1032794

# EXHIBIT “A”

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CITY TRUST INVESTMENTS, LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC,

Debtors.
_________________________________/

Case No.: 24-14100-LMI
(substantively consolidated)

Chapter 7

**STIPULATION TO COMPROMISE CONTROVERSY**

This Stipulation to Compromise Controversy ("Stipulation") is entered into between Marcia T. Dunn, solely as Chapter 7 Trustee ("Trustee") of the consolidated bankruptcy estate (the "Estate") of City Trust Investments, LLC, *et al.*; Sun 1318 Corp, MCC Group, LLC, and Barillas Holdings, LLC (the "Lenders,"); and Hector Serrano and Mirian Serrano (together, the "Serranos"); collectively referred to herein as the "Parties", on the Effective Date (as defined below)..

WHEREAS, on April 26, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case");

WHEREAS, on September 3, 2024, this Court entered an Order converting the Debtor's case to a Chapter 7 proceeding [D.E. 144];

WHEREAS, Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtor's Estate [D.E. 153];

WHEREAS, on February 25, 2025, the Trustee filed a *Motion to Substantively Consolidate Loreta Investments LLC; Gain 11 Investments, LLC; 14445 SW 289 ST LLC; and Citywide Property Management LLC in this Estate* [D.E. 261], the "Sub Con Motion;" Loreta Investments

LLC, Gain Investments, LLC, 14445 SW 289 ST LLC, and Citywide Property Management LLC shall be referred to collectively as the "Sub Con Debtors"];

WHEREAS, on July 11, 2025 the Court made substantive rulings on the Sub Con Motion affecting the Parties and the subject matter of this Stipulation by virtue of an *Agreed Order Resetting Evidentiary Hearing, Establishing Related Deadlines, and Addressing Other Matters* [D.E. 521];

WHEREAS, on September 23, 2025, the Court entered an order granting the Sub Con Motion [D.E. 623] and substantively consolidating the Sub Con Debtors into the Estate;

WHEREAS, the Lenders assert secured mortgage liens against various Properties (as defined herein) alleged to be titled in the name of the Serranos;

WHEREAS, the Trustee asserts a claim and interest in the Properties (as defined herein), including, but not limited to, through a recorded judgment lien;

WHEREAS, the following properties (each a "Property," and collectively, the "Properties") appear to contain potential equity above the secured claims asserted by the Lenders, based on the Parties' current understanding of the value of the properties relative to the secured claims asserted by the Lenders:

- 12611 SW 264th Street (Lender: MCC Group, LLC)
- 30230 SW 149th Avenue (Lender: Sun 1318 Corp.)
- 29904 SW 149th Court (Lender: Barillas Holdings, LLC)

WHEREAS, the Parties have agreed the Properties will be addressed through a framework contemplating potential sales pursuant to 11 U.S.C. § 363, as set forth in this Stipulation;

WHEREAS, to avoid the high cost and uncertainties of litigation, the Parties desire to settle pending and prospective disputes related to the Properties and agree that the resolution memorialized herein is the most efficient way to settle the issues between the Parties; and

WHEREAS, the Parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following:

1. **Effective Date**: This Stipulation shall be deemed effective upon the last party signing same, either by wet ink or electronically.

2. **Bankruptcy Court Approval**: The Parties agree that this Stipulation is subject to Bankruptcy Court approval pursuant to Fed.R.Bankr.P. 9019. The Trustee shall move for such approval within fourteen (14) days of the Effective Date.

3. **§ 363 Sale Framework**: The Parties agree that the Trustee shall seek to sell the Properties pursuant to 11 U.S.C. § 363, subject to the following framework:

   a. The Estate receives a carve-out from the gross sale price of each Property as follows: 15% if the Property sells for $485,000.00 or less; 20% if the Property sells for between $485,000.00 and $541,000.00; 25% if the Property sells for over $541,000.00.

   b. In the event the Trustee receives a bulk offer to purchase all three Properties, the parties agree that the purchase price shall be allocated among the Properties on a *pro rata* basis based on the following agreed percentages of value: 12611 SW 264th Street – 36.5%; 29904 SW 149th Court – 31.7%; and 30230 SW 149th Avenue – 31.7%.

   c. At the closing of the sale of the Properties, the Trustee shall receive $6,000 in the aggregate from the sale proceeds to reimburse the estate for

administrative expenses incurred.

4. **Consent to and Cooperation with Sale.** The Serranos hereby consent to the sale of the Properties pursuant to § 363 and agree to reasonably cooperate with the Trustee and her professionals in connection with the marketing and sale process. Such cooperation shall include, without limitation, providing access to the Properties for inspection and showings, providing rent rolls, tenant information, and any other information reasonably requested for marketing the Properties to potential third-party purchasers, and executing customary sale documentation reasonably necessary to facilitate the marketing, sale, and closing of the Properties.

In consideration for such cooperation and consent, the Serranos shall receive a credit against the *Final Judgment Against Hector Serrano and Mirian Serrano* [D.E. 653] entered in favor of the Trustee and against the Serranos in the amount of (i) any carve-out received by the Trustee in connection with the sale of the Properties, plus (ii) an additional credit of $27,000 per Property.

5. **Default**: in the event of a default under this Stipulation by any Party, including the failure to timely perform any obligation set forth herein, the non-defaulting Party shall be entitled to seek enforcement of this Stipulation from the Bankruptcy Court upon appropriate notice and motion. The defaulting Party shall be liable for all reasonable attorneys' fees and costs incurred by the non-defaulting Party in enforcing the terms of this Stipulation or otherwise remedying such default.

6. **No Preclusive Effect**: the Parties agree that this Stipulation and any order approving it shall have no preclusive, evidentiary, or adjudicative effect with respect to any issue in any other matter, including without limitation, issues relating to standing, avoidance claims, recovery claims, the reasonableness or recoverability of attorneys' fees and costs (including

seeking related discovery), or any other claims, defenses, or arguments that may be asserted by any Party in any other proceeding.

7. **No In Personam Liability/Deficiency Claims**: the Lenders agree that no in personam liability, deficiency claims, or deficiency judgments shall be sought or entered against any of the Debtor or the Sub Con Debtors, in connection with the loans, mortgages, or foreclosure actions relating to the Properties. The Lenders further acknowledge that the Serranos are not obligors under the promissory notes or mortgages held by the Lenders with respect to the Properties and no claims for in personam liability, deficiency claims, or deficiency judgments exist against the Serranos with respect to the Properties. Nothing herein shall be construed as a waiver of any rights or remedies the Lenders may have against the Serranos under any separate agreement or settlement between the Lenders and the Serranos, including the right to enforce the terms of any such agreement..

8. **Mutual Releases/Waiver of Claims:** Subject to Paragraph 9 below, upon the completion of the § 363 sale and distribution of proceeds in accordance with Paragraph 3, the respective Lenders and the Trustee agree to mutual releases and waiver of claims, demands, causes of action, or liabilities, whether known or unknown, suspected or unsuspected, that exist or may exist between the Trustee (on behalf of the Estate) and the Lenders in connection with the Properties.

9. **Limited Scope of Release**: any releases granted pursuant to Paragraph 8 of this Stipulation shall be strictly limited to this Estate and to the specific Properties identified herein and the related foreclosure actions, and to claims directly relating to the Properties and foreclosure actions, and shall not extend to any other estates, claims, causes of action, properties, or transactions.

10. **Other Provisions**: This Stipulation represents the entire understanding and agreement between the Parties hereto concerning the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.

A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

The provisions of this Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective employees, officers, directors, heirs, affiliates, successors, attorneys, legal and personal representatives of each party, and assigns, including any successor trustee is this case is converted to a case under any other chapter of the Bankruptcy Code. This Stipulation is not intended to confer any rights on individuals not parties hereto.

The Trustee's rights hereunder shall be assignable. In the event that the Trustee seeks to sell, assign or otherwise transfer her rights hereunder, the Trustee shall provide at least twenty-one (21) days' notice to all interested parties of any proposed disposition.

The Parties acknowledge and represent that they are represented by counsel in connection with this Stipulation, that they have had the opportunity to review and consider the terms of this Stipulation in English, and that their counsel has explained the terms of this Stipulation to them in Spanish to their satisfaction.

Time is of the essence as to all deadlines within this Stipulation. This Stipulation represents the full and complete understanding of the Parties. The Trustee believes that this Stipulation is in the best interest of the Estate. This Stipulation may be signed in counterparts.

**MARCIA T. DUNN, TRUSTEE**

______________________

Date: ______________________

**HECTOR SERRANO**

Hector Serrano

Date: ______________________

**MIRIAN SERRANO**

Mirian Serrano

Date: ______________________

**SUN 1318 CORP.**

______________________
By: NORBERTO MACEDA
Title: PRESIDENT

Date: ______________________

**MCC GROUP, LLC**

______________________
By: NORBERTO MACEDA
Title: MANAGER.

Date: ______________________

**BARILLAS HOLDINGS, LLC**

Gerardo Barillas
By:
Title: MGM

Date: 9/22/26

**MARCIA T. DUNN, TRUSTEE**

Marcia T. Dunn, Chapter 7 Trustee
Marcia T. Dunn, Chapter 7 Trustee (Sep 22, 2026 21:11:39 EDT)

Date: 09/22/26

**HECTOR SERRANO**

__________________________

Date: ______________________

**MIRIAN SERRANO**

__________________________

Date: ______________________

**SUN 1318 CORP.**

__________________________

By:
Title:

Date: ______________________

**MCC GROUP, LLC**

__________________________

By:
Title:

Date: ______________________

**BARILLAS HOLDINGS, LLC**

__________________________

By:
Title:

Date: ______________________

# Final - Stipulation to Compromise Controversy (Lenders - B Properties) (clean)

Final Audit Report 2026-09-23

| | |
|---|---|
| Created: | 2026-09-22 |
| By: | Lilly Rodriguez (lrodriguez@dunnlawpa.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA-efx--xa_sXXX1mwY9iR2VzpCnW3Rv2r |

## "Final - Stipulation to Compromise Controversy (Lenders - B Pr operties) (clean)" History

- Document created by Lilly Rodriguez (lrodriguez@dunnlawpa.com)
  2026-09-22 - 6:38:00 PM GMT

- Document emailed to Marcia T. Dunn, Chapter 7 Trustee (marcia.dunn@dunnlawpa.com) for signature
  2026-09-22 - 6:39:12 PM GMT

- Email viewed by Marcia T. Dunn, Chapter 7 Trustee (marcia.dunn@dunnlawpa.com)
  2026-09-22 - 6:40:20 PM GMT

- Document e-signed by Marcia T. Dunn, Chapter 7 Trustee (marcia.dunn@dunnlawpa.com)
  Signature Date: 2026-09-23 - 1:11:39 AM GMT - Time Source: server - Signature Appearance Selected: TYPE

- Agreement completed.
  2026-09-23 - 1:11:39 AM GMT

# EXHIBIT "B"

**<u>Exhibit "B"</u>**
***Proposed Order***

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

| | |
|---|---|
| CITY TRUST INVESTMENTS, LLC, LORETA INVESTMENTS, LLC, GAIN 11 INVESTMENTS, LLC, 14445 SW 289 ST LLC; AND CITYWIDE PROPERTY MANAGEMENT LLC, | Case No.: 24-14100-PDR (substantively consolidated) Chapter 7 |
| Debtors. ______________________________/ | |

**ORDER GRANTING TRUSTEE MARCIA T. DUNN'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY WITH SUN 1318 CORP., MCC GROUP, LLC, BARILLAS HOLDINGS, LLC, AND HECTOR AND MIRIAN SERRANO**

THIS CAUSE having come before the Court upon Trustee, Marcia T. Dunn's *Motion to Approve Stipulation to Compromise Controversy with Sun 1318 Corp., MCC Group, LLC, Barillas Holdings, LLC, and Hector and Mirian Serrano* (the "<u>Motion</u>") [D.E. __], and the movant by submitting this form of order having represented that the Motion was served on all required parties; the 21-day response time provided by Local Rule 9013-3(b) has expired; no one has filed, or served on the movant, a response to the Motion; and this form of order was attached as an exhibit to the Motion; and the Court having reviewed the Motion, the Stipulation attached as Exhibit "A" to the Motion (the "<u>Stipulation</u>"), and the Court file; having noted that no objections were filed; finding that the settlement meets the criteria set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th

Cir. 1990) and is in the best interests of the Estate; and finding that notice of the proposed compromise and settlement is sufficient under Bankruptcy Rules 9019 and 2002 and Local Rule 9013-3(b), it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached as Exhibit "A" to the Motion.

3. Without limiting the generality of the foregoing, the Trustee is authorized to: (a) take such actions; and (b) execute such documents, as she deems reasonable, necessary and/or desirable to effectuate the settlement.

4. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce same.

###

**Submitted by:**

Amrit S. Kapai, Esq.
Florida Bar No. 1032794
DUNN LAW, P.A.
*Counsel for Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
akapai@dunnlawpa.com

*Amrit S. Kapai, Esq. is directed to serve a copy of this Order on all interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of this Order.*